# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

a financial institution;

LAW OFFICES OF MARSHALL C. WATSON, P.A.

a/k/a CHOICE LEGAL GROUP, P.A.

a Florida Professional Association

    Defendants/

**TRIAL BY JURY DEMANDED**

## VERIFIED COMPLAINT

Plaintiff, John Pinson, hereby sues Defendants, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A., for his Complaint and does allege:

## PRELIMINARY STATEMENT

1. This is an action brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and, for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI); and for declaratory and injunctive relief.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.

3. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt and knowingly making false assertions of ownership in relation to the debt.

4. This is not Defendants first attempt to illegally collect this alleged but nonexistent debt.

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, 28 U.S.C § 1337, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6. All conditions precedent to the bringing of this action have been performed.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

8. Venue is proper because Plaintiff lives in Palm Beach County, Florida and Defendant's acts in that county gave rise to the cause of action asserted herein.

9. Venue is proper in the Southern District of Florida.

10. This is an action for damages under $5,000.00

## PARTIES

11. The Plaintiff in this lawsuit is John Pinson ("Pinson"), a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7).

12. Defendant JPMorgan Chase Bank, National Association ("CHASE"), upon information and belief is a financial institution authorized to do business in Palm Beach County in the State of

Florida, and may be served at its corporate offices: 1111 Polaris Parkway, Columbus, Ohio 43240, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) ;

13. Defendant Law Offices of Marshall C. Watson, P.A. a/k/a Choice Legal Group, P.A. ("WATSON"), upon information and belief is a Florida Professional Association authorized to do business in Palm Beach County in the State of Florida, and may be served at its Registered Agent: Paracorp Incorporated, 236 East 6th Avenue, Tallahassee, Florida 32303, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6);

14. Collectively "Defendants".

15. Defendant Law Offices of Marshall C. Watson, P.A. a/k/a Choice Legal Group, P.A.is a law firm in the business of collecting debts.

16. Defendants regularly uses the instrumentality of mail and telephone in a business the principal purpose of which is the collection of debts, and regularly attempts to collect debts alleged to be due another.

17. Defendants regularly collects or attempts to collect debts from consumers.

## FACTUAL ALLEGATIONS

*18.* On April 13, 2012, Plaintiff sent a letter to CHASE, questioning the debt and CHASE's authority to collect. *A copy of that letter is furnished as "Appendix A"*

19. The communications in question here are all related to the collection of a consumer debt.

20. On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors". *A copy of that letter is furnished as "Appendix B"*

21. On Saturday, July 28, 2012, at or about 3:00 PM, Barry A. Wolf on instruction of WATSON did come upon Pinson's property, show written instructions from WATSON to collect consumer information from Pinson asserting CHASE owned the debt and had authorized WATSON to collect on their behalf.

22. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

23. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

24. Pinson did not receive from Defendants the required FDCPA 15 U.S.C. §1692g disclosure notice within five day of Wolf's visit, or at any time thereafter.

25. On July 28, 2012, Pinson sent WATSON a dispute and debt validation letter via US Mail Certified # 7009 2820 0001 6165 9048 Return Receipt Requested. *A copy of that letter is furnished as "Appendix C"*

26. On July 30, 2012, Pinson did mail CHASE a dispute and debt validation letter via US Mail Certified # 7011 2970 0002 4191 6831 Return Receipt Requested, inadvertently dated July 23, 2012. *A copy of that letter is furnished as "Appendix D"*

27. On August 9, 2012, WATSON sent a letter, on law firm letterhead, asserting CHASE owned the debt and had authorized WATSON to collect on their behalf. *A copy of that letter is furnished as "Appendix E"*

28. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

29. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

30. On August 17, 2012, CHASE sent a letter to Pinson asserting CHASE owned the debt. *A copy of that letter is furnished as "Appendix F"*

31. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

32. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

33. Defendant continues to attempt to enforce and collect a non-existent debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.

34. Plaintiff alleges and incorporates the information in paragraphs 1 through 33.

35. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

36. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

37. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

38. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

39. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt;

40. Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

41. Defendants violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

42. Defendants violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector;

43. Defendants violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business;

44. Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

45. Defendants violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property;

46. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against each and every defendant for:

> (a) statutory damages of $1000.00 payable by Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A., pursuant to 15 U.S.C. §1692k;
>
> (b) fees and costs pursuant to 15 U.S.C. §1692k;
>
> (c) such other relief as may be just;
>
> (d) attorney's fees, if any.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANTS: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.

47. Plaintiff alleges and incorporates the information in paragraphs 1 through 46.

48. Plaintiff John Pinson is a consumer within the meaning of §559.55(2).

49. Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A., are debt collector within the meaning of §559.55(6).

50. Defendant violated §559.72(9) by claim, attempt, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, based on facts set forth in the above counts, Plaintiff demands judgment against each and every defendant for:

(a) statutory damages of $1000.00 payable by Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A., pursuant to Fla. Stat. § 559.77(2);

(b) fees and costs pursuant to Fla. Stat. § 559.77(2);

(c) such other relief as may be just;

(d) attorney's fees, if any.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated July 26, 2013

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

Service to:

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**
1111 POLARIS PARKWAY  - Delaware County
COLUMBUS, OH 43240

**LAW OFFICES OF MARSHALL C. WATSON, P.A. (Florida PA)**
**a/k/a CHOICE LEGAL GROUP, P.A.**
c/o Registered Agent:
PARACORP INCORPORATED
236 EAST 6TH AVENUE
TALLAHASSEE, FL 32303

## VERIFICATION

I, John Pinson, have read the foregoing complaint and examined any appendices referenced therein. The facts stated in the complaint are true. The appendices are true and fair copies of the recited instruments.

_____       July 26, 2013
John Pinson                                              date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this __26th__ day of July, 2013.

_____
Notary

My commission expires: 8/6/2013         seal



DEBORAH S GAMBARROTTI
COMMISSION # DD914593
EXPIRES AUG 6 2013
BONDED THROUGH
RLI INSURANCE COMPANY

## Table of APPENDICES

| Title | Document | Page Nos. |
|---|---|---|
| "Appendix A" - | April 13, 2012 letter from Pinson to CHASE | 1-2 |
| "Appendix B" - | June 1, 2012 letter from CHASE to Pinson | 3-4 |
| "Appendix C" - | July 28, 2012 letter from Pinson to WATSON | 5-6 |
| "Appendix D" - | July 30, 2012 letter from Pinson to CHASE | 7-8 |
| "Appendix E" - | August 9, 2012 letter from WATSON to Pinson | 9-16 |
| "Appendix F" - | August 17, 2012 letter from CHASE to Pinson | 17-19 |