FILED by _____ D.C.

AUG 27 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 9:13-cv-80720-KAM

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

a financial institution;

LAW OFFICES OF MARSHALL C. WATSON, P.A.

a/k/a CHOICE LEGAL GROUP, P.A.,

a Florida Professional Association:

CPCC Delaware Business Trust

a/k/a CPCC Delaware Statutory Trust,

An unknown entity,

    Defendants/

**TRIAL BY JURY DEMANDED**

## PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

Plaintiff, John Pinson, hereby sues Defendants, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST, for his Complaint and does allege:

17. Defendants regularly uses the instrumentality of mail and telephone in a business the principal purpose of which is the collection of debts, and regularly attempts to collect debts alleged to be due another.

18. Defendants regularly collects or attempts to collect debts from consumers.

## FACTUAL ALLEGATIONS

19. On April 13, 2012, Plaintiff sent a letter to CHASE, questioning the debt and CHASE's authority to collect. *A copy of that letter is furnished as "Appendix A"*

20. The communications in question here are all related to the collection of a consumer debt.

21. On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors". *A copy of that letter is furnished as "Appendix B"*

22. On July 23, 2012, Pinson sent CPCC a dispute and debt validation letter via US Mail Certified # 7011 2970 0002 4191 6770 Return Receipt Requested. A copy of that letter is furnished as "Appendix C"

23. On Saturday, July 28, 2012, at or about 3:00 PM, Barry A. Wolf on instruction of WATSON did come upon Pinson's property, show written instructions from WATSON to collect consumer information from Pinson asserting CHASE owned the debt and had authorized WATSON to collect on their behalf.

24. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

25. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST

37. Plaintiff alleges and incorporates the information in paragraphs 1 through 36.

38. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

39. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

40. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

41. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

42. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt;

43. Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

44. Defendants violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

45. Defendants violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and

that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector;

46. Defendants violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business;

47. Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

48. Defendants violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property;

49. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against each and every defendant for:

(a) statutory damages of $1000.00 payable by Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST, pursuant to 15 U.S.C. §1692k;

(b) fees and costs pursuant to 15 U.S.C. §1692k;

(c) such other relief as may be just;

(d) attorney's fees, if any.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANTS: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST

50. Plaintiff alleges and incorporates the information in paragraphs 1 through 49.

51. Plaintiff John Pinson is a consumer within the meaning of §559.55(2).

52. Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST, are debt collector within the meaning of §559.55(6).

53. Defendant violated §559.72(9) by claim, attempt, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against each and every defendant for:

(a) statutory damages of $1000.00 payable by Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A.; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST, pursuant to Fla. Stat. § 559.77(2);

(b) fees and costs pursuant to Fla. Stat. § 559.77(2);

(c) such other relief as may be just;

(d) attorney's fees, if any.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated August 26, 2013

Respectfully Submitted,

*[signature]*

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com


Service to:

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**
1111 POLARIS PARKWAY   - Delaware County
COLUMBUS, OH 43240

**LAW OFFICES OF MARSHALL C. WATSON, P.A.**
**a/k/a CHOICE LEGAL GROUP, P.A.**
*c/o Registered Agent:*
PARACORP INCORPORATED
236 EAST 6TH AVENUE
TALLAHASSEE, FL 32303

**CPCC DELAWARE BUSINESS TRUST**
**a/k/a CPCC DELAWARE STATUTORY TRUST**
*c/o Registered Agent:*
CT Corporation Systems
1200 South Pine Island Road
Plantation, Florida 33324

## VERIFICATION

I, John Pinson, have read the foregoing complaint and examined any appendices referenced therein. The facts stated in the complaint are true. The appendices are true and fair copies of the recited instruments.

_____    August 27, 2013
John Pinson                                       date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 27th day of August, 2013.

_____
Notary

My commission expires: Feb 12, 2015          seal



KYMBERLY MARKS
Notary Public - State of Florida
My Comm. Expires Feb 12, 2015
Commission # EE 60143
Bonded Through National Notary Assn.

## Table of APPENDICES

| Title | Document | Page Nos. |
|---|---|---|
| "Appendix A" - | April 13, 2012 letter from Pinson to CHASE | 1-2 |
| "Appendix B" - | June 1, 2012 letter from CHASE to Pinson | 3-4 |
| "Appendix C" - | July 23, 2012 letter from Pinson to CPCC | 5-6 |
| "Appendix D" - | July 28, 2012 letter from Pinson to WATSON | 7-8 |
| "Appendix E" - | July 30, 2012 letter from Pinson to CHASE | 9-10 |
| "Appendix F" - | August 9, 2012 letter from WATSON to Pinson | 11-18 |
| "Appendix G" - | August 17, 2012 letter from CHASE to Pinson | 19-21 |