136553

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.:  9:13-cv-80720-KAM

JOHN PINSON,

  Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., a
financial institution,
LAW OFFICES OF MARSHALL C.
WATSON, P.A. a/k/a CHOICE LEGAL
GROUP, P.A., a Florida professional
association; and
CPCC DELAWARE BUSINESS TRUST A/K/A
CPCC DELAWARE STATUTORY TRUST, an
unknown entity,

  Defendants.

_____/

**DEFENDANT, LAW OFFICES OF MARSHALL C. WATSON, P.A.
A/K/A CHOICE LEGAL GROUP, P.A.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**

COMES NOW, the Defendant, LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A. ("Choice Legal"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, and hereby respectfully requests that the Court dismiss, *with prejudice*, the Plaintiff, JOHN PINSON's

Case No.: 9:13-cv-80720-KAM

("Pinson" or the "Plaintiff"), First Amended Verified Complaint (the "Amended Complaint") [D.E. 6]. In support thereof, Choice Legal incorporates the following memorandum of law:

## MEMORANDUM OF LAW

### INTRODUCTION

1. Plaintiff filed his Amended Complaint [D.E. 6] on or about August 28, 2013, alleging two (2) counts against the Defendants, generally, without delineating the precise conduct allegedly undertaken by each Defendant.

2. Plaintiff's Count I is for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), while Count II alleges a violation of the Florida Consumer Collection Practices Act ("FCCPA"). *See generally* D.E. 6.

3. Plaintiff's claims appear to arise from communications between him and Defendants, with respect to his loan with Defendant JPMorgan Chase Bank, National Association ("Chase"). *See* Amended Complaint, at ¶¶19-24 [D.E. 6].

4. However, Plaintiff does not allege any attempts to collect that debt on the part of Choice Legal or any other Defendant. Indeed, Plaintiff does not assert requests or demands for payment directed to him, and none of the correspondence attached to his pleadings reflects such a request. Rather, the letters between Plaintiff and Defendants evidence nothing more than the Plaintiff's requests for verification of the debt and other information, and the Defendants' supplying that information to him. *See generally* D.E. 6-1.

5. Further, it is apparent that Plaintiff's aforementioned requests for information were simply an effort on his part to raise baseless objections to the validity of the underlying debt. Plaintiff requests information concerning the ownership of his debt and asserts that the same is necessary to show that he has "…some contractual obligation to pay," notwithstanding

2

that Chase is clearly the servicer of the loan with the right to receive payments and enforce the obligation.  *See* "Appendices B, D & E" to Amended Complaint [D.E. 6-1].  As appears from the "Appendices" to the Amended Complaint, Plaintiff had an enforceable loan with Chase and had even attempted to apply for a modification of that loan.  *See* D.E. 6-1, at p. 2 ("Appendix A").

## DISCUSSION

I.     MOTION TO DISMISS STANDARD.

When considering a motion to dismiss under Rule 12(b)(6), the Court should accept as true all well-pled factual allegations in the complaint and construe them in the light most favorable to the plaintiff – within reason.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference'") (citation omitted); *Castro v. Secretary of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006).  While a complaint need not contained detailed factual allegations to survive a motion to dismiss, Fed.R.Civ.P. 8 requires that the pleader give a "short and plain statement showing that the pleader is entitled to relief," such as to give the defendant fair notice of what is alleged, and to raise the plaintiff's purported right to relief above a merely speculative level.  *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Sinaltrainal*, 578 F.3d at 1260-61.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Twombley*, 550 U.S. at 555).  Although the courts are somewhat more liberal in construing the pleadings of *pro se* plaintiffs, "…even a *pro se* litigant must allege the essential elements of a claim for relief, and vague and conclusory allegations are insufficient to state a claim."  *Michaels v. Satish*, 2011 WL 3439250, at *2 (S.D. Fla. Jul. 18, 2011) (not

reported); *see also Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458, 459 (11th Cir. 2009) ("However, our 'duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]'") (citation omitted).

The Plaintiff's allegations here fail to satisfy even that standard, and further, there is no plausible construction of those allegations – or indeed, any conceivable set of facts Plaintiff could allege – that would be sufficient to state a claim against Choice Legal.  As such, dismissal of the Amended Complaint [D.E. 6], with prejudice, is the appropriate remedy.  *See Marshall County Bd. of Education v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action").

II.     PLAINTIFF'S COUNT I DOES NOT STATE A CLAIM FOR VIOLATION OF 15 U.S.C. § 1692 (FDCPA) AGAINST CHOICE LEGAL.

In order to state a claim for relief under the FDCPA, the Plaintiff must allege facts which, if taken as true, are sufficient to demonstrate that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002) (*citing Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000)).  As the first prong of the foregoing test acknowledges, activities arising outside the context of debt collection are not subject to the FDCPA; rather, "…the FDCPA only regulates debt collection activity."  *Robb v. Rahi Real Estate Holdings, LLC*, 2011 WL 2149941, at *6 (S.D. Fla. May 23, 2011).  Actions taken in the course of enforcing security interests (such as through the foreclosure process), do

not constitute debt collection. *See Diaz v. Florida Default Law Group, P.L.*, 2011 WL 2456049, at *2-3 (M.D. Fla. Jan. 3, 2011) (not reported); *Warren*, 342 Fed.Appx. at 460.

Here, the Plaintiff's "allegations" in Count I are nothing more than a litany of asserted statutory violations, formulaically pled in the precise language of the FDCPA, and without offering factual support for Plaintiff's bare legal conclusions. *See* Amended Complaint, at ¶¶40-49 [D.E. 6]. As such, those paragraphs are wholly insufficient to support a cause of action, and should not be given any weight or consideration in the Court's analysis. They are the prototypical "'naked assertions' devoid of 'further factual enhancement'" that are unequivocally prohibited by the federal pleading standard. *See Ashcroft*, 556 U.S. at 678 (*citing Twombley*, 550 U.S. at 557). Plaintiff has failed to give Choice Legal fair notice of the factual basis upon which its claim rests, which warrants dismissal of Count I.

Nor does reference to the Plaintiff's general factual allegations supply any basis for a claim against Choice Legal. Indeed, the letters upon which Plaintiff appears to rely were not even written by Choice Legal, and therefore cannot support a claim against it. *See* Amended Complaint, at ¶¶19-22 [D.E. 6] (referring to "Appendices A-C" thereto). The only allegation of any conduct by Choice Legal, offered anywhere in Plaintiff's Amended Complaint [D.E. 6], is in paragraph 23: "On Saturday, July 28, 2012, at or about 3:00 P.M., Barry A. Wolf on instruction of WATSON did come upon Pinson's property, show written instructions from WATSON <u>to collect consumer information from Pinson</u> asserting CHASE owned the debt and had authorized WATSON to collect on their behalf" (emphasis added). Plaintiff does not link that single assertion of fact to *any* of the claimed violations of FDCPA, and does not identify how it constitutes a violation of the statutory provisions parroted in paragraphs 40 through 49 of the Amended Complaint [D.E. 6]. *See, e.g., Nawab v. Bank of America*, 2012 WL 2917852, at *1

5

(M.D. Fla. Jul. 17, 2012) (not reported) ("In lieu of outlining what would hypothetically be a FDCPA violation, Plaintiff must allege facts that show how Defendant has in fact violated the FDCPA") (emphasis in original).

The foregoing allegation, moreover, does not support an FDCPA claim under any of the Plaintiff's variety of legal theories. The Plaintiff himself recognizes that Choice Legal's purpose in allegedly instructing Mr. Wolf was *not* to collect upon a debt, but to *obtain information*. See D.E. 6, at ¶23. Any assertions made by that individual as to who owned the debt and who was authorized to collect it are therefore insufficient to state a claim under FDCPA, because the Plaintiff alleges no facts, whatsoever, to support that they were made in the context of an attempt to collect a debt.[1] There is no allegation that Mr. Wolf, in visiting the property, requested payment of the debt, threatened the Plaintiff in any manner, or otherwise attempted to further the collection of the debt owed by Plaintiff. *See, e.g., Meier v. Deutsche Bank Trust Co. Americas*, 2012 WL 1288764, at *2 (M.D. Fla. Apr. 16, 2012) (not reported) (dismissing claim with prejudice because "[t]he facts plaintiff alleges, while sparse, fall within the conduct which is not 'debt collection' under the FDCPA"). The Court is empowered to decide, as a matter of law, that the activities alleged by the Plaintiff do not constitute "debt collection," and to dismiss the claim for that reason. *See Acosta v. Campbell*, 309 Fed.Appx. 315, 318 (11th Cir. 2009) ("Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law"). Because the Plaintiff's own allegations preclude any viable cause of action under FDCPA, the Court should dismiss Count I, with prejudice. *See, e.g., Robb*, 2011 WL 2149941, at *6-7 (dismissing FDCPA claim with prejudice).

---

[1] On the facts alleged, it is far more plausible to infer that any entry onto the Plaintiff's property was for the purpose of collecting information necessary for a foreclosure action, rather than for collection efforts. In any event, it is incumbent upon Plaintiff to aver sufficient facts to demonstrate that the FDCPA applies to his allegations.

III.      THE AMENDED COMPLAINT MAKES PLAIN THAT CHOICE LEGAL HAS NOT VIOLATED THE FCCPA (COUNT II).

Further, the Plaintiff's allegations are insufficient to state a claim for violation of the FCCPA, and are contradicted by the exhibits to the Amended Complaint [D.E. 6].  Plaintiff does not even specifically allege that Choice Legal violated Section 559.72; instead, his allegation improperly lumps together both Defendants and again, merely tracks the language of the statute: "Defendant violated §559.72 by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist."  Amended Complaint, at ¶53 [D.E. 6].

For comparison, Section 559.72 provides that

> In collecting consumer debts, no person shall … (9) Claim, attempt, or threaten to enforce a debt when such person <u>knows</u> that the debt is not legitimate, or assert the existence of some other legal right when such person <u>knows</u> that the right does not exist.

Fla. Stat. § 559.72(9) (emphasis added).

Based on the plain language of the foregoing Section, this Court and others have held that a plaintiff must allege (and later prove) *actual knowledge* on the part of the defendant that its claim was not legitimate.[2]  *See Bentley v. Bank of America, N.A.*, 773 F.Supp.2d 1367, 1372-73 (S.D. Fla. 2011) (*citing Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009) (not reported) ("To establish a violation under [Section 559.72(9)], it must be shown that a legal right that did not exist was asserted and that the person had actual

---

[2]      In determining this question of state statutory law, this Court should decide the way that it appears the state's highest court would.  *Ernie Haire Ford., Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001).  "Where the state's highest court has not spoken to an issue, a federal court 'must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'"  *Id.* (citation omitted).  In this case, it appears that the federal district court decisions cited herein have interpreted Section 559.72 precisely the way that Florida's district courts of appeal have, and there is no reason to believe that the Florida Supreme Court would interpret the unambiguous language of Section 559.72(9) any differently.  *See Read v. MFP, Inc.*, 85 So.3d 1151, 1155 (Fla. 2d DCA 2012); *Williams v. Streeps Music Co., Inc.*, 333 So.2d 65, 67 (Fla. 4th DCA 1976).

knowledge that the right did not exist")); *Deutsche Bank National Trust Co. v. Foxx*, 2013 WL 5291128, at *4-5 (M.D. Fla. Sep. 19, 2013) (not reported); *In re Cooper*, 253 B.R. 286, 290 (N.D. Fla. 2000).

Here, the Plaintiff's allegation of a legal conclusion – without so much as a hint of any factual support for its assertion that Choice Legal knowingly asserted a non-existent right – is facially insufficient and warrants dismissal. The Amended Complaint [D.E. 6] in total gives Choice Legal no notice of what conduct it is alleged to have individually committed in violation of the FCCPA, nor even how the rights allegedly asserted do not exist. The Plaintiff's failure to advance separate allegations as to the separate Defendants (with enough detail to give each notice of the factual bases for its alleged violation) is a sufficient basis, standing alone, for dismissal of his Amended Complaint [D.E. 6]. *See, e.g., Snipes v. Alamance County Clerk of Courts*, 2013 WL 4833021, at *4 (M.D. N.C. Sep. 10, 2013) (slip op.) (*citing Bentley*, 773 F.Supp.2d at 1374-75).

Furthermore, the exhibits to the Amended Complaint [D.E. 6] reveal that a proper allegation of actual knowledge on the part of Choice Legal would be impossible. To the contrary, the mortgage debt that was the subject of correspondence with the borrower was, in fact, legitimate and enforceable by Chase. First, there is no allegation that the underlying debt did not exist; Plaintiff's exhibits would belie any such assertion.[3] *See, e.g., Pollock*, 2009 WL 2475167, at *9. Plaintiff's position appears to be that Defendants have violated Section 559.72 because the loan is owned by a public security and serviced by Chase, and therefore, Chase somehow does not have the right to collect on the loan – or to authorize Choice Legal to do so.

---

[3] *See* "Appendix A" to Amended Complaint [D.E. 6-1] ("Attached you will find a copy of statement dated June 24, 2011 from Law Offices of Marshall Watson P.A. related to reinstatement for mortgage when we applied for a loan modification. We were told by a Chase representative we must be delinquent to apply for Loan Modification program with Chase").

*See* Amended Complaint, at ¶24 [D.E. 6]. This "issue" with the ownership of the loan is entirely of the Plaintiff's own invention, and is nothing short of absurd.[4] Setting aside the merits of whether the loan is in fact enforceable by Chase, the exhibits to the Amended Complaint make unavoidably clear that Chase (and therefore, Choice Legal as its alleged collector), did not have actual knowledge of any impropriety or overreach. *See* "Appendix B" to Amended Complaint [D.E. 6-1] ("Your loan was sold into a public security managed by CPCC Delaware Business Trust and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf"); "Appendix G" ("We are responding to your letter we received on August 13, 2012 about the account above. Our understanding is that this loan is a valid and legally enforceable financial obligation with Chase").[5]

Accordingly, the Plaintiff's Amended Complaint [D.E. 6] is internally contradictory; the evidence that it has made part of its pleadings conclusively rebuts any suggestion of actual knowledge on the part of Choice Legal. Accordingly, there is no construction of Plaintiff's present allegations that would support an FCCPA claim, and it is clear that Plaintiff cannot allege any set of facts that would suffice. *See, e.g., Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1312 (S.D. Fla. 2009) ("However, the Amended Complaint also shows that Citimortgage in fact did not know that the debt was invalid because they received statements on which they

---

[4] Notably, Section 559.72 is not specifically concerned with assertions of ownership, but prohibits statements that "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate," or assert other rights which are known to be non-existent. *See, e.g., Bentley*, 773 F.Supp.2d at 1373 ("In fact, Plaintiff admits that he had a mortgage loan … that he defaulted on the loan … and that the Defendants have servicing rights as to that loan … As such, it is unclear to the Court what illegitimate debt Defendants are alleged to have attempted to enforce or a [*sic*] how Defendants asserted legal rights that did not exist in violation of section 559.72(9)") (record citations omitted). As the servicer of the loan, Chase is entitled to enforce it.

[5] *See also* D.E. 6-1, at p. 12 ("Appendix F" to Amended Complaint) (payoff statements from Choice Legal, stating, "[p]ursuant to your request, we have contacted the creditor in order to obtain verification of the debt").

reasonably relied. Thus, the Amended Complaint itself is contradictory"). Count II of the Amended Complaint [D.E. 6] should be dismissed with prejudice.

WHEREFORE, the Defendant, LAW OFFICES OF MARSHALL C. WATSON, P.A. a/k/a CHOICE LEGAL GROUP, P.A., respectfully requests that the Court grant the instant motion, dismiss with prejudice the Plaintiff, JOHN PINSON's, First Amended Verified Complaint [D.E. 6], and order such other relief as is deemed equitable and just.

DATED: October 17, 2013.

Respectfully submitted,

/s/ Dale L. Friedman
Dale L. Friedman, Esquire
Florida Bar No.: 854646
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Email: dfriedman@conroysimberg.com
Tel.: (954) 961-1400 Broward
Fax.: (954) 967-8577
*Attorney for Choice Legal Group, P.A.*

Case No.:  9:13-cv-80720-KAM

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2013, the foregoing document was filed with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing was served this day on all counsel or parties of record on the Service List below, in the manner specified.

       s/ Dale L. Friedman
       Dale L. Friedman, Esquire

Case No.: 9:13-cv-80720-KAM

## SERVICE LIST

*PINSON, JOHN v. JP MORGAN CHASE BANK, ET AL.*
Case No. 9:13-cv-80720-KAM
United States District Court, Southern District of Florida

Thomas H. Loffredo, Esq.
Gray Robinson, P.A.
401 East Las Olas Boulevard,
Suite 1850
Ft. Lauderdale, FL 33131
Attorney for JP Morgan Chase Bank, N.A.
Phone: (954) 761-8111
Fax: (954) 761-8112
Email: tom.loffredo@gray-robinson.com
**Via CM/ECF electronic filing**

John Pinson
john@pinson.com
*Pro Se*
526 Westwood Road
West Palm Beach, Florida 33401
**Via First Class U.S. Mail**

CPCC Delaware Business Trust a/k/a CPCC
Delaware Statutory Trust,
c/o Registered Agent
CT Corporation Systems
1200 South Pine Island Road
Plantation, Florida 33324
**Via First Class U.S. Mail**