UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

    Plaintiff,

_____/

v.

    Case No. 9:13-cv-80720-KAM

JPMORGAN CHASE BANK, N.A., a
Financial institution, LAW OFFICES OF
MARSHALL C. WATSON, P.A. a/k/a
CHOICE LEGAL GROUP, P.A., a Florida
Professional association; and CPCC
DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

    The defendants, JPMorgan Chase Bank, N.A. ("Chase") and CPCC Delaware Business Trust ("CPCC") (together, the "Defendants"), file this Motion to Dismiss Amended Complaint *with prejudice*, pursuant to Fed. R. Civ. P. 12(b), and state:

Overview

    1.    Chase is the servicer of the plaintiff's loan (Acct. No. 0759) (the "Loan"), which is owned by a public security managed by CPCC. As the servicer of the Loan, Chase is authorized to handle any related concerns on behalf of the security. Chase explained this to the plaintiff in the response letter dated June 1, 2012, which the plaintiff attached as "Appendix B" to his First Amended Verified Complaint [DE 6].

    2.    The Defendants join in the motion to dismiss [DE 14] filed by the other defendant in this action—Marshall C. Watson, P.A. a/k/a Choice Legal Group, P.A. ("MW"), which also

represents Chase with respect to the Loan but not in this action.  The Defendants incorporate the motion by reference since basis for it applies to the Defendants with equal force and effect.

3.  The amended complaint seeks damages against the Defendants (a) pursuant to 15 U.S.C. § 1692k for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count 1), and (b) pursuant to Fla. Stat. § 559.77(2) for alleged violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq* (Count 2).

4.  It is subject to dismissal for the following procedural and substantive reasons, the latter of which compel that this action be dismissed with prejudice.

### Procedural Deficiencies

5.  As an initial matter, the plaintiff has failed to properly serve CPCC or file any proof of service on CPCC so the amended complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and (4).

6.  The amended complaint has several pleading deficiencies as well.  The numbered allegations begin with paragraph 17, and it is clear that the plaintiff excluded pages 2 and 3 from the filing.  The omission of those pages (which likely copy the numbered paragraphs from the original complaint) has caused the plaintiff to fail to allege the jurisdiction, venue, and parties and to omit defined terms that appear later in the pleading.  The plaintiff has also incorporated the allegations from the first count into the second count so that the second count incorporates irrelevant legal conclusions.  *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-1296 (11th Cir. 2002) (frowning upon "shotgun" pleadings that do this).  These deficiencies subject the complaint to dismissal pursuant to Fed. R. Civ. P. 12(b)(1)(2), and (6).

7.	While these infirmities may be corrected by the plaintiff through amendment and proper service, the plaintiff cannot correct the following substantive problems with his pleading.

<u>Substantive Deficiencies</u>

A.	*Failure to State a Cause of Action under the FDCPA and the FCCPA*

8.	The amended complaint fails to state a cause of action and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to meet the heightened pleading standard of Fed. R. Civ. P. 8(a)(2), as set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

9.	The Supreme Court in *Iqbal* described the two-pronged approach a court may take in considering a motion to dismiss. *Id.* at 1950. First, a court should disregard the allegations that are merely legal conclusions, which are not entitled to the assumption of truth. *Id.* Second, it should identify the well-pleaded factual allegations, assume their truthfulness, and determine whether they plausibly state a claim upon which relief may be granted. *Id.* A well-pleaded factual allegation is one that offers more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id* at 1949 (citations omitted).

10.	Here, the plaintiff has failed to allege *any* factual allegations that could support a violation of the FDCPA or the FCCPA, and the exhibits from which the allegations are based conclusively demonstrate that no cause of action could exist. "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *See Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir.2007); *Crenshaw v. Lister,* 556 F.3d 1283, 1292 (11th Cir.2009).

11.	The *only* factual allegations are contained in paragraphs 19-23, and they relate to correspondence between the plaintiff and MW and the plaintiff and Chase, which the plaintiff

3

attached as exhibits marked Appendix A-G, as well as an act by Mr. Barry Wolf on the instruction of MW to collect consumer information from Pinson. The correspondence between the parties consists of requests for specific information regarding the Loan and responses to those requests. There are no factual allegations containing any acts by CPCC.

12. Determining whether these allegations assert a plausible claim for relief "requires the reviewing court to draw on its judicial experience and common sense, " but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief. *Iqbal,* 129 S. Ct. at 1950 (citations omitted). In other words, the court must "draw the reasonable inference [from the factual content] that the defendant is liable for the misconduct alleged." *Id.* at 1949 (*quoting Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id* at 1949 (*quoting Twombly*, 550 U.S. at 556). Facts "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 1949 (*quoting Twombly,* 550 U.S. at 557).

13. The meager facts as plead, coupled with a review of the exhibits, do not plausibly demonstrate that the Defendants violated the FDCPA or the FCCPA in any way. In fact, they don't show that the Defendants (directly or indirectly through MW) *made any collection efforts at all*. Every letter to the plaintiff is in response to an inquiry from the plaintiff. And it is clear from a review of the letters from the plaintiff that he is engaging in tactics to avoid having to pay his debt. The plaintiff's allegation regarding Mr. Wolf—that he asserted that Chase owned the debt and had authorized [MW] to collect on their behalf" (*Amended Complaint.* ¶ 23)—does not support the legal conclusion that the statement was false (*Amended Complaint,* ¶ 24) because

4

Chase is the servicer of the Loan, authorized by the owner of the Loan to handle any concerns regarding it. *Appendix B*. Certainly, Chase could employ MW and MW could collect consumer information about the Loan and certainly such actions could not violate the FDCPA or the FCCPA since Mr. Wolf was merely seeking consumer information and not to collect the debt. *Amended Complaint, ¶ 23*.

14. The allegations in the counts themselves are mere recitations of the statutes. Count 1 of the amended complaint alleges bare-bones legal conclusions that are mere recitations of the violations of the FDCPA. *Amended Complaint, ¶¶ 40-49*. Count 2 of the amended complaint alleges the naked legal conclusion that "Defendant violated § 559.55(9) by claim, attempt, or threating to enforce a debt when such a person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist." *Amended Complaint, ¶ 53*.

15. Since the factual allegations do not (and since the exhibits upon with the allegations are based cannot) support any violations of the FCDCPA and the FCCPA, the complaint must be dismissed, *with prejudice*, pursuant to Fed. R. Civ. P. 12(b)(6).

B.   *The Defendants are not "Debt Collectors" and are not subject to the FDCPA*

16. The plaintiff cannot otherwise maintain a cause of action against the Defendants under Count 1 because they are immune from liability under the FDCPA.

17. Only a "debt collector" is subject to civil liability under 15 U.S.C. § 1692k ("Except as otherwise provided by this section, any **debt collector** who fails to comply with any provision of this subchapter with respect to any person is liable to such person…") (emphasis added). The section does not otherwise provide for liability against anyone other than a "debt collector."

5

18. A "debt collector" is defined in 15 U.S.C. § 1692a(6):

**(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.** Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. **The term does not include—**

…
> **(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity**
>> **(i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;**
>> (ii) concerns a debt which was originated by such person;
>> (iii) concerns a debt which was not in default at the time it was obtained by such person; or
>> (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

*Id.* (emphasis added).

19. Here, it is clear that Chase, as the servicer of the Loan, and CPCC, as the manager of the security that owns the Loan, are excluded from the definition of a "debt collector" since the factual allegations of their acts in the amended complaint could only be incidental to a bona fide fiduciary obligations with respect to the Loan. Accordingly, Count 1 must be dismissed *with prejudice*.

**WHEREFORE**, the Defendants request the entry of an order dismissing the amended complaint *with prejudice*, and for such other relief that is just and proper.

| | |
|---|---|
| Dated: October 24, 2013. | **GRAYROBINSON, P.A.**<br>401 E. Las Olas Blvd., Suite 1850<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 761-8111<br>Facsimile: (954) 761-8112<br>*Counsel for JPMorgan Chase Bank and CPCC Delaware Business Trust*<br><br>s/Patrick S. Scott<br>Thomas H. Loffredo<br>Florida Bar No.: 870323<br>thomas.loffredo@gray-robinson.com<br>Patrick S. Scott<br>Florida Bar No. 290025<br>patrick.scott@gray-robinson.com<br>Michael D. Lessne<br>Fla. Bar No. 0073881<br>michael.lessne@gray-robinson.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Notice was served electronically upon all parties that have registered for the CM/ECF service list this 24th day of October, 2013.

s/Patrick S. Scott
Patrick S. Scott
Fla. Bar No. 290025