# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.    9:13-cv-80720-KAM

John Pinson,

      Plaintiff

vs

**JPMORGAN CHASE BANK, N.A., et. al.**

      Defendants/

### PLAINTIFF'S SCHEDULING REPORT,

### PROPOSED DISCOVERY PLAN AND PROTECTIVE ORDER

Plaintiff *pro se* hereby submits his Scheduling Report pursuant to S.D. Fla. Local Rule 16.1.B.2-3 and the Court's August 1, 2013 Order [D.E. 5].

The Plaintiff *pro se* respectfully reports that the parties have conferred pursuant to the Court's Order. On November 12, 2013, the parties conducted a discovery conference, and held a separate scheduling conference, which occurred on December 9, 2013. The parties jointly filed for an enlargement of time including December 23, 2013, to file the Scheduling Report and Discovery Plan.

On December 19, 2013, the Plaintiff *pro se* has arrived at a settlement with the Defendant Law Office of Marshall Watson, P.A., a/k/a Choice Legal Group, P.A. [D.E 35].

The Plaintiff *pro se* was not able to reach an accord with the remaining defendants on the Discovery Plan or the Scheduling Order, and thus the Plaintiff *pro se* proposes the following:

    (a)    **Likelihood of Settlement**

        Plaintiff *pro se* made written settlement demand on Defendants individually.

Plaintiff *pro se* has reached a settlement with Marshall Watson/ Choice [D.E. 35].

The remaining Parties have yet to reach any agreement, but will continue to discuss, settlement.

(b)    **Likelihood of Appearance of Additional Parties**

At this time, the parties do not anticipate the appearance of additional parties but Plaintiff *pro se* reserves the right to join additional parties identified through discovery.

(c)    **Proposed Deadlines**

The Plaintiff *pro se* proposes that this case should be placed on a *Standard Track* and proposes the following deadlines:

(i)    Deadline to join other parties, to file motion for class certification, and to amend the pleadings:  120 days after the case is at issue;

(ii)    Deadline to file dispositive motions: 30 days before pretrial conference;

(iii)    Deadline to complete discovery:  60 days before pretrial conference;

(iv)    Deadline to exchange initial disclosures:  14 days after the case is at issue.

(d)    **Proposals for the Formulation and Simplification of Issues**

At this time, the parties have not made any decisions regarding simplification of issues or eliminating claims and defenses.

(e)    **Amendments to the Pleadings**

The parties do not anticipate any amendments at this time.

(f)    **Possibility of Obtaining Admissions of Fact and of Documents**

None at this time.  However, the parties will confer after discovery has been conducted regarding the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof,

stipulations regarding authenticity of documents, and the need for advance rulings from the Court on admissibility of evidence.

(g) **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None at this time.  However the parties will confer after discovery has been conducted regarding suggestions for the avoidance of unnecessary proof and of cumulative evidence.

(h) **Referral of Matters to Magistrate Judge or Master**

The Plaintiff *pro se* agrees to the referral of Discovery matters to the Magistrate Judge as ordered by the Court and reserve the right to appeal any rulings by the Magistrate Judge pursuant to the Federal Rules of Civil Procedure and the Local Rules.

(i) **Preliminary Estimate of Time Required for Trial**

The Plaintiff *pro se* estimates that **two (2) days are needed for trial**.

(j) **Requested Date for Pretrial Conference and Trial**

Plaintiff *pro se* requests pretrial conference in January 9, 2015.

**Plaintiff *pro se*'s claim is for Jury Trial** and the Plaintiff *pro se* expect to be ready for trial after February 13, 2015.

(k) **Discovery**

**SCOPE OF DISCOVERY**

The Plaintiff *pro se* believes that discovery of documents, electronically stored information, and tangible things, in addition to the disclosures required by Rule 26(a), will be necessary on Plaintiff *pro se*'s FDCPA claim and FCCPA claim. The Plaintiff *pro se* believes that this additional discovery will be completed within 60 days after the

case is at issue in accordance with the Plaintiff *pro se*'s proposed discovery plan & order, which is attached to this plan.

### DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The Plaintiff *pro se* believe that discovery of electronically stored information will be necessary. However, the parties have been unable to reach an agreement on the protocol for conducting such discovery. Therefore, the Plaintiff *pro se* (1) suggest that such discovery be conducted in accordance with the Plaintiff *pro se*'s proposed Discovery Plan & Order, which is attached to this plan, and (2) requests that the Court should enter the proposed order under Federal Rule of Civil Procedure 16(b).

(l)     **Claims of Privilege or Protection of Trial Preparation Materials**

The Plaintiff *pro se* anticipates that the claims in Plaintiff *pro se*'s FDCPA claim and FCCPA claims will involve the disclosure and discovery of a substantial amount of documents, electronically stored information, or tangible things. To facilitate the discovery of these materials and reduce costs and delays, the Plaintiff *pro se* (1) suggest that all claims of privilege, protection, or other exemption from discovery be asserted and resolved in accordance with the Plaintiff *pro se's* Discovery Plan & Order, which is attached to this plan, and (2) that the Court should enter the proposed order under Federal Rule of Civil Procedure 16(b).

(m)     **Conclusion**

All parties participated in the Discovery conference and Scheduling conference.

The Plaintiff *pro se* has arrived at a settlement with the Defendant Law Office of Marshall Watson, P.A., a/k/a Choice Legal Group, P.A. [D.E 35].

The Plaintiff *pro se* was unable to reach an accord with the remaining defendants on the Discovery Plan or the Scheduling Report, and therefore Plaintiff *pro se* submits this proposed Scheduling Report and Discovery Plan.

Dated: December 23, 2013                    Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed December 23, 2013

John Pinson

## Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131

Robert A. Bouvatte Jr., Esq.
rbouvatte@conroysimberg.com
Conroy, Simberg, P.A.
3440 Hollywood Blvd., Second Floor
Hollywood, FL 33021

Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendant:
JPMorgan Chase Bank, N.A.

Phone: (954) 961-1400
Fax: (954) 967-8577
Attorney for Defendant:
Law Office of Marshall Watson, P.A.,
a/k/a Choice Legal Group, P.A.

Patrick S. Scott, Esq.
patrick.scott@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendant:*
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.    9:13-cv-80720-KAM

**John Pinson,**

      Plaintiff

vs

**JPMORGAN CHASE BANK, N.A., et. al.**

      Defendants/

### <u>DISCOVERY PLAN AND ORDER</u>

Plaintiff *pro se,* John Pinson proposes the following discovery plan regarding the procedure for discovery and submits this plan to the Court for approval.

### <u>A. DEFINITIONS</u>

1.  The following definitions apply to this stipulated discovery plan and order:

    a.  Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

        (1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by the Sedona Conference

Glossary: E-Discovery & Digital Information Management (Third Edition) (2010).

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Sedona Conference Glossary: E-Discovery & Digital Information Management (Third Edition) (2010).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), servers, web servers, cloud servers and remote storage systems. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Sedona Conference Glossary: E-Discovery & Digital Information Management (Third Edition) (2010).

b. Parties. The term "parties" means the plaintiff and the defendant(s). The term "plaintiff" or "defendant(s)" as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose an obligation on any person who is not a party to the litigation.

## B. SCOPE OF DISCOVERY

2.  The presumptive limits on discovery as stated in the Federal Rules of Civil Procedure should apply in this case. Additionally, 10 preliminary interrogatories focused on the discovery of electronically stored information beyond the 25-interrogatory limit.

## C. ELECTRONICALLY STORED INFORMATION

### INFORMAL EXCHANGE OF INFORMATION

3.  The procedure for the informal exchange of information about electronically stored information in this case will be as follows:

    a.  A preliminary exchange of information about electronically stored information within 14 days of the case being at issue. The information exchange will include the identity of custodians of relevant electronically stored information; the identification of relevant electronic systems, including the nature, scope, character, organization, accessibility, and formats used in each system; and the identification of document-retention policies and the identity of persons responsible for those policies.

    b.  10 preliminary interrogatories focused on the discovery of electronically stored information beyond the 25-interrogatory limit. The parties will exchange questionnaires that include interrogatory-style questions about the architecture and operation of each party's computer and information systems and the identity of witnesses with knowledge of those systems.

### DISCLOSURE PROTOCOLS

1.  The parties stipulate that the protocols for the disclosure of electronically stored information in this case will be as follows:

a) The parties will exchange their initial disclosures under Rule 26(a)(1) which will be made  in in accordance with the FRCP and Local Rules and will be provided to opposing parties without demand within 14 days of the case being at issue.

b) The parties informal exchange of information about electronically stored information will include the identity of custodians of relevant electronically stored information; the identification of relevant electronic systems, including the nature, scope, character, organization, accessibility, and formats used in each system; and the identification of document-retention policies and the identity of persons responsible for those policies.

c) The parties informal exchange of information about electronically stored information will be provided to opposing parties without demand within 14 days of the case being at issue.

## DISCOVERY PROTOCOLS

2. The protocols for the discovery of electronically stored information will be as follows:

a) The parties agree to an electronic-information expert to perform on-site inspection of electronically stored information and retrieve electronically stored information. The expert will be subject to discovery requests of their findings.

b) The parties agree to make mirror images of relevant computers, portable hard drives, hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards), servers, web servers, cloud servers and remote storage systems.

c) The parties agree that the following sources will be used to retrieve electronically stored information: centralized repositories of EST; asking employees about what relevant ESI they have on specific topics.

d) The parties agree to limits on searches of electronically stored information. The parties agree to limit scope for searching electronically stored information to keyword searches and provide specific terms, names of individuals or business organizations, and data ranges.

e) The parties agree to the following forms of production of electronically stored information:

(1) produce in native format all relevant information currently maintained in a reasonably accessible format, that is, data that does not need to be restored or otherwise manipulated to be usable;

(2) identify, but do not immediately produce, information maintained in an inaccessible format, that is, data that must be restored before it can be accessed and used, and;

(3) provide a detailed statement about the ability to restore the information maintained in an inaccessible format.

### D. PRESERVATION OF PRIVILEGES & PROTECTIONS

1. The procedure for the preservation of privileges and protections will be as follows:

a) all documents, things and ESI for which a party claims privileged will noted in a privilege log following the procedures of the FRCP and Local Rules;

b) A party may request to examine a document asserted as privileged by entering into a protective order or requesting an in camera review;

c) if a party inadvertently discloses information that it later deems as privileged it may use the claw-back procedures outlined in the Proposed Protective Order for Inadvertent Disclosure Under Rule 502 as annexed to this discovery plan.

### E. OTHER DISCOVERY PROCEDURE

7. Generally, and where applicable, documents will be produced in .pdf format and be provided on cd-rom or dvd, and may additionally be e-mailed.


Approved:

_____
John Pinson, Plaintiff *pro se*


SO ORDERED on _____, 20___.



_____
U.S. DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.    9:13-cv-80720-KAM

**John Pinson,**

Plaintiff

vs

**JPMORGAN CHASE BANK, N.A., et. al.**

Defendants/

## PROPOSED PROTECTIVE ORDER

The Plaintiff *pro se* proposes to the following "clawback" procedure for any claim of inadvertent disclosure of hard-copy documents or electronically stored information (hereinafter "information") privileged under the attorney-client privilege or protected by the work-product doctrine. The parties stipulate to this procedure because of the large amount of information that is in the possession, custody, or control of the parties and to provide protection against inadvertent disclosure of information subject to the attorney-client privilege or work-product protection.

    1. If a party inadvertently discloses information that is subject to a claim of privilege or protection, the disclosure will not waive any privilege or protection that would otherwise attach to the information disclosed in the action.

    2. If a disclosing party learns of an inadvertent disclosure of information, the disclosing party must promptly provide all parties written notice of the inadvertent disclosure. The notice must identify the information and the date the information was disclosed.

    3. If a disclosing party provides written notice of a claim of inadvertent disclosure, the receiving party must, within 10 days, return, sequester, or destroy the information and any copies it has. The receiving party must provide a certification that the inadvertently disclosed information has been returned, sequestered, or destroyed and that it no longer has any copies of the information. If the receiving party distributed the information before receiving written notice from the disclosing party, the receiving party must take reasonable steps to retrieve the information and to prevent further distribution or use of the information until the claim is resolved.

    4. Within seven days of the written notice of the claim of inadvertent disclosure, the disclosing party must produce a privilege log for the inadvertently disclosed information.

    5. If the parties disagree about the claim of privilege or protection, the parties must meet and confer to resolve the dispute. If the dispute is not resolved, either party can present the

information to the Court for a determination of whether there has been a waiver of privilege or protection. The information must be filed under seal.

6. The disclosing party has the burden of establishing any claims of privilege or protection and satisfying the elements of Federal Rule of Evidence 502.

7. Any applicable claim of privilege or protection is not waived as to anyone who is not a party to this action by a disclosure connected with this action.

Approved:

_____
John Pinson, Plaintiff *pro se*

SO ORDERED on _____, 20___.

_____
U.S. DISTRICT JUDGE