UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN PINSON,

    Plaintiff,                                                                 Case No. 9:13-cv-80720-KAM

v.

JPMORGAN CHASE BANK, N.A., a
Financial institution, LAW OFFICES OF
MARSHALL C. WATSON, P.A. a/k/a
CHOICE LEGAL GROUP, P.A., a Florida
Professional association; and CPCC
DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW REPLYING TO RESPONSE
TO MOTION TO DISMISS AMENDED COMPLAINT**

        The defendants, JPMorgan Chase Bank, N.A. ("Chase") and CPCC Delaware Business Trust ("CPCC") (together, the "Defendants"), file their memorandum of law replying to the *pro-se* plaintiff John Pinson's response [DE 33] to the Defendants' motion to dismiss the plaintiff's amended complaint *with prejudice* [DE 17].

**Introduction**

        The plaintiff's 34-page response to the Defendants' motion to dismiss does not resolve the fatal substantive problems with the plaintiff's amended complaint for the following reasons:

        1.    the well-pleaded factual allegations, even if accepted as true, do not plausibly show that the Defendants violated the Fair Debt Collection Practices Act (FDCPA) or the Florida Consumer Collection Practices Act (FCCPA); and

    2.  the Defendants are not otherwise subject to liability under the FDCPA because they are not "debt collectors."

The Defendants' position—that the amended complaint fails to state a cause of action—is clearly set forth in their motion to dismiss, as well as in the motion to dismiss filed by the co-defendant Law Offices of Marshall C. Watson, P.A. a/k/a Choice Legal Group, P.A. ("Choice Legal") [DE 14], which the Defendants have incorporated by reference in their motion.  This reply is intended to clarify the issues for the court and to respond to the relevant arguments raised by the plaintiff in his response.  Additionally, and without conceding the insufficiency of service, CPCC has agreed to accept service and consents to the jurisdiction of this court.

## Failure to State a Cause of Action

  For purposes of a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the court considers whether the well-pleaded factual allegations in the complaint plausibly state a cause of action.  *Ashcroft v.* Iqbal, 129 S.C. 1937, 1950 (2009). The plaintiff has improperly attempted to supplement facts of this case through the "Statement of Facts" section of his response by adding additional legal conclusions, as well as irrelevant and prejudicial statements.  See, e.g., ¶¶ 7, 8, 9, 10, 11, 12, 15, 17, 18, 19, 21, and 23.   The plaintiff's only well-pleaded factual allegations are contained in paragraphs 19, 21, 22, 23, 27, 28, 29, 32, and 36 of the amended complaint [DE 9], and in the exhibits attached to the complaint (Appendix A-G of DE 6); while [aragraphs 20, 24, 25, 26, 30, 31, 33, 34, and 35 of the amended complaint are legal conclusions that should be disregarded, as follows:

## FACTUAL ALLEGATIONS

☑ *19. On April 13, 2012, Plaintiff sent a letter to CHASE, questioning the debt and CHASE's authority to collect. A copy of that letter is furnished as "Appendix A"*

20. The communications in question here are all related to the collection of a consumer debt.

☑ 21. On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors". *A copy of that letter is furnished as "Appendix B"*

☑ 22. On July 23, 2012, Pinson sent CPCC a dispute and debt validation letter via US Mail Certified # 7011 2970 0002 4191 6770 Return Receipt Requested. A copy of that letter is furnished as "Appendix C"

☑ 23. On Saturday, July 28, 2012, at or about 3:00 PM, Barry A. Wolf on instruction of WATSON did come upon Pinson's property, show written instructions from WATSON to collect consumer information from Pinson asserting CHASE owned the debt and had authorized WATSON to collect on their behalf.

24. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

25. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

26. Pinson did not receive from Defendants the required FDCPA 15 U.S.C. §1692g disclosure notice within five day of Wolf's visit, or at any time thereafter.

☑ 27. On July 28, 2012, Pinson sent WATSON a dispute and debt validation letter via US Mail Certified # 7009 2820 0001 6165 9048 Return Receipt Requested. *A copy of that letter is furnished as "Appendix D"*

☑ 28. On July 30, 2012, Pinson did mail CHASE a dispute and debt validation letter via US Mail Certified # 7011 2970 0002 4191 6831 Return Receipt Requested, inadvertently dated July 23, 2012. *A copy of that letter is furnished as "Appendix E"*

☑ 29. On August 9, 2012, WATSON sent a letter, on law firm letterhead, asserting CHASE owned the debt and had authorized WATSON to collect on their behalf. *A copy of that letter is furnished as "Appendix F"*

30. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

31. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

☑ 32. On August 17, 2012, CHASE sent a letter to Pinson asserting CHASE owned the debt. *A copy of that letter is furnished as "Appendix G"*

33. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

34. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

35. Defendant continues to attempt to enforce and collect a non-existent debt.

☑ 36. Plaintiff has not received Validation or response from CPCC.

The well-pleaded factual allegations (checked above), together with the exhibits, and even accepted as true, do not show any effort on the part of the Defendants to collect the debt. Instead, they merely show the plaintiff requesting and receiving information relating to his mortgage obligation, in an apparent attempt (a) to dispute liability for certain mortgage charges[1] following an attempt to apply for a modification and then (b) to dispute liability for the mortgage itself.

The roles of the co-defendants are clearly defined through the exhibits: CPCC is the owner of the debt (Appendix B), Chase is the servicer of the loan (Appendix B) authorized to handle any concerns relating to the loan, and Choice Legal is the legal counsel with respect to the debt (Appendix F). The well-pleaded allegations show that the only actions taken by Chase were to respond to the plaintiff's requests for information. The allegations show no actions taken by CPCC. And, as noted by Choice Legal in page 4 of its motion to dismiss, the only allegation of affirmative conduct offered against it is in paragraph 23 of the complaint, which only shows an attempt to collect *consumer information* and not an attempt to collect the debt.[2]

### No Claim Under the FDCPA

In his response, the plaintiff sets forth the elements to support a claim under the FDCPA: that the plaintiff has been the *object of debt-collection activity* arising from an alleged consumer debt, that the defendants are debt collectors, and that the defendants have violated the FDCPA. *Plaintiff's Response, ¶ 56*; see also *Fuller v. Becker & Poliakoff, P.A.,* 192 F.Sup.2d 1361,1366 M.D. Fla. 2002). As support, the plaintiff claims that he "was threatened in a written communication by Defendants with a collection action;" however, the factual allegations he

---

[1] The plaintiff references a statement in Appendix A, but did not attach a copy of that statement to the exhibit.

[2] Even if Choice Legal could be held to be liable for violations of the FDCPA or the FCCPA (which it legally cannot), the plaintiff has not set forth any basis to impose liability on the Defendants for Choice Legal's actions.

references (¶ 20 of the amended complaint and Appendixes F and G) do not support these claims.  *Plaintiff's Response, ¶ 57.*

The plaintiff then attempts to show particular violations of the FDCPA (¶¶ 58-78 of plaintiff's response), but each attempt fails because (a) the well-pleaded allegations do not reflect any debt collection activity and (b) because the Defendants are not debt collectors.  The plaintiff appears to rely on the standard notice provisions within the correspondence to evidence; however, this argument fails because the letters themselves are all in response to inquiries from the plaintiff and not attempts to collect the debt.

The FDCPA was meant to curb abusive debt collection practices[3], not to apply to exchange of correspondence relating to the servicing of a mortgage.  In *Warren v. Countrywide Home Loans, Inc.,* 342 Fed. Appx. 458 (11th Cir. 2009), the Eleventh Circuit explained:

> Notably, the FDCPA does not define "debt collection." *See id.* § 1692a. However, the plain language of the FDCPA supports the district court's conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g. *See id.* § 1692a(6). Indeed, the statute specifically says that a person in the business of enforcing security interests is a "debt collector" for the purposes of § 1692f(6), which reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act. *See Fla. Right to Life, Inc. v. Lamar,* 273 F.3d 1318, 1327 (11th Cir.2001) (recognizing the interpretive canon of *expressio unius est exclusio alterius,* which provides that "the expression of one thing implies the exclusion of another") (quotations omitted). Thus, if a person enforcing a security interest is not a debt collector, it likewise is reasonable to conclude that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act.

---

[3] As explained in *Robb v. Rahi Real Estate Holdings LLC,* 2011 WL 2149941, *6 (S.D. Fla. May 23, 2011):

> The Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. Specifically, "[t]he FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." *Acosta v. Campbell,* 309 Fed. App'x 315, 319 (11th Cir.2009) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f.)

2011 WL at *6.

*Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009). The Defendants' actions here do not fall within the ambit of debt collection.

Moreover, the Defendants are not "debt collectors." In *Robb*, the court held that the definition of "debt collector" did not apply to the foreclosing mortgagee and his counsel. *Robb v. Rahi Real Estate Holdings LLC,* 2011 WL 2149941, *6 (S.D. Fla. May 23, 2011). Relying on the *Warren,* the *Robb* court explained:

> As Plaintiffs note, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Contrary to Plaintiffs' assertions, see Compl. ¶¶ 49–52, this definition does not apply to Defendants. The Eleventh Circuit holds that a mortgage foreclosure action is not a debt collection activity under the FDCPA. Warren, 342 Fed. App'x at 461 (holding that enforcing a security interest through the foreclosure process is not debt collection for FDCPA purposes).

2011 WL at *6. The fact that the correspondence from Chase included standard notice language does not change the nature of the correspondence and turn Chase into a debt collector.

Further, as set forth in the Defendants' motion to dismiss, based on the roles of the parties as indicated in the Appendices, the Defendants would otherwise be excluded from the definition of "debt collector" by 15 U.S.C. § 1692a(6)(F).

For these reasons, Count I should be dismissed *with prejudice*.

## No Claim Under the FCCPA

Similarly, the plaintiff has no claim under the FCCPA. Though the plaintiff spends paragraphs 23 through 102 addressing the FCCPA, his well-pleaded factual allegations do not plausibly show that he has been the object of debt-collection activity or that the Defendants have violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt that they

knew was not legitimate or by asserting the existence of a right that the Defendants knew they did not have.

As set forth in Choice Legal's motion to dismiss, as adopted by the Defendants, a plaintiff must allege *actual knowledge* on the part of the defendant that its claim was not legitimate. *Choice Legal's Motion to Dismiss, Page 7 (*citations omitted). The plaintiff has failed to allege in the amended complaint any well-pleaded facts that show (a) that the Defendants have asserted a legal right that did not exist and (b) that the Defendants have actual knowledge that the right did not exist. See, e.g., *Pollock v. Bay Area Credit Service, LLC* 2009 WL 2475167, *9 (S.D. Fla. Aug. 13, 2009).

The amended complaint is internally contradictory because the Appendices rebut any suggestion of actual knowledge on the part of the Defendants; Chase could only have relied on its records in responding to the plaintiff's inquiries. *See Choice Legal's Motion to Dismiss, Page 7.* The Defendants submit that only reasonable inference that may be drawn against them is that Chase received and responded to correspondence from the plaintiff regarding the servicing of his mortgage. See *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1312 (S.D. Fla. 2009) ("Thus, the Amended Complaint itself is contradictory. Citimortgage could not have engaged in FCCPA violations since, according to its records, the $38,846.90 was rightfully owed and Plaintiff has failed to plead any facts which show otherwise.")

For these reasons, Count II should be dismissed *with prejudice*.

**WHEREFORE**, the Defendants request the entry of an order dismissing the amended complaint *with prejudice*.

Dated: January 6, 2014.

**GRAYROBINSON, P.A.**
401 E. Las Olas Blvd., Suite 1850
Fort Lauderdale, FL 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112
*Counsel for JPMorgan Chase Bank and CPCC Delaware Business Trust*

s/Thomas H. Loffredo
Thomas H. Loffredo
Florida Bar No.: 870323
thomas.loffredo@gray-robinson.com
Patrick S. Scott
Florida Bar No. 290025
patrick.scott@gray-robinson.com
Michael D. Lessne
Fla. Bar No. 0073881
michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Notice was served electronically upon all parties that have registered for the CM/ECF service list this 24th day of October, 2013.

s/Thomas H. Loffredo
Thomas H. Loffredo
Florida Bar No.: 870323

\823538\5200 - # 2692247 v1