UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80720-CIV-MARRA

JOHN PINSON,

Plaintiff,

vs.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution,
LAW OFFICES OF MARSHALL C. WATSON, P.A.,
a/k/a CHOICE LEGAL GROUP, P.A., a
professional association, CPCC DELAWARE BUSINESS
TRUST, a/k/a CPCC DELAWARE STATUTORY
TRUST,

Defendants.
_____/

## **ORDER**

This cause is before Defendants' Motion to Dismiss Amended Complaint (DE 17). The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On August 28, 2013, *pro se* Plaintiff John Pinson ("Plaintiff") filed a two-count Amended Complaint against Defendants JPMorgan Chase Bank, N.A., ("Chase") and CPCC Delaware Business Trust ("CPCC") (collectively, "Defendants")[1] for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (count one), and the Florida Consumer Collection Practices Act ("FDCPA"), Florida Statutes § 559 (count two). The Amended Complaint alleges

---

[1] The Amended Complaint was also filed against the Law Offices of Marshall C. Watson, P.A. ("Watson") but that Defendant was subsequently dismissed. (DE 47.)

the following:

On April 13, 2012, Plaintiff sent a letter to Chase stating it was a "[q]ualified [w]ritten [r]equest as defined by the Real Estate Settlement Procedures Act ("RESPA") for information regarding the servicing of this mortgage loan." (Am. Compl. ¶ 19; Apr. 13, 2012 letter from Pl. to Chase, Ex. A, DE 6-1.) On June 1, 2012, Chase sent a letter to Plaintiff stating, "Your loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a member of investors." (Am. Compl. ¶ 21, June 1, 2012 letter from Chase to Pl., Ex. B, DE 6-1.) On July 23, 2012, Plaintiff sent CPCC a "dispute and debt validation letter" which requested a validation that Plaintiff had a contractual obligation to pay CPCC.[2] (Am. Compl. ¶ 22; July 23, 2012 letter from CPCC to Pl, Ex. C, DE 6-1.) On July 28, 2012, Barry A. Wolf came upon Plaintiff's property on the instruction of Defendant Watson, stating that Chase owned the debt and had authorized it to collect on Chase's behalf. (Am. Compl. ¶ 23.) Chase, however, did not own the debt and should not have authorized Watson to collect the debt. (Am. Compl. ¶ 24.) Chase knew that the assertion of ownership and authority to collect was false. (Am. Compl. ¶ 25.)

Defendants move to dismiss on the following grounds: (1) Plaintiff did not properly serve CPCC; (2) the Amended Complaint is missing several pages, including pages that ought to have included allegations relating to jurisdiction, venue and the parties; (3) there are no allegations against CPCC; (4) the Amended Complaint fails to show Defendants made any collection efforts and (5) Defendants are not debt collectors subject to the FDCPA.

---

[2] Plaintiff sent a similar letter to Chase. (July 23, 2012 letter from Pl. to Chase, Ex. E, DE 6-1.)

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

The Court has examined the Amended Complaint and the arguments of counsel and the *pro se* Plaintiff. After careful review, the Court has determined the best course of action is to permit Plaintiff to file a Second Amended Complaint. The Court will also take this opportunity

to make some observations and suggestions on how the parties should proceed in the future.

First, the Amended Complaint is missing pages two and three. Plaintiff should amend to include these missing pages. Next, Plaintiff should take care that his pleading only incorporates paragraphs relevant to each count. (See Am. Compl. ¶ 50.) While the Amended Complaint has named CPCC, there are no allegations regarding what this entity did to violate the law.[3] Plaintiff must determine whether he is bringing suit against this entity and, if so, allege specific acts by this entity. Furthermore, it is also unclear what acts by Defendants Plaintiff challenges. Specifically, Plaintiff should identify whether it challenges the allegedly false assertion made by Mr. Wolf or the visit by Mr. Wolf onto Plaintiff's property. (Am. Compl. ¶¶ 23-24.)

As to Defendants' brief in support of their motion to dismiss, the Court notes that they fail to provide caselaw supporting some legal propositions asserted. For example, Defendants claim that they are excluded from the definition of a "debt collector" under the Fair Debt Collection Practices Act as their acts are incidental to a bona fide fiduciary obligation with respect to the loan pursuant to 15 U.S.C. § 1692a(6). This assertion is not supported. In addition, they do not discuss how the factual allegations in the Amended Complaint apply to this provision. Likewise, Defendants should provide caselaw setting forth the elements of the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act and explain, with citation to caselaw, how the operative pleading does not meet these standards.

The Court will be in a better position to resolve any future motions more expeditiously if

---

[3] It is unclear if Defendants are still challenging the service of CPCC. After Defendants filed the instant motion, Plaintiff filed an acknowledgment of service of CPCC. (DE 29.) While Defendants raised this issue in their initial papers, they did not provide any legal authority to support their application. Should Defendants wish to pursue this argument at a later date, they must provide the Court with legal authority. S. D. Fla. L. R. 7.1(a).

the parties abide by these suggestions.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint (DE 17) is **DENIED WITHOUT PREJUDICE** to Defendants' re-asserting these arguments with respect to the Second Amended Complaint. Plaintiff may file a Second Amended Complaint **within 14 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of March, 2014.

_____
KENNETH A. MARRA
United States District Judge