# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

FILED by ___ D.C.
APR 2 2 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### CASE NO. 9:13-cv-80720-KAM

**John Pinson,**

    Plaintiff

vs

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,**
a financial institution;

**CPCC Delaware Business Trust**
**a/k/a CPCC Delaware Statutory Trust,**
An unknown entity;

**JPMORGAN CHASE & CO.,**
a publicly held company,

    Defendants/

### TRIAL BY JURY DEMANDED

### PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT

Plaintiff, John Pinson, hereby sues Defendants, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST; JPMORGAN CHASE & CO., for his Complaint and does allege:

### PRELIMINARY STATEMENT

1. This is an action brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and, for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI); and for declaratory and injunctive relief.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.

3. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt with Defendants and knowingly making false assertions of ownership in relation to the debt.

4. This is not Defendants first attempt to illegally collect this alleged but nonexistent debt with Defendants.

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, 28 U.S.C § 1337, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6. All conditions precedent to the bringing of this action have been performed.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

8. Venue is proper because Plaintiff lives in Palm Beach County, Florida and Defendant's acts in that county gave rise to the cause of action asserted herein.

9. Venue is proper in the Southern District of Florida.

10. This is an action for damages under $15,000.00

## PARTIES

11. The Plaintiff in this lawsuit is John Pinson ("Pinson"), a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7).

12. Defendant JPMorgan Chase Bank, National Association ("CHASE"), upon information and belief is a financial institution authorized to do business in Palm Beach County in the State of Florida, and may be served at its corporate offices: 1111 Polaris Parkway, Columbus, Ohio 43240, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6) ;

13. Defendant CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust ("CPCC"), is an unknown entity, and may be served at its Registered Agent: CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6);

14. JPMORGAN CHASE & CO. ("JPM&CO") is a publicly held company, and may be served at its Registered Agent: CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6);

15. Defendant JPMorgan Chase & Co. is the parent company of both JPMorgan Chase Bank, National Association and CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust, and JPMorgan Chase Bank, National Association and CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust. are both subsidiaries of JPMorgan Chase & Co., and, as such, the actions of subsidiaries CHASE and CPCC are imputed to JPMorgan Chase & Co. the parent, and JPMorgan Chase & Co. is vicariously liable for the actions of CHASE and CPCC;

16. Defendant JPMorgan Chase & Co. is the parent company of both JPMorgan Chase Bank, National Association and CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust, and as such JPMorgan Chase & Co. is the Respondeat Superior.

17. Collectively "Defendants".

18. Defendants regularly uses the instrumentality of mail and telephone in a business the principal purpose of which is the collection of debts, and regularly attempts to collect debts alleged to be due another.

19. Defendants regularly collects or attempts to collect debts from consumers.

20. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

21. Defendants are "debt collectors" as defined in the FDCPA.

22. At all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to collection of Plaintiff's alleged debt but nonexistent debt with Defendants.

## FACTUAL ALLEGATIONS

23. The Defendants are 3rd Party Debt Collectors located within the United States of America, and as such are governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq.

24. The State of Florida abides by and adheres to these laws. Specifically the Fair Debt Collection Practices Act 15 U.S.C. §1692, et sec. and also the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., and as such the Defendants are governed under these laws.

25. Alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempts to collect the alleged debt, violated rights of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C.

§ 1692, et seq., and, the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

26. On April 13, 2012, Plaintiff sent a letter to CHASE, questioning the debt and CHASE's authority to collect. *A copy of that letter is furnished as "Appendix A"*

27. The communications in question here are all related to the collection of a consumer debt.

28. On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors". *A copy of that letter is furnished as "Appendix B"*

29. CHASE failed to identify the security or the investors.

30. CHASE communicated an alleged involvement of CPCC.

31. CHASE communicated an alleged involvement of CPCC such that it appears CHASE was prompted to act by CPCC.

32. On July 23, 2012, Pinson sent CPCC a dispute and debt validation letter via US Mail Certified # 7011 2970 0002 4191 6770 Return Receipt Requested. *A copy of that letter is furnished as "Appendix C"*

33. Plaintiff has not received Validation or response from CPCC.

34. On Saturday, July 28, 2012, at or about 3:00 PM, Barry A. Wolf ("WOLF") on instruction of the Law Firm of Marshall Watson P.A. ("WATSON") did come upon Pinson's property, show written instructions from WATSON to collect consumer information from Pinson asserting CHASE owned the debt and that CHASE had authorized WATSON to collect on their behalf.

35. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

36. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

37. Pinson did not receive from Defendants the required FDCPA 15 U.S.C. §1692g disclosure notice within five day of Wolf's visit, or at any time thereafter.

38. WOLF intentionally and/or negligently and/or willfully communicated to third parties of alleged debt.

39. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

40. It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

41. WOLF, as servant of debt collector, by willfully notifying third parties, violated Plaintiff's right to privacy by revelation of private financial facts to third parties, where third parties had no need or reason to know.

42. The conduct of Defendants and servants, in engaging in the above-described conduct against this Plaintiff, resulted in intrusions and invasions of privacy by Defendants, which occurred in a way that was highly offensive to the Plaintiff, and would be to any reasonable person.

43. On July 28, 2012, Pinson sent WATSON a dispute and debt validation letter via US Mail Certified # 7009 2820 0001 6165 9048 Return Receipt Requested. *A copy of that letter is furnished as "Appendix D"*

44. On July 30, 2012, Pinson did mail CHASE a dispute and debt validation letter via US Mail Certified # 7011 2970 0002 4191 6831 Return Receipt Requested, inadvertently dated July 23, 2012. *A copy of that letter is furnished as "Appendix E"*

45. On August 9, 2012, WATSON sent a letter, on law firm letterhead, asserting CHASE owned the debt and had authorized WATSON to collect on their behalf. *A copy of that letter is furnished as "Appendix F"*

46. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

47. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

48. On August 17, 2012, CHASE sent a letter to Pinson asserting CHASE owned the debt. *A copy of that letter is furnished as "Appendix G"*

49. This assertion was false, in that CHASE did not own the debt and therefore could not authorize WATSON to collect.

50. The assertion of ownership and authority was a false assertion of a legal right to collect, where CHASE knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9).

51. Defendant JPMorgan Chase & Co. is the parent company of both JPMorgan Chase Bank, National Association and CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust, and JPMorgan Chase Bank, National Association and CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust. are both subsidiaries of JPMorgan Chase & Co., and, as such, the actions of subsidiaries CHASE and CPCC are imputed to JPMorgan Chase & Co. the parent, and JPMorgan Chase & Co. is vicariously liable for the actions of CHASE and CPCC.

52. Defendant JPMorgan Chase & Co. is the parent company of both: JPMorgan Chase Bank, National Association and CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust, and as such, JPMorgan Chase & Co. is the Respondeat Superior.

53. CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust directly or "indirectly" engaged in the collection of an alleged debt for a third party

54. JPMorgan Chase & Co. directly or "indirectly" engaged in the collection of an alleged debt for a third party.

55. Defendant JPMorgan Chase & Co. directly or "indirectly" engaged in the collection of an alleged debt for a third party through its subsidiaries: JPMorgan Chase Bank, National Association and/or CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust.

56. Plaintiff has not received Validation or response from CPCC.

57. Defendants continue to attempt to enforce and collect an alleged non-existent debt with Defendants.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST; JPMORGAN CHASE & CO.

58. Plaintiff alleges and incorporates the information in paragraphs 1 through 57.

59. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

60. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

61. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

62. Defendants violated 15 U.S.C. §1692b(2) by contact with third party and stating that the consumer owes any debt;

63. Defendants violated 15 U.S.C. §1692c(B) by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the alleged debt;

64. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

65. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt;

66. Defendants violated 15 U.S.C. §1692e(5) by threat to take any action that cannot legally be taken or that is not intended to be taken;

67. Defendants violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

68. Defendants violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

69. Defendants violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector;

70. Defendants violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business;

71. Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

72. Defendants violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property;

73. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

74. Defendants violated 15 U.S.C. §1692g(b) by failing to cease collection efforts until debt is validated.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against each and every defendant for:

    (a) statutory damages of $1000.00 payable by Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST; JPMORGAN CHASE & CO., pursuant to 15 U.S.C. §1692k;

    (b) fees and costs pursuant to 15 U.S.C. §1692k;

    (c) such other relief as may be just;

    (d) attorney's fees, if any.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANTS: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST; JPMORGAN CHASE & CO.

75. Plaintiff alleges and incorporates the information in paragraphs 1 through 74.

76. Plaintiff John Pinson is a consumer within the meaning of §559.55(2).

77. Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST; JPMORGAN CHASE & CO., are debt collector within the meaning of §559.55(6).

78. Defendants violated the FCCPA. Defendants' violations include, but are not limited to, the following:

79. Defendant violated §559.72(5) by Disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

80. Defendant violated §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

81. Defendant violated §559.72(9) by claim, attempt, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

82. Defendant violated §559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against each and every defendant for:

(a) statutory damages of $1000.00 payable by Defendants JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; CPCC DELAWARE BUSINESS TRUST a/k/a CPCC DELAWARE STATUTORY TRUST; JPMORGAN CHASE & CO., pursuant to Fla. Stat. § 559.77(2);

(b) fees and costs pursuant to Fla. Stat. § 559.77(2);

(c) such other relief as may be just;

(d) attorney's fees, if any.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated April 22, 2014

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

Service to:

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**
1111 POLARIS PARKWAY   - Delaware County
COLUMBUS, OH 43240

**CPCC DELAWARE BUSINESS TRUST**
**a/k/a CPCC DELAWARE STATUTORY TRUST**
*c/o Registered Agent:*
CT Corporation Systems
1200 South Pine Island Road
Plantation, Florida 33324

**JPMORGAN CHASE & CO**
*c/o Registered Agent:*
C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

## VERIFICATION

I, John Pinson, have read the foregoing complaint and examined any appendices referenced therein. The facts stated in the complaint are true. The appendices are true and fair copies of the recited instruments.

_____     April 22, 2014
John Pinson                          date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this __22__ day of April, 2014.

DANIEL SANCHEZ
Notary Public - State of Florida
My Comm. Expires Jul 25, 2014
Commission # DD 996366
Bonded Through National Notary Assn.

_____
Notary

My commission expires: Jul 25, 2014       seal

## Table of APPENDICES

| Title | Document | Page Nos. |
|---|---|---|
| "Appendix A" - | April 13, 2012 letter from Pinson to CHASE | 2-3 |
| "Appendix B" - | June 1, 2012 letter from CHASE to Pinson | 4-5 |
| "Appendix C" - | July 23, 2012 letter from Pinson to CPCC | 6-7 |
| "Appendix D" - | July 28, 2012 letter from Pinson to WATSON | 8-9 |
| "Appendix E" - | July 30, 2012 letter from Pinson to CHASE | 10-11 |
| "Appendix F" - | August 9, 2012 letter from WATSON to Pinson | 12-19 |
| "Appendix G" - | August 17, 2012 letter from CHASE to Pinson | 20-22 |