# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION



### CASE NO.     9:13-cv-80720-KAM

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

## <u>APPENDIX TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

## <u>Table of APPENDICES</u>

| Title | | Document | Page Nos. |
|-------|---|----------|-----------|
| "Appendix A" | - | April 13, 2012 letter from Pinson to CHASE | 2-3 |
| "Appendix B" | - | June 1, 2012 letter from CHASE to Pinson | 4-5 |
| "Appendix C" | - | July 23, 2012 letter from Pinson to CPCC | 6-7 |
| "Appendix D" | - | July 28, 2012 letter from Pinson to WATSON | 8-9 |
| "Appendix E" | - | July 30, 2012 letter from Pinson to CHASE | 10-11 |
| "Appendix F" | - | August 9, 2012 letter from WATSON to Pinson | 12-19 |
| "Appendix G" | - | August 17, 2012 letter from CHASE to Pinson | 20-22 |



# "Appendix A"

John Pinson v. JPMorgan Chase Bank, N.A., et al.



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

_**Via US Certified Mail # 7011 2970 0002 4191 6473 – Return Receipt Requested**_

April 13, 2012

**JP MORGAN CHASE BANK, NA**
1111 Polaris Parkway
Columbus, Ohio 43240

**Attn: Mortgage loan accounting department**

    Re:  Loan Number:  00496490010759

~~~~~~~~

**This is a Qualified Written Request as defined by the Real Estate Settlement Procedures Act ("RESPA")
for information regarding the servicing of this mortgage loan.**

**This is a request made pursuant to §1641(f)(2) of the Truth in Lending Act ("TILA") for: the name,
address and telephone number of the owner of the mortgage Note that evidences this debt obligation.**

~~~~~~~~

Greetings:

    This is a Qualified Written Request as defined by the Real Estate Settlement Procedures Act ("RESPA")
for information regarding the servicing of this mortgage loan.  This is a request made pursuant to §1641(f)(2) of
the Truth in Lending Act ("TILA") for the name, address and telephone number of the owner of the mortgage
Note the evidences this debt obligation.

    Attached you will find a copy of statement dated June 24, 2011 from Law Offices of Marshall Watson
P.A. related to reinstatement for mortgage when we applied for a loan modification.  We were told by Chase
representative we must be delinquent to apply for Loan Modification program with Chase.

    We are aware of lenders making unnecessary charges to Consumers relating to mortgages, and
therefore We have specific questions related to charges on this statement, as follows:

- "Actual Foreclosure cost $400.00" – please detail what the actual cost was, since no documents
  were filed with court and no foreclosure was initiated in 2011.
- "Previous Foreclosure Cost (File# 90-26189) $671.60 – please detail what this fee is for as all
  previous matters were settled and no billing was made on account prior to presentment of this
  statement.  Mitzi Smith of Marshall Watson stated this fee was being charged by Chase.
- "Broker's Price Opinion $162.00 – Please send proof of payment of this amount along with copy
  of Brokers Price Opinion (appraisal) for our file.
- "Property Inspection $28.00" – Please send me proof of payment of this amount along with copy
  of Property Inspection report for our file.

    Your assistance in providing proof of charges will be appreciated in clearing up questions of authenticity
and validity of said charges

    Further, We note statement references "This firm represents Bank One Financial Services Inc, (and)
Chase Home Finance, the holder of the mortgage…".  At that point in time who exactly held the mortgage? Bank
One or Chase???  We need to know who owns the Mortgage and who owns the Note, please answer.

    Please understand that: under Section 6 of RESPA you are required to acknowledge my written request
within 20 business days and must try to resolve the issue within 60 business days.

    Sincerely,


    John D Pinson

JP:dt
Enc. June 24, 2011 Statement from Marshall Watson

(3/22)

# "Appendix B"

John Pinson v. JPMorgan Chase Bank, N.A., et al.



**Chase (OH4-7304)**
3415 Vision Drive
Columbus, OH 43219-6009



June 01, 2012

00833-01 IF1A 153-000000000000
John D. Pinson
Po Box 3386
Palm Beach, FL 33480



Re:   Account Number: **********0759
       John D. Pinson

**Loan Investor**

Dear John D. Pinson:

I am writing in response to the inquiry Chase received about the loan referenced above.

Your loan was sold into a public security managed by CPCC Delaware Business Trust and may include a number of investors.  As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf.  Your investor contact information is:

270 Park Avenue
New York, NY 10017

We appreciate your business. If you have questions, please call us at the telephone number below.

Sincerely,

Chase
(800) 836-5656
(800) 582-0542 TDD / Text Telephone
www.chase.com

CC278

5/22

# "Appendix C"

John Pinson v. JPMorgan Chase Bank, N.A., et al.



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

<u>*Via US Certified Mail # 7011 2970 0002 4191 6770 – Return Receipt Requested*</u>

July 23, 2012

**CPCC Delaware Business Trust**
270 Park Avenue
New York, NY 10017

<u>**Attn: Mortgage loan accounting department**</u>

    Re:  **Chase Loan Number:  00496490010759**

Greetings,

    Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

    This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

    Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

    You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

    Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

        Sincerely,


        John D Pinson

JP:dt



# "Appendix D"

John Pinson v. JPMorgan Chase Bank, N.A., et al.



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

*Via US Certified Mail # 7009 2820 0001 6165 9048 – Return Receipt Requested*

July 28, 2012

Marshall C. Watson Law Office
1800 N.W. 49th St., Suite 120
Fort Lauderdale, FL 33309

     **Re: Chase Loan Number: 00496490010759**

Greetings,

     Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

     This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

     Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

     You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

     Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

     Sincerely,

     John D Pinson

JP:dt



# "Appendix E"

John Pinson v. JPMorgan Chase Bank, N.A., et al.



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

_**Via US Certified Mail # 7011 2970 0002 4191 6831 – Return Receipt Requested**_

July 23, 2012

**JP MORGAN CHASE BANK, NA**
1111 Polaris Parkway
Columbus, Ohio 43240

### Attn: Mortgage loan accounting department

**Re:  Loan Number:  00496490010759**

Greetings,

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,

John D Pinson

JP:dt



# "Appendix F"



**LAW OFFICES**
OF MARSHALL C. WATSON, P.A.

1800 NORTH WEST 49TH STREET, SUITE #120
FORT LAUDERDALE, FLORIDA 33309
Telephone (954) 453-0365
Facsimile (954) 771-6052
Toll Free (800) 441-2438

August 9, 2012                                    VIA CERTIFIED MAIL
                                                 RETURN RECEIPT REQUESTED
                                                 AND REGULAR MAIL

JOHN D. PINSON
526 WESTWOOD ROAD
WEST PALM BEACH, FL 33401

<u>**PROOF OF DEBT PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1601**</u>

RE:      Property Address:   526 WESTWOOD ROAD WEST PALM BEACH,  FL  33401
         Owner:
         Mortgagor:
         Our File #:   12-07436

Dear John D. Pinson,

    This firm represents the Plaintiff in the above referenced case. Pursuant to your request, we have contacted the creditor in order to obtain verification of the debt. Accordingly, please allow this letter and enclosures to serve as proof of the debt claimed by my client in this action. Enclosed please find both Reinstatement and Payoff statements. The Reinstatement letter provides the amount necessary to bring the account current and the Payoff letter provides the amount necessary to pay off the loan in full. The name and address of the original creditor is as follows: JPMORGAN CHASE BANK, NA 1111 Polaris Parkway, Columbus, OH 43240.

    This letter as well as enclosures may be filed with the Court in order to verify my client has provided you with the requested information pursuant to the Fair Debt Collection Practices Act.

Thank You,
Fair Debt Department





# LAW OFFICES
### OF MARSHALL C. WATSON, P.A.

**1800 NORTH WEST 49TH STREET, SUITE #120**
**FORT LAUDERDALE, FLORIDA 33309**
Telephone (954) 453-0365
Facsimile (954) 771-6052
Toll Free (800) 441-2438

## PROOF OF DEBT PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1601

August 8, 2012

JOHN D PINSON
526 WESTWOOD ROAD
WEST PALM BEACH, FL 33401

WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.

HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

Re: Reinstatement Statement

> Chase Loan Number: 000000010397108
> Mortgagor(s):
> Property Address: 526 WESTWOOD ROAD WEST PALM BEACH, FL 33401
> Attorney File No.: 12-07436
> Due Date: January 1, 2012

Dear JOHN D PINSON:

This letter responds to your request for a reinstatement amount of the above delinquent loan.

As of the date of this letter, the amount required to cure your loan is $19,043.72. However, if you are not prepared to tender the full reinstatement amount today, then the amount you owe may increase between the date of this letter and the date you reinstate the loan. The reinstatement amount may increase because of additional interest and late charges as well as legal fees and costs that are incurred as additional steps in the foreclosure proceed.

This reinstatement quote is good through 9/3/2012, the "Good Through Date." If you reinstate this loan in full by the Good Through Date, we estimate the reinstatement amount to be itemized as follows:

| | | |
|---|---|---|
| Monthly payments from January 1, 2012 through 9/3/2012 | $ | 11,677.86 |
| Property Inspection | $ | 28.00 |

12-07436



| | | | |
|---|---|---|---|
| Broker's Price Opinion | | $ | 156.00 |
| Property Taxes | | $ | 6,166.86 |
| Actual Foreclosure Cost | | $ | 400.00 |
| Actual Foreclosure Attorney's Fee | | $ | 615.00 |
| | Total | $ | 19,043.72 |

The reinstatement figures listed above include items that have been paid by the lender or servicer or incurred by the Law Offices of Marshall C. Watson, P.A. that are currently due or will become due by the Good Through Date. In constructing this reinstatement, we have included anticipated additional fees and costs in order to provide you with an estimated reinstatement after the date of this letter. These anticipated fees and costs represent an estimate as to what our actual fees and costs will be if you reinstate your loan no later than the Good Through Date. Please understand that the above figures are subject to final verification upon receipt by the lender or servicer. All fees and costs incurred after the issuance of this reinstatement letter will continue to be assessed until the loan delinquency is cured.

* IMPORTANT: Some of the fees and costs listed above may not actually be incurred, if you reinstate on the date of this letter or if events we anticipate will happen do not occur. We only require that you pay the fees and costs actually incurred as of the date of your payment. If for whatever reason your payment includes any anticipated fee or cost or other item but the actual amount due on the date of payment is less, any excess amount will be promptly returned to you. If your payment is less than the total reinstatement amount due on the date of your payment, the lender or servicer reserves the right to reject your payment and continue with the legal process.

WE SUGGEST THAT YOU CONTACT THE LAW OFFICES OF MARSHALL C. WATSON, P.A. AT THE ADDRESS OR TELEPHONE NUMBER ON THIS LETTER TO VERIFY THE EXACT AMOUNT NECESSARY TO CURE YOUR DELINQUENCY AND REINSTATE YOUR LOAN NO MORE THAN 24 HOURS BEFORE YOU MAKE ANY PAYMENT.

PAYMENT INSTRUCTIONS: Payment must be submitted in the form of a certified cashier's check(s) and/or money order(s) and must be made payable to "Chase". Funds must be sent to the attorney/trustee office listed on this letter. The reinstatement funds will be returned if any portion of the funds is in the form of a personal check. Please be advised that the foreclosure action will continue until the total reinstatement funds are received in compliance with the terms in this letter. After reinstatement, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure.

PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.

PLEASE NOTE: If there is a foreclosure sale date scheduled for your property, this letter DOES NOT extend or change that foreclosure sale date. Therefore, if the Good Through Date for the reinstatement stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law.

You should verify the loan number, the name(s) of the Mortgagor(s), the property address and the amounts due and owing to ensure that these items are correct. Should you have any questions regarding the above, please do not hesitate to contact the attorney or foreclosure trustee at the telephone number listed in this letter.

Prepared by (First and Last Name), Law Offices of Marshall C. Watson, P.A.

Marcia Duncan



12-07436

Law Offices of Marshall C. Watson, P.A.

**IMPORTANT NOTE:** FEDERAL LAW REQUIRES US TO NOTIFY YOU THAT THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS IS NOT AN ATTEMPT TO COLLECT THE DEBT PERSONALLY, BUT TO PROVIDE OPTIONS TO AVOID FORECLOSURE.

**IMPORTANT NOTE:** CONTACTING THIS OFFICE OR THE LOAN SERVICER WILL NOT SUSPEND YOUR OBLIGATION TO MAKE YOUR MORTGAGE PAYMENTS. THIS OFFICE WILL CONTINUE ALL COLLECTION AND FORECLOSURE ACTIVITY UNLESS AND UNTIL A WORKOUT PLAN HAS BEEN COMPLETED AND YOU WILL BE RESPONSIBLE FOR ANY AND ALL FEES AND EXPENSES INCURRED THROUGH THIS ACTION. RESPONDING TO THIS DOES NOT TERMINATE YOUR OBLIGATION TO TIMELY RESPOND TO THE COURT IN THE PENDING FORECLOSURE ACTION. THIS FIRM REPRESENTS THE PLAINTIFF IN A FORECLOSURE ACTION THAT HAS BEEN FILED AGAINST YOU. THEREFORE YOU SHOULD SEEK ANY AND ALL AVAILABLE REMEDIES/DEFENSES, INCLUDING RETAINING COMPETENT LEGAL COUNSEL WHO WILL ACT IN YOUR BEST INTEREST. THIS FIRM DOES NOT REPRESENT YOU AND SHOULD NOT BE CONSTRUED AS SUCH. ALL DECISIONS ON WHETHER OR NOT YOU QUALIFY FOR THESE LOSS MITIGATION PROGRAMS WILL BE MADE BY THE LOAN SERVICER, NOT THIS FIRM. IF YOU ARE REPRESENTED BY COUNSEL, PLEASE FORWARD THE LETTER TO YOUR ATTORNEY.



12-07436



**LAW OFFICES**
OF MARSHALL C. WATSON, P.A.

1800 NORTH WEST 49TH STREET, SUITE #120
FORT LAUDERDALE, FLORIDA 33309
Telephone (954) 453-0365
Facsimile (954) 771-6052
Toll Free (800) 441-2438

---

**PROOF OF DEBT PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. SECTION 1601**

August 8, 2012

JOHN D PINSON
526 WESTWOOD ROAD
WEST PALM BEACH, FL 33401

WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT.

HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

Re: Payoff Statement

> Chase Loan Number: 000000010397108
> Mortgagor(s):
> Property Address: 526 WESTWOOD ROAD WEST PALM BEACH, FL 33401
> Attorney File No.: 12-07436
> Due Date: 9/3/2012

Dear JOHN D PINSON:

This letter responds to your request for a payoff of the above referenced loan.

As of the date of this letter, the amount required to payoff your loan is $203,473.49. However, if you are not prepared to tender the full payoff amount today, then the amount you owe may increase between the date of this letter and the date you pay off the loan. The payoff amount may increase because of additional interest and late charges as well as legal fees and costs that are incurred as additional steps in the foreclosure proceed.

This payoff is good through 9/3/2012, the "Good Through Date." If you pay this loan in full by the Good Through Date, we estimate the payoff amount to be itemized as follows:



12-07436

| Description | Amount |
|---|---|
| Principal Balance | $186,730.18 |
| Accrued Interest to 9/3/2012 | $9,366.85 |
| $ 33.93 *per diem* interest thereafter | |
| Property Taxes | $6,166.86 |
| Property Inspection | $28.00 |
| Broker's Price Opinion | $156.00 |
| Attorney Foreclosure Fees | $615.00 |
| Recording of Satisfaction of Mortgage | $10.60 |
| Foreclosure Costs | $400.00 |

**TOTAL PAYOFF\* THROUGH 9/3/2012 is**            $203,473.49

This loan payoff statement shows the total amount you owe. However, some amounts may not have to be paid for the lien to be released. Please call us at 1 800 848 9380 for details.

The payoff figures listed above include items that have been paid by the lender or servicer or incurred by the [foreclosure law firm/trustee] that are currently due by the Good Through Date. Please understand that the above figures are subject to final verification upon receipt by the lender or servicer. All fees and costs incurred after the issuance of this payoff letter will continue to be assessed until the loan is paid in full

\* **IMPORTANT:** We only require that you pay the fees and costs actually incurred as of the date of your payment. If for whatever reason your payment includes any anticipated fee or cost or other item but the actual amount due on the date of payment is less, any excess amount will be promptly returned to you. If your payoff amount tendered is less than the total amount due on the date of your payment, the lender or servicer reserves the right to reject your payment and continue with the legal process.

WE SUGGEST THAT YOU CONTACT LAW OFFICES OF MARSHALL C. WATSON, P.A. AT THE ADDRESS OR TELEPHONE NUMBER ON THIS LETTER TO VERIFY THE EXACT AMOUNT NECESSARY TO PAYOFF YOUR LOAN NO MORE THAN 24 HOURS BEFORE YOU MAKE ANY PAYMENT.

PAYMENT INSTRUCTIONS. Payment must be submitted in the form of a certified cashier's check(s) and/or money order(s) and must be made payable to "Chase". Funds must be sent to the attorney/trustee office listed on this letter. The payoff funds will be returned if any portion of the funds is in the form of a personal check. Please be advised that the action will continue until the total payoff received, in compliance with the terms in this letter. After payoff, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure.

PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.

PLEASE NOTE: If there is a foreclosure sale date scheduled for your property, this letter DOES NOT extend or change that foreclosure sale date. Therefore, if the Good Through Date for the payment stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law.

You should verify the loan number, the name(s) of the Mortgagor(s), the property address and the amounts due and owing to ensure that these items are correct. Should you have any questions regarding the above, please do not hesitate to contact the attorney or foreclosure trustee at the telephone in this letter.



12-07436

Prepared by Law Offices of Marshall C. Watson, P.A.

Marcia Duncan

Law Offices of Marshall C. Watson, P.A.

19/22

# "Appendix G"

John Pinson v. JPMorgan Chase Bank, N.A., et al.



**Chase (OH4-7304)**
3415 Vision Drive
Columbus, OH 43219-6009



August 17, 2012

John D. Pinson
Po Box 3386
Palm Beach, FL 33480

**Verification of debt**
Account ending in:   **********0759
Borrower(s):        John D. Pinson

Dear John D. Pinson:

We are responding to your letter we received on August 13, 2012 about the account above. Our understanding is that this loan is a valid and legally enforceable financial obligation with Chase.

. In addition, as of the date of this letter, our records show the following details about this account:

| | |
|---|---|
| Unpaid Principal Balance | $186,730.18 |
| Accrued Interest from 1/1/2012 to 8/17/2012 | $8,790.08 |
| Escrow Advances | $0.00 |
| Other Fees and Advances | $6,177.46 |
| Subtotal | $201,697.72 |
| Suspense Amount | $0.00 |
| **Total** | $201,697.72 |

*Please note that this is not a payoff quote. Accrued interest, fees, corporate and escrow advances, payments received, and other charges may have been assessed or credited to the loan since the date of this letter.*

21/22

John D. Pinson
August 17, 2012

To further understand your credit dispute, please send us detailed information which includes specific month and year of the dispute, along with your loan number and any supporting documentation to the following address:

Chase (OH4-7302)
P.O. Box 24696
Columbus, OH 43224-0696

Some information you requested is unavailable or considered confidential and cannot be provided. For questions about loan transactions, please look in the Loan Transaction History. The investor for this loan is JPM Chase.

We enclosed copies of the following documents:

- Loan Transaction History
- Note
- Security Instrument

We appreciate your business. If you have questions, please call us at the telephone number listed below.

Sincerely,

Chase
(800) 836-5656
800-582-0542 TDD / Text Telephone
www.chase.com

Enclosure(s)

**We are a debt collector.**

**If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.**

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

**Chase is obligated to report accurate information to the credit bureaus and will continue to do so. Late payments, missed payments, or other defaults on the account may be reflected in your credit report. This letter shall not be deemed to be a waiver of any rights or remedies, which are expressly reserved.**

DA010

22/22