UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.   9:13-cv-80720-KAM

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

## PLAINTIFF'S MEMORANDUM OF LAW REPLYING TO DEFENDANTS' RESPONSE IN OPPOSITION [DE 65] TO PLAINTIFF'S MOTION TO STRIKE AND MEMORANDUM OF LAW

The Plaintiff, pro se, John Pinson files his memorandum of law replying to the Defendants' JPMorgan Chase Bank, National Association ("CHASE"), CPCC Delaware Business Trust ("CPCC"), and JPMorgan Chase & Co ("JPMC") response [DE 65] to the Plaintiff's motion to strike and memorandum of law [DE 63].

### PRELIMINARY STATEMENT

1. The Defendant's response to the Plaintiff's motion to strike fails to resolve the four issues they have put forward: 1) The court considering exhibits outside the pleadings in a Rule 12(b)6 motion without conversion to a Rule56 motion for summary judgment; 2) certified copy of county land records as self authenticating; 3) whether a county land records filing can be reasonably disputed; 4) if defendants' exhibit proffered outside pleadings is central to plaintiff's claim.

2. Plaintiff shows that the Court is precluded from considering exhibits to Defendants' motion to dismiss second amended verified complaint with prejudice and memorandum of law in support [DE 58] without converting the Rule 12(b) motion into a Rule 56 motion for summary judgment. That recording in the county land records shows only that a paper was filed and gives no authentication as to the contents of the paper on file. County land records may be reasonably disputed. And, the exhibit offered by Defendant's is not central to Plaintiff's claim. Plaintiff addresses the substantive and factual problems as follows:

3. First, the Defendants' erroneously argue that in this matter it is proper that the court consider matters outside the pleadings without converting their motion to dismiss into a motion for summary judgment. The Plaintiff *pro se* disagrees.

   FRCP Rule 12(d) states:

   > (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

4. The exhibit filed by Defendants is not part of the pleadings. In *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002) the court noted "Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

5. Because Defendants' filed the exhibit to support a motion to dismiss and a motion to dismiss is not a pleading, the exhibit is outside of the pleadings and should not be considered without converting the motion to dismiss into a Rule 56 motion for summary judgment, thus allowing for "an opportunity to conduct necessary discovery and to submit pertinent material." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *see also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory'") (*quoting Maker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)).

6. Second, Defendants' assert "defendants have cured the plaintiff's objection to the authenticity"[DE 65 ¶1] of the Exhibit [DE 58-1] by the filing of a certified copy of the document [DE 64]. This argument lacks merit as the exhibits [DE 58-1 & 64] clearly are not identical and are subject to dispute. DE 58-1 appears as ten (10) pages whereas DE 64 appears as six (6) pages. Further DE 58-1 contains additional markings not found on DE 64. Accordingly, because DE 64 is a separate document Plaintiff objects, reasonably disputes, and shall move to strike DE 64 under separate motion.

7. Additionally, even if an exhibit could be authenticated, the court may not take judicial notice of Exhibits "for the truth of the facts recited therein." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *see also*

*McMahon v. Gen. Dynamics Corp.*, No. 2:12-CV-4994 KM MAH, 2013 WL 1164850, at *3 (D.N.J. Mar. 20, 2013). A court may take judicial notice only of the existence of certain documents, not the truth of factual assertions contained within such documents. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

8. Third, thus all that might be proved is that a document was recorded, yet a readily disputable question remains that a recorded document may factually unreliable or may be altered before filing or fabricated in part or its entirety or may be a fiction.

9. Here Defendants have filed two documents [DE 58-1 & 64] purporting to be the same where on their face they are factually different. Plaintiff objects and disputes. Therefore, Plaintiff shall move to strike document DE 64 under separate motion.

10. Fourth, in their response brief Defendants' assert "the Mortgage is central to the plaintiff's FDCPA allegations against the defendants" [DE 65 ¶ 3]. This assertion is false. Plaintiff's complaint [DE 52] does not even contain the word "mortgage" and Plaintiff did not file in any such document as an exhibit to his complaint. Defendants' erroneously cite a *Correa v. BAC Home Loans Servicing LP*, 2012 WL at *4 in support of this false assertion.

11. In *Correa v. BAC Home Loans Servicing LP*, 2012 WL at *4, "the verified foreclosure complaint and mortgage are, at the very least, central to Plaintiff's FDCPA claims" where Correa "filed Plaintiff's Notice of Filing and Request for Judicial Notice" and Correa "request[ed] the Court to take judicial notice of: (1) the assignment of Plaintiff's mortgage recorded in the Orange County, Florida public records; ... (3) the verification for the verified foreclosure complaint" among other documents. *See Correa* at *4.

12. Here, Pinson did not file in any Mortgage as an exhibit, did not request Judicial Notice be taken, and his complaint does not even contain the word mortgage, thus *Correa* is not even remotely analogous to the instant matter and therefore Defendants' exhibit should be stricken from the record.

13. Further, Defendants' erroneously cite *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005) (*citing Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002) to support their argument of the exhibit being "central to the plaintiff's claim".

In *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005)

> *In Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. Id. Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir.1999); see also *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir.1999) (same).

See *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005)

14. Here, the documents contents [of defendants' exhibit] are not alleged in the Plaintiff's complaint, the complaint does not even contain the word mortgage and the Plaintiff has questioned the authenticity and contents of Defendants exhibit, thus Defendants' exhibit fails to meet the "centrality requirement" as shown in *Day* and therefore Defendants' exhibit should be stricken from the record.

15. Finally, the Defendants Cite *Universal Express, Inc. v. SEC*, 177 F.App'x 52,53 (11th Cir. 2006 (per curiam) to support their argument that the "district court may consider public records without converting a motion to dismiss into a motion for summary judgment". [DE 65 ¶3]

16. The appeals court in *Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)* supports Plaintiff's assertion that:

> "When the motion is based on failure to state a claim, the district court must either limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice as required by Rule 56(c). Fed.R.Civ.P. 12(b)."

See *Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)*

17. In the *Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)*, "The [Securities and exchange] Commission moved to dismiss the suit brought by Universal. In support of its motion, the Commission attached the complaint it filed in the enforcement proceeding pending before the Southern District of New York." The exhibit the Court considered was a Federal District Court Record.

18. *In Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)*

> A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. See *Bryant v. Avado Brands, Inc.*, 187 F.3d

<u>1271, 1278 (11th Cir.1999)</u>. Public records are among the permissible facts that a district court may consider. See <u>Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir.2003)</u> ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); cf. <u>Bryant, 187 F.3d at 1278 (11th Cir.1999)</u> (holding that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice ... of relevant public documents required to be filed with the SEC"). Because the complaint filed in the Southern District of New York is a public document, the district court was not obliged to convert the motion to dismiss to one for summary *54 judgment or comply with the notice requirements of Rule 56(c). That the complaint in the New York action was filed after Universal filed its complaint does not affect its status as a public record.

See *<u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>*

19. The 11th. Cir. "Holding: The Court of Appeals held that SEC complaint in civil enforcement action in another district was a public document that district court could consider without converting motion to dismiss into motion for summary judgment". <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>

20. Thus the public record relied upon by the court in Universal was a complaint filed in the Federal District Court of New York, and not a county recorder's office as in the instant matter. The county recorders office filings being readably disputable. Because Universal is not analogous to the instant matter, the exhibit should be stricken from the record.

21. For these reasons, the Court should strike Defendants' Exhibit A [DE 58-1].

**WHEREFORE**, Plaintiff, John Pinson, *pro se*, respectfully request that this Court enter an Order striking Defendants' Exhibit A [DE 58-1], and for any other relief that the Court deems appropriate.

Dated: July 31, 2014

Respectfully Submitted,

_____
John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed July 31, 2014

John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
JPMorgan Chase & Co.

Patrick S. Scott, Esq.
patrick.scott@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendant:*
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust