FILED by _____ D.C.

AUG 07 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.   9:13-cv-80720-KAM

**John Pinson,**

      Plaintiff

vs

**JPMORGAN CHASE BANK, N.A., et. al.**

      Defendants/

## PLAINTIFFS *PRO SE'S* MOTION TO STRIKE AND MEMORANDUM OF LAW

**COME NOW** Plaintiff, John Pinson, *pro se*, who hereby files this Motion to Strike Defendants' Notice of Filing [DE 64], and in support of his Motion, the Plaintiff state as follows:

1. On April 22, 2014, Plaintiff *pro se* filed his Second Amended Verified Complaint ("SAC") [DE 52] against the Defendants claiming that Defendants' violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), F.S. §559 et seq.

2. On May 20, 2014, Defendants' filed their Motion to Dismiss the Second Amended Verified Complaint with Prejudice and Memorandum of Law in Support ("MTD2") [DE 58], and did supplement the MTD2 with their "Exhibit A" [DE58-1].

3. Plaintiff moved that Exhibit A [DE 58-1] to the pleading be stricken from the record.

4. Defendant then filed its Notice of Filing Certified Copy of Recorded Mortgage [DE 64].

5. Plaintiff moves that the Notice of Filing Certified Copy of Recorded Mortgage [64] to the pleading be stricken from the record.

6. Here, in moving to strike extraneous materials submitted in connection with Defendants' motion to dismiss, Plaintiff fully complies with FRCP Rule 7(b), which merely requires that any request for a court order by a motion must be "in writing[;] . . . state with particularity the grounds for seeking an order; and . . . state the relief sought."

7. Further, FRCP Rule 12(f)[1] allows this Court to strike, either on proper motion by a party or on its own initiative, any redundant, immaterial, impertinent, or scandalous matter in any pleading. Exhibit A, an exhibit to the pleading is referenced in the pleading *See* DE 58, pg. 10, ¶ second, and now Defendant seeks to introduce its Notice of Filing Certified Copy of Recorded Mortgage [DE 64] and incorporate it into its motion to dismiss by way of Judicial Notice in its response in opposition to Plaintiff's motion. *See* DE 65 generally.

## FACTS

8. The Plaintiff shows that:

   a) Here, the Plaintiff disputes that the Certified Copy of Recorded Mortgage recorded is what it purports to be, an unaltered original.

   b) Exhibit A alone is meaningless. *Cf. In re Foreclosure Cases*, 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007) (finding that one who did not acquire the note which the mortgage secured is not entitled to enforce the lien of the mortgage). *In re VEAL*, Bankr. Appellate Panel, (9th Circuit 2011) (if the deed of trust was assigned without the note, then the assignee, "having no interest in the underlying debt or obligation, has a worthless piece of paper.")

   c) Exhibit A is immaterial, impertinent, and irrelevant, to the four corners of the complaint.

**Plaintiff's Motion to Strike is procedurally proper**

9. District courts routinely entertain and grant this type of motion. *See, e.g., In re Tommy Hilfiger Sec. Litig.*, No. 04-civ-7678, 2007 U.S. Dist. LEXIS 55088, at *2 (S.D.N.Y. July 20, 2007) (granting plaintiffs' motion to strike certain exhibits that were extraneous to defendants' motion to dismiss); *Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 463 (S.D.N.Y. 2004) (granting plaintiffs' motion to strike on a Rule 12(b)(6) motion), *aff'd*, 173 F. App'x 15 (2d Cir. 2006). Accordingly, Plaintiff's Motion to Strike is procedurally proper.

---

[1] Plaintiff acknowledge that Rule 12(f) is designed to strike pleadings and that Defendants "Exhibit A" (to the 12(b)(6) motion to dismiss) may not fit that definition exactly. To the extent that the Court treats Defendants' filing as a motion instead of a pleading, Plaintiff ask the Court to consider this document as Plaintiff's response to the motion.

**The Certified Copy of Recorded Mortgage should be stricken from the record.**

10. Defendants filed Certified Copy of Recorded Mortgage ("Certified Copy") [DE 64] and buy reference in its response in opposition [DE 65] requesting Judicial Notice and argues that the Court may consider the Certified Copy without converting the motion to dismiss into a motion for summary judgment and cite *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed.Appx. 52 (2006). In his opposition to the motion to dismiss, the Plaintiff objects to this Certified Copy being considered, deems it inappropriate, and argues the citation is read improperly, specifically in regard to public records. Plaintiff argues court documents are public records that could be considered, but county public records and the like are not authenticated the same as court documents, and therefore the court should disregard the exhibit. Here, the Plaintiff argues Exhibit A to the pleading should be stricken from the record.

11. Generally, only the complaint, and any attachments thereto, are considered in deciding a motion to dismiss. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). A court may however take judicial notice of some facts when considering a motion to dismiss. *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010). Documents from prior cases involving parties are "public records not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Id.* (internal citations and quotations omitted); *see also Universal Express, Inc. v. U.S. SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). No surprise results from a court considering court documents from earlier cases between the same parties. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999). Therefore, the court should disregard the exhibit attached to the motion to dismiss, or it must be converted to a motion for summary judgment.

**Defendants' Certified Copy is Not Proper Subject of Judicial Notice**

12. Judicial notice of the Certified Copy is improper. Plaintiff disputes the Certified Copy. Under FRE Rule. 201(b), a court may only take judicial notice of a fact that is "not subject to reasonable dispute" in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id. Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000); *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 390 (D.N.J. 2010). Given the fact that

Defendants' proffered document is disputed, not matters of court record, and is offered by Defendants for the truth of the matters asserted, it is not properly the subject of judicial notice under FRE Rule 201.

13. A court may not take judicial notice of the Exhibits submitted by defendants "for the truth of the facts recited therein." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *see also McMahon v. Gen. Dynamics Corp.*, No. 2:12-CV-4994 KM MAH, 2013 WL 1164850, at *3 (D.N.J. Mar. 20, 2013). A court may take judicial notice only of the existence of certain documents, not the truth of factual assertions contained within such documents. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

14. Indeed, where, as here, defendants cite documents solely for the purported truth of the assertions contained therein, the Court should exclude those documents from consideration entirely. *See, e.g., Wah Kwong* at 427 n.7 (analogizing the acceptable uses of judicial noticeable documents to the hearsay rule).

15. Finally, even if Defendants' Certified Copy was otherwise judicially noticeable—which it is not—it may be considered only for the limited purpose of establishing its existence and not for the truth of the underlying factual statements contained therein.

**If the Court Considers Any Extrinsic Documents, Defendants' Motions to Dismiss Should Be Converted to Motions for Summary Judgment**

16. If this Court decides to consider any of the extraneous materials at issue by this motion, Rule 12(b) requires that Defendants' motions to dismiss be converted to Rule 56 motions for summary judgment, and Plaintiffs should be provided with "an opportunity to conduct necessary discovery and to submit pertinent material." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *see also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory'") (*quoting Maker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)).

## CONCLUSION

17. For the foregoing reasons, as well as for the reasons set forth in Plaintiffs' Motion to Strike, Plaintiffs respectfully request that the Court strike from the record Notice of Filing Certified Copy of Recorded Mortgage [DE 64].

**WHEREFORE**, Plaintiff, John Pinson, *pro se*, respectfully request that this Court enter an Order striking Defendants' Notice of Filing Certified Copy of Recorded Mortgage [DE 64], and for any other relief that the Court deems appropriate.

Dated: August 7, 2014                        Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed August 7, 2014

John Pinson

## Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
JPMorgan Chase & Co.

Patrick S. Scott, Esq.
patrick.scott@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendant:*
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust