UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

      Plaintiff,                                       Case No. 9:13-cv-80720-KAM
_____/

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution;
CPCC DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity; and JPMORGAN CHASE
& CO., a publicly held company,

      Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION [DE 68]
TO STRIKE NOTICE OF FILING CERTIFIED COPY OF
<u>RECORDED MORTGAGE [DE 64]</u>**

      The defendants, JPMorgan Chase Bank, National Association ("Chase"), CPCC Delaware Business Trust, and JPMorgan Chase & Co, file this response in opposition to the *pro se* plaintiff John Pinson's motion [DE 68] seeking to have the court strike the defendants' Notice of Filing [DE 64] of a certified copy of the recorded mortgage dated December 23, 2005, between John D. Pinson and Chase recorded in OR Book 19751, Pg. 36 in the Official Records of Palm Beach County, Florida (the "Mortgage"), and state:

<u>**BACKGROUND**</u>

      1.      On May 20, 2014, the plaintiff filed his second amended complaint ("Complaint") [DE 52] seeking relief under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act.

2. In response, the defendants filed their Motion to Dismiss Second Amended Verified Complaint with Prejudice and Memorandum of Law in Support ("Motion to Dismiss") [DE 58]. Attached to the Motion to Dismiss was a copy of the Mortgage, taken from the public records of Palm Beach County [DE 58-1].

3. On July 3, 2014, the plaintiff moved to strike the Mortgage attached as Exhibit "A" to the Motion to Dismiss [DE 63].

4. On July 21, 2014, the defendants concurrently filed a Response in Opposition to Plaintiff's Motion [DE 63] to Strike Mortgage Attached as Exhibit "A" to Motion to Dismiss and Request for Judicial Notice ("First Response in Opposition to Plaintiff's Motion to Strike") [DE 65], and a certified copy of the Mortgage [DE 64]. On August 1, 2014, the plaintiff replied [DE 67].

5. Then, on August 8, 2014, the plaintiff filed a Motion to Strike and Memorandum of Law ("Motion to Strike") [DE 68] directed at defendants' Notice of Filing Certified Copy of Recorded Mortgage [DE 64].

6. The defendants oppose the Motion to Strike for the reasons previously set forth in the defendants' Motion to Dismiss and their First Response in Opposition to Plaintiff's Motion to Strike, and offer this further response in support of the Court's consideration of the Mortgage in determining the Motion to Dismiss.

## LEGAL ARGUMENT

While the procedural history of this case is somewhat complicated, the legal issues are not. Defendants' Motion to Dismiss sets forth several arguments that demonstrate, as a matter of law, that plaintiff's Complaint fails to state a cause of action. One argument, which is the subject of this response, is that Chase is not a "debt collector" within the meaning of the FDCPA, and therefore it cannot be held liable under the relevant provisions of the statute. Section

1692(a)(6)(F) excludes from the definition of a "debt collector" any person/entity "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 USC § 1692(a)(6)(F). In support of the contention that Chase is not a debt collector, and therefore not liable to plaintiff for his FDCPA claim, the Motion to Dismiss alleges that Chase was the "original creditor" as evidenced by the August 9, 2012 correspondence attached to the plaintiff's Complaint. In *further* support, Chase attached a recorded copy of the Mortgage—a certified copy of the Mortgage was subsequently filed on July 21, 2014 [DE 64]—to the Motion to Dismiss, evidencing that Chase was the original lender. It follows, that while the plaintiff's Motion to Strike the certified mortgage [DE 64] is improper, Chase need not rely on the Mortgage where the August 9, 2012 letter—which is attached to, and within the four corners of the Complaint—is sufficient, standing alone, to demonstrate that Chase was the original creditor, and therefore not subject to any liability under the FDCPA.

However, to the extent that this court determines that the letter, standing alone, is not sufficient to demonstrate that Chase was the original lender, the certified copy of the Mortgage may be considered in support of defendants' Motion to Dismiss.

As a threshold matter, the certified copy of the Mortgage is self-authenticating pursuant to Fed. R. Evid. 902(4). Further, the court may take judicial notice of the Mortgage pursuant to Fed. R. Evid. 201, and the defendants request the court do so to show that Chase is the original lender of the debt at issue. *See* Fed. R. Evid. 201 (stating that a court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *See, e.g., Correa v. BAC Home Loans Servicing LP*, 2012 WL 1176701, *4 (M.D. Fla. 2012) (district court took

judicial notice of mortgage in evaluating motion to dismiss a complaint for violations of the Fair Debt Collection Practice Act).

Moreover, it is proper and within the court's discretion to look beyond the four-corners of the Complaint and consider the Mortgage as part of defendants' Motion to Dismiss, since the Mortgage is a matter of public record. *See Universal Express Inc.*, 177 Fed. Appx. 52 at 53 (finding that a district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment); *Correa v. BAC Home Loans Servicing LP*, 2012 WL at *4 (considering judicially noticed mortgage attached as exhibit by defendant at motion to dismiss stage). "This is permitted 'if the attached document is (1) central to the plaintiff's claim and (2) undisputed.'" *Id.* (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor,* 400 F.3d at 1276 (citing *Horsley v. Feldt,* 304 F.3d at 1134). Here, like in *Correa,* the Mortgage is central to the plaintiff's FDCPA allegations against the defendants, and since the authenticity is not in dispute, the court may consider it at this stage. *Correa v. BAC Home Loans Servicing LP*, 2012 WL at *4; *see also Universal Express, Inc. v. SEC*, 177 F.App'x 52,53 (11th Cir. 2006 (per curiam) (finding that a district court may consider public records without converting a motion to dismiss into a motion for summary judgment).

Finally, the plaintiff seeks to draw an arbitrary distinction between documents filed in prior cases involving the same parties and documents filed in county public records. *See* Motion to Strike, ¶10. The plaintiff argues that the former category of documents warrant judicial notice, while the latter do not. However, in *Correa* the Middle District of Florida granted the defendant's request for judicial notice of the plaintiff's mortgage on the basis that is was recorded in the public records of Orange County, Florida. *See Correa v. BAC Home Loans*

*Servicing LP, 2012 WL at* FN 13. The court went on to hold that such a recording could be judicially noticed where the publicly recorded mortgage was not subject to reasonable dispute, because it could be accurately and readily determined from sources whose accuracy could not reasonably be questioned. *Id.* Much like *Correa*, the defendants are merely requesting that for purposes of their Motion to Dismiss, the court take judicial notice of the mortgage, which is a matter of public record and not subject to reasonable dispute.

**WHEREFORE**, the Defendants request the entry of an order denying the plaintiff's motion to strike [DE 63] and taking judicial notice of the Mortgage.

Dated: August 14, 2014.

**GRAYROBINSON, P.A.**
401 E. Las Olas Blvd., Suite 1850
Fort Lauderdale, FL  33301
Telephone:     (954) 761-8111
Facsimile:      (954) 761-8112
*Counsel for Defendants*

s/Michael D. Lessne
Michael D. Lessne
Fla. Bar No. 0073881
michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served on this 14th day of August, 2014, (a) electronically upon all parties that have registered for the CM/ECF service list and (b) by first class mail and email to:

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

                                                s/Michael D. Lessne
                                                Michael D. Lessne

\823538\5200 - # 3120246 v1