UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.   9:13-cv-80720-KAM

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

FILED by ___ D.C.
AUG 25 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF'S MEMORANDUM OF LAW REPLYING
## TO DEFENDANTS' RESPONSE IN OPPOSITION [DE 69]
## TO PLAINTIFF'S MOTION TO STRIKE AND MEMORANDUM OF LAW

The Plaintiff, pro se, John Pinson files his memorandum of law replying to the Defendants' JPMorgan Chase Bank, National Association ("CHASE"), CPCC Delaware Business Trust ("CPCC"), and JPMorgan Chase & Co ("JPMC") response [DE 69] to the Plaintiff's motion to strike and memorandum of law [DE 68].

### PRELIMINARY STATEMENT

1. The Defendant's response to the Plaintiff's motion to strike fails to resolve the five issues they have put forward: 1) whether Chase is a Debt Collector ;2) The court considering exhibits outside the pleadings in a Rule 12(b)6 motion without conversion to a Rule 56 motion for summary judgment; 3) certified copy of county land records as self authenticating; 4) whether a county land records filing can be reasonably disputed; 5) if defendants' exhibit proffered outside pleadings is central to plaintiff's claim.

2. Plaintiff shows that the Court is precluded from considering exhibits to Defendants' motion to dismiss second amended verified complaint with prejudice and memorandum of law in support [DE 58] without converting the Rule 12(b) motion into a Rule 56 motion for summary judgment. That recording in the county land records shows only that a paper was filed and gives no authentication as to the contents of the paper on file. County land records may be reasonably disputed. And, the exhibit [DE 69] offered by Defendant's is not central to Plaintiff's claim. Plaintiff addresses the substantive and factual problems as follows:

3. First, Plaintiff will address Defendants "one argument, which is the subject of this response, is that Chase is not a "debt Collector" within the meaning of the FDCPA." See DE 69 page 2 ¶ Legal Argument. By <u>CHASE's own admission</u> **"We are a debt collector"** *See* page 2 Appendix F of complaint.

4. Here Defendants CHASE, JPMC and CPCC have responded together, yet argue Chase is not a "debt collector"; this is not so. Examining who a creditor is and who a debt collector, along with the pleadings, provides clarity, especially considering "term includes any creditor who … uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" *see* §1692a(6).

5. Again, by <u>CHASE's own admission</u> **"We are a debt collector"** *See* page 2 Appendix F of complaint.

6. Basically, an FDCPA "debt collector" includes anyone who regularly collects debts after they have allegedly become delinquent as agent for their owner, as well as anyone who acquires debts for their own account after they have allegedly become delinquent. *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496 (7th Cir. 2008).

7. The above conclusion is based on the definition of "debt collector" is found in 15 U.S.C. §1692a(6), which must be read together with the definition of "creditor" in 15 U.S.C. §1692a(4). A "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include– (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; . . . [and] (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent

such activity . . . (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ."

8. The Appendix to the complaint show other names used such as Bank One Financial Services Inc, Chase Home Finance LLC, and other documents Plaintiff possesses show Chase Bank USA NA; all separate legal entities using "any name other than his own which would indicate that a third person is collecting or attempting to collect such debts", and thus contrary to §1692a(6):

> "Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts"

9. It is clear in Plaintiffs "Appendix A" to the complaint, a Qualified Written Request dated April, 12, 2012, Plaintiff put forward questions about "Bank One Financial Services Inc, (and) Chase Home Finance, the holder of the mortgage". Further, Plaintiff received numerous communications from Chase Home Finance as alleged servicer stating for example "Please send payment to: Chase Home Finance LLC" clearly indicating an entity other than Defendant JPMorgan Chase Bank, NA. The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 839 F.Supp. 941, 944 (D. Conn. 1993); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

10. Moreover, <u>by CHASE's own admission</u> **"We are a debt collector"**. See page 2 of Appendix F of complaint.

11. Additionally, Defendants argues that Chase is the original creditor, yet do not deny the fact that the loan was sold into a public security, presumably a securitized trust. Defendants do not address the issue in Appendix A to the complaint where Plaintiff questions "Bank One Financial Services Inc, (and) Chase Home Finance, [as] the holder of the mortgage" and demands "to know who owns the Mortgage and who owns the Note"; a fact Defendants have failed to answer this simple question ot if either entity was a servicer. Plaintiff has letters indicating Chase Home Finance LLC as an alleged servicer. If Bank One or Chase Home Finance owned the loan or were servicer, then JPMorgan Chase Bank, NA would be considered a subsequent servicer.

12. As to the question of if JPMorgan Chase Bank, NA was an original creditor, it can be presumed that if the loan was funded by a securitization trust that Chase was not the original creditor and only thru discovery could the original creditor be identified. Further only through discovery can it be ascertained when the alleged loan was placed into the public security, and the complete chain of custody of the note and the Mortgage, and if they were separated.

13. Further, upon good reason and belief, JPMorgan Chase Bank, NA is not the originator of the loan; Plaintiff did deal with a third party mortgage broker. Plaintiff disputes JPMorgan Chase Bank, NA as originator of a loan. By CHASE's own admission **"We are a debt collector"**. See page 2 of Appendix F of complaint.

14. Second, the Defendants' erroneously argue that in this matter it is proper that the court consider matters outside the pleadings without converting their motion to dismiss into a motion for summary judgment. The Plaintiff *pro se* disagrees.
FRCP Rule 12(d) states:

> (d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

15. The exhibit filed by Defendants is not part of the pleadings. In *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002) the court noted "Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

16. Because Defendants' filed the exhibit to support a motion to dismiss and a motion to dismiss is not a pleading, the exhibit is outside of the pleadings and should not be considered without converting the motion to dismiss into a Rule 56 motion for summary judgment, thus allowing for "an opportunity to conduct necessary discovery and to submit pertinent material." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *see also Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court

considers matters outside the pleadings is 'strictly enforce[d]' and 'mandatory'") (*quoting Maker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)).

17. Third, Defendants' assert "defendants have cured the plaintiff's objection to the authenticity"[DE 65 ¶1] of the Exhibit [DE 58-1] by the filing of a certified copy of the document [DE 64]. This argument lacks merit as the exhibits [DE 58-1 & 64] clearly are not identical and are subject to dispute. DE 58-1 appears as ten (10) pages whereas DE 64 appears as six (6) pages. Further DE 58-1 contains additional markings not found on DE 64. Accordingly, because DE 64 is a separate document Plaintiff objects, reasonably disputes, and shall move to strike DE 64 under separate motion. Moreover, Plaintiff Disputes the Document as being corrupted, altered or modified prior to any recording in the County record.

18. Additionally, even if an exhibit could be authenticated, the court may not take judicial notice of Exhibits "for the truth of the facts recited therein." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *see also McMahon v. Gen. Dynamics Corp.*, No. 2:12-CV-4994 KM MAH, 2013 WL 1164850, at *3 (D.N.J. Mar. 20, 2013). A court may take judicial notice only of the existence of certain documents, not the truth of factual assertions contained within such documents. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

19. Fourth, thus all that might be proved is that a document was recorded, yet a readily disputable question remains that a recorded document may factually unreliable or may be altered before filing or fabricated in part or its entirety or may be a fiction.

20. Defendants have filed two documents [DE 58-1 & 64] purporting to be the same where on their face they are factually different. Plaintiff objects and disputes. Therefore, Plaintiff shall moved to strike document DE 64. Plaintiff Disputes the Document [DE 64] as being corrupted, altered or modified prior to any recording in the County record.

21. Fifth, in their response brief Defendants' assert "the Mortgage is central to the plaintiff's FDCPA allegations against the defendants" [DE 65 ¶ 3]. This assertion is false. Plaintiff's complaint [DE 52] does not even contain the word "mortgage" and Plaintiff did not file in any such document as an exhibit to his complaint. Defendants' erroneously cite a *Correa v. BAC Home Loans Servicing LP*, 2012 WL at *4 in support of this false assertion.

22. In *Correa v. BAC Home Loans Servicing LP*, 2012 WL at *4, "the verified foreclosure complaint and mortgage are, at the very least, central to Plaintiff's FDCPA claims" where Correa "filed Plaintiff's Notice of Filing and Request for Judicial Notice" and Correa "request[ed] the Court to take judicial notice of: (1) the assignment of Plaintiff's mortgage recorded in the Orange County, Florida public records; ... (3) the verification for the verified foreclosure complaint" among other documents. *See Correa* at *4.

23. Here, Pinson did not file in any Mortgage as an exhibit, Pinson did not request Judicial Notice be taken, and Pinson's complaint does not even contain the word mortgage, thus *Correa* is not even remotely analogous to the instant matter and therefore Defendants' exhibit should be stricken from the record.

24. Further, Defendants' erroneously cite *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005) (*citingHorsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002) to support their argument of the exhibit being "central to the plaintiff's claim".

    In *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005)

    > In *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002), we held that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. Id. Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir.1999); see also *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir.1999) (same).

    See *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005)

25. Here, the documents contents [of defendants' exhibit] are not alleged in the Plaintiff's complaint, the complaint does not even contain the word mortgage and the Plaintiff has questioned the authenticity and contents of Defendants exhibit, thus Defendants' exhibit fails to meet the "centrality requirement" as shown in *Day* and therefore Defendants' exhibit should be stricken from the record.

26. Finally, the Defendants Cite *Universal Express, Inc. v. SEC*, 177 F.App'x 52,53 (11th Cir. 2006 (per curiam) to support their argument that the "district court may consider public

records without converting a motion to dismiss into a motion for summary judgment". [DE 65 ¶3]

27. The appeals court in <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u> supports Plaintiff's assertion that:

> "When the motion is based on failure to state a claim, the district court must either limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice as required by Rule 56(c). Fed.R.Civ.P. 12(b)."

*See <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>*

28. In the <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>, "The [Securities and exchange] Commission moved to dismiss the suit brought by Universal. In support of its motion, the Commission attached the complaint it filed in the enforcement proceeding pending before the Southern District of New York." The exhibit the Court considered was a Federal District Court Record.

29. *In <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>*

> A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See <u>Bryant v. Avado Brands, Inc.</u>*, 187 F.3d 1271, 1278 (11th Cir.1999). Public records are among the permissible facts that a district court may consider. *See <u>Stahl v. U.S. Dep't of Agric.</u>*, 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *cf. <u>Bryant</u>*, 187 F.3d at 1278 (11th Cir.1999) (holding that "a court, when considering a motion to dismiss in a securities fraud case, may take judicial notice ... of relevant public documents required to be filed with the SEC"). Because the complaint filed in the Southern District of New York is a public document, the district court was not obliged to convert the motion to dismiss to one for summary *54 judgment or comply with the notice requirements of Rule 56(c). That the complaint in the New York action was filed after Universal filed its complaint does not affect its status as a public record.

*See <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>*

30. The 11th. Cir. "Holding: The Court of Appeals held that SEC complaint in civil enforcement action in another district was a public document that district court could consider without converting motion to dismiss into motion for summary judgment". <u>Universal Express, Inc. v. U.S. S.E.C., 177 Fed.Appx. 52 (2006)</u>

31. Thus the public record relied upon by the court in Universal was a complaint filed in the Federal District Court of New York, and not a county recorder's office as in the instant

matter. The county recorders office filings being readably disputable. Because Universal is not analogous to the instant matter, the exhibit should be stricken from the record.

32. For these reasons, the Court should strike Defendants' Notice of Filing Certified Copy of Recorded Mortgage [DE 64].

**WHEREFORE**, Plaintiff, John Pinson, *pro se*, respectfully request that this Court enter an Order striking Defendants' Notice of Filing Certified Copy of Recorded Mortgage [DE 64], and for any other relief that the Court deems appropriate.

Dated: August 22, 2014

Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed August 22, 2014

John Pinson

**Service List**

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
JPMorgan Chase & Co.

Patrick S. Scott, Esq.
patrick.scott@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendant:*
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust