UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80720-CIV-MARRA

JOHN PINSON,

Plaintiff,

vs.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution,
CPCC DELAWARE BUSINESS TRUST,
a/k/a CPCC DELAWARE STATUTORY
TRUST, JPMORGAN CHASE & CO.,
a publicly held company,

Defendants.
_____/

**ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Second Amended Verified Complaint with Prejudice (DE 58). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

As part of its motion to dismiss, Defendants have provided the Court with a certified copy of the mortgage between Plaintiff and Chase. (DE 64.) Defendants contend that the Court may consider the mortgage without converting the motion to dismiss into a motion for summary judgment. The Court disagrees. Here, Defendants are asking the Court to consider matters outside of the pleadings on a Rule 12(b)(6) motion to dismiss. The Court finds that the best approach is to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.[1] See Garcia v. Copenhaver, Bell & Assocs.,

---

[1] Rule 12(d) of the Federal Rules of Civil Procedure provides:

M.D.'s, P.A., 104 F.3d 1256, 1266 n.11 (11th Cir.1997) (the choice between analyzing a motion under either Rule 12(b)(6) or Rule 56 "will depend on whether the district court considered matters outside the pleadings"); Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court.") To that end, the Court hereby gives notice to Plaintiff that this Court will begin considering the Summary Judgment Motion on **September 25, 2014.**

Plaintiff may wish to consult Federal Rule of Civil Procedure 56, Southern District of Florida Local Rule 56.1, and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In response to a motion for summary judgment, a party must "go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Celotex, 477 U.S. at 324.  In other words, in order to overcome a motion for summary judgment, a party must show there is a genuine issue for trial using affidavits, depositions, answers to interrogatories, and/or admissions on file.  Additionally, Local Rule 56.1 requires that opposing parties submit a concise statement of material fact which reflects there is a

---

**Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

genuine issue to be tried.

Accordingly, Plaintiff shall file the following items with this Court by **September 12, 2014**:  (1) a memorandum of law in opposition to the Motion; (2) necessary sworn affidavits and other material in opposition to the Motion; and (3) a concise statement of material fact which contends there is a genuine issue to be tried.  If Plaintiff fails to submit the necessary sworn affidavits or the concise statement of material fact, this Court will accept all material facts set forth in the Motion as true in accordance with Local Rule 56.1(b).  If this Court grants the Motion for Summary Judgment, final judgment may be entered against Plaintiff without a full trial.

If Plaintiff <u>does</u> file a response, Defendant may file a reply thereto consistent with the Local and Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of August, 2014.

                                                              KENNETH A. MARRA
                                                              United States District Judge