UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.   9:13-cv-80720-KAM

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants._____/


FILED by ___ D.C.
SEP 12 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF PRO SE'S RULE 56(f) MOTION AND ALTERNATIVELY PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Plaintiff, John Pinson, pro se, who pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, hereby request that Defendants' (converted) Motion for Summary Judgment [D.E. 58] be denied without prejudice as the same was filed prematurely. Alternatively, the Plaintiff requests an enlargement of time to respond in opposition to the Motion for Summary Judgment up to and including fourteen (14) days after the Court has ruled on the instant Motion.

### BACKGROUND

1. On December 23, 2013, Plaintiff pro se did unilaterally file Plaintiff's Scheduling Report, Proposed Discovery Plan and Protective Order [DE 39] and, on December 27, 2013, did Motion to Approve [DE 40] the same indicating Plaintiff's need for discovery, but the Court's January 3, 2014 Order [DE 41] Denied Plaintiff's Motion without Prejudice. As noted in the Order "[t]he Court will issue its scheduling report, if appropriate, once the motions to dismiss have been resolved." See DE 41 ¶3.

2. On May 20, 2014, the Defendants: JPMorgan Chase Bank, N.A. (hereinafter "Chase"); CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust (hereinafter "CPCC"); and JPMorgan Chase & Co (hereinafter "JPMC"), filed their Motion to Dismiss Second Amended Verified Complaint with Prejudice and Memorandum of Law [DE 58], which included one Exhibit purported to be a copy of a mortgage between Plaintiff and Chase.

3. On June 25, 2014, in response, Plaintiff filed his opposition [DE 62] to Defendants' motion, and asserting that if the exhibit was considered by the Court then the motion should be converted to a motion for summary judgment, and by separate motion did move to strike [DE 63] the Exhibit. Moreover, in his opposition brief, Plaintiff repeatedly indicated his need for discovery. *See* DE 62 ¶¶ 35, 39, 40, 41, 82, 150.

4. On July 21, 2014, Defendants filed a certified copy [DE 64] of a document, from the Palm Beach County public record, purported to be a mortgage between Plaintiff and Chase. In response, Plaintiff did Move to Strike [DE 68] the filed document, and therein disputing the document. *See* DE 68 ¶¶ 8a, 12.

5. On August 26, 2014, the Court issued an Order "to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure." [DE 71 ¶ 2]. As noted by the Court in its Order, Rule 12(d) provides:

   **Result of Presenting Matters Outside the Pleadings.** If, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

   Fed. R. Civ. P. 12(d).

6. Plaintiff asserts that relief under Rule 56(f) is appropriate as to the 12(b)(6) motion converted into a Motion for Summary Judgment. Specifically, the Defendants converted 12(b)(6) motion (hereinafter "Motion for Summary Judgment") was filed without any undisputed or reliable documentary support, without supporting affidavits, and without Defendants having filed any pleadings. Further, the Motion was filed prior to the Defendants taking part in any aspect of discovery. For example, no depositions have been taken, none of the Defendants have propounded any discovery, nor has the Plaintiff pro se been afforded discovery (even where Plaintiff has indicated to the Court his need for discovery, to "give[] a reasonable opportunity to present all the material that is pertinent to the motion" FRCP 12(d).).

7. The Plaintiff cannot reasonably be expected to say what facts are and are not genuinely disputed in good faith without the benefit of discovery, or even an Answer to the Complaint. For this reason, Plaintiff asks that, pursuant to Rule 56(f), the Defendants Motion for Summary Judgment be denied without prejudice to afford the Plaintiff pro se an opportunity to conduct discovery sufficient to properly respond to the Motion upon re-filing of the same.

## MEMORANDUM OF LAW

8. Concerning Defendants Motion for Summary Judgment, Rule 56(c) states that:

   [t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

   *See* Fed.R.Civ.P.56(c). Thus, the parties may rely upon four (4) categories of documents in support or opposition of a Motion for Summary Judgment, namely: (1) pleadings; (2) discovery; (3) disclosures on file; and (4) affidavits. *Id.* However, as of the filing of the instant Motion: Defendants have not filed any pleadings as defined by Rule 7(a); the Defendants have not taken or produced any discovery; the Defendants have not provided disclosures including the 26(a)(1) initial disclosures; and the Defendants have failed to file any affidavits in support of their Motion for Summary Judgment. Thus, Defendants have failed to present any of the specific support required by Rule 56(c) sufficient to show that there is no genuine issue as to any material fact, and Plaintiff has not had an opportunity to gather the necessary information required to respond in opposition to the Defendants' Motion.

9. For just this reason Rule 56(f) states that:

   [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

   *See* Fed.R.Civ.P. 56(f).[1]

10. While Rule 56(c) allows a party to move for summary judgment "at any time until 30 days after the close of all discovery," in general, "[s]ummary judgment should not . . . ordinarily be granted before discovery has been completed." See <u>Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Ins. Co.</u>, 606 F.2d 602, 609 (5th Cir. 1979);[2] <u>Snook v.</u>

---

[1] While Rule 56(f) specifically calls for an affidavit, in the Eleventh Circuit, "a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) in order to invoke the protection of that Rule." See <u>Allen v U.S. EEOC Office</u>, 2010 WL 653329 *2 (11th Cir. 2010)(*quoting* <u>Snook v. Trust Co. of Ga. Bank of Savannah, N.A.</u>, 859 F.2d 865, 871 (11th Cir. 1988)).

[2] The decisions of the former Fifth Circuit entered before October 1, 1981 are binding precedent in this Circuit. See <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206 (11th Cir. 1981).

*Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *WSB_TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)(it was error for the trial court to consider defendant's motion for summary judgment where the plaintiff "had been afforded no opportunity for discovery."); *Metropolitan Life Ins. Co. v. Bancorp Services, LLC*, 527 F.3d 1330, 1336-37, and *fn1* (Fed. Cir. 2008)(noting that it is "the prevailing rule in all circuits" that "the parties must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment"); and *Thomas v. Maui Tacos/Tiki Takiz, LLC*, 2005 WL 2002079 (M.D. Ala. 2005)(granting 56(f) relief where no discovery had been conducted).

11. Although it is ordinarily the burden of the non-moving party to show that specific discovery is needed and that such discovery would or could show a disputed issue of material fact, *Snook*, 859 F.2d at 870 (noting that where "documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials"), **"[w]hen, as here, there has been no adequate initial opportunity for discovery, a strict showing of necessity and diligence that is otherwise required for a Rule 56(f) request for additional discovery does not apply."** See *Metropolitan Life Ins. Co.*, 527 F.3d at 1337 (internal citations omitted)(emphasis added). Thus, the Plaintiff pro se need not show what specific discovery he would require in order to be able to respond to the Motion for Summary Judgment.

12. In any event, Plaintiff pro se can identify numerous examples of necessary discovery that remains to be taken before the Plaintiff can adequately respond to the Motion for Summary Judgment. For example, despite Plaintiff's repeated demands for validation under FDCPA and qualified written requests under RESPA and TILA, the Defendants have failed to identify exactly the name of the "public security" the loan was sold into and simply argue that CPCC manages the security, a reference to facts not in evidence where no document has been produced with the unnamed security authorizing CPCC to manage the security, and that Chase is authorized to service the loan, again a reference to facts not in evidence where no document has been produced with the unnamed security authorizing Chase to service the loan such as in a pooling and servicing agreement. Defendant's failure to identify exactly

who the loan was sold to is a failure to comply with the FDCPA, which is designed to protect consumers from such actions, and Plaintiff needs discovery to get relevant answers.

13. Another example of necessary discovery is that, Defendants Motion for Summary Judgment includes reference to a document attached to Defendants Motion for Summary Judgment. This document was not central to Plaintiff's complaint, was not attached to plaintiff's complaint and is not referenced in Plaintiff's complaint. However, the attachment is not authenticated, and cannot be relied upon either in support or in opposition of a motion for summary judgment. *See* Saunders v. Emory Healthcare, Inc., 2010 WL 65170 *2 (11th Cir. Jan. 11, 2010). Defendants filed in a certified copy of the document and Plaintiff has disputed the document, *See* DE 68 ¶¶ 8a, 12. Discovery in the form of interrogatories, requests for production requests for admissions, and depositions would need to be taken in order to establish what changes, additions or modifications were made to the document after execution and before recordation, and their implications if arguendo the document was an original that would shed additional light on the "facts" alleged by the Defendants in their Motion.

14. Putting aside the fact that it is the Defendants' burden to produce evidence in support of their own Motion for Summary Judgment, Plaintiff's investigation is ongoing, and discovery has yet to commence. Plaintiff pro se must be given an opportunity to conduct discovery to support the allegations made in his Second Amended Verified Complaint and to respond to Defendants' Motion for Summary Judgment. Plaintiff cannot be expected to make a substantive response as required by Rule 56(e) to the claims in Defendants' Motion for Summary Judgment without an opportunity to conduct discovery as to the connection and relationship between the Defendants, and the other matters raised in his Second Amended Complaint. Postponement of a ruling on the motion will enable Plaintiff, by discovery or other means, to rebut Defendants' claimed showing of the absence of a genuine issue of material fact. Wingster v. Head, 318 Fed.Appx. 809, 813-14 (11th Cir. 2009).

15. Given the posture of this case, namely:
    - Defendants have not filed an Answer to the Complaint;
    - Defendants have not filed any Affirmative Defenses;
    - Defendants have not provided any initial disclosures;
    - Plaintiff has yet to be afforded any opportunity for necessary discovery;

- Defendants have not taken any discovery;
- No depositions have been taken;
- Defendants' Motion to Dismiss was converted to a Motion for Summary Judgment; and
- The Court has yet to rule on Motion to adopt Discovery Report and Scheduling Order;

the Plaintiff is not yet in a position to present facts (supported by testimony and documents in an admissible form) sufficient to justify an opposition to Defendants' Motion for Summary Judgment. Furthermore, given that this action is in its infancy and that no substantive discovery has been taken, the instant Motion should be granted without need for the Plaintiff to show what specific discovery is required. See *Metropolitan Life Ins. Co.*, 527 F.3d at 1337.

## MOTION FOR ENLARGEMENT OF TIME

16. In the event that the Court does not grant the Plaintiff pro se's Rule 56(f) Motion above, Plaintiff requests an enlargement of time to respond in opposition to the Defendants' Motion for Summary Judgment up to and including twenty-one (21) days after the Court has ruled on the Rule 56(f) Motion.

17. The instant request, made in good faith, is not merely for delay or burden, and the relief requested will prejudice no party. Rather, Plaintiff pro se asserts that good cause exists pursuant to Rule 6(b)(1)(a) for the requested extension of time. Plaintiff intends to oppose the Defendants' Motion for Summary Judgment and plans to file his own Motion for Summary Judgment once discovery is complete. However, Plaintiff pro se does not believe that there is sufficient information or evidence available to reasonably respond to the Defendants' Motion for Summary Judgment at this time.

**WHEREFORE**, Plaintiff pro se, John Pinson, respectfully requests that the Honorable Court deny Defendants' Motion for Summary Judgment without prejudice to allow the Plaintiff sufficient opportunity to conduct discovery and to prepare a response in opposition to the Motion upon re-filing. Specifically, Plaintiff asks that the Defendants' Motion for Summary Judgment be denied and that the Court instruct the parties not to file any other Motions for Summary Judgment until at least the close of discovery.

Dated: September 11, 2014

Respectfully Submitted,

_____

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 11, 2014

_____

John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
JPMorgan Chase & Co.

Patrick S. Scott, Esq.
patrick.scott@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendant:*
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust