UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

        Plaintiff,                                Case No. 9:13-cv-80720-KAM

_____/

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution;
CPCC DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity; and JPMORGAN CHASE
& CO., a publicly held company,

        Defendants.

_____/

## DEFENDANTS' RESPONSE TO AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION [DE 72]

Defendants, JPMorgan Chase Bank, National Association, CPCC Delaware Business Trust, and JPMorgan Chase & Co., submit their Response to and Memorandum of Law in Opposition to Plaintiff's Rule 56(f) Motion and Alternatively Plaintiff's Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment [DE 72]. For the reasons set forth below, Defendants request that Plaintiff's motion be denied, and that the Court proceed in considering Defendants' motion to dismiss under Rule 56.

## INTRODUCTION

Having been granted the relief he requested, Plaintiff now attempts to argue—disingenuously—that this Court's August 26, 2014 order (the "Order") converting Defendants' Rule 12(b)(6) motion to dismiss [DE 58] into a motion for summary judgment (the "Converted MSJ") is improper. Prior to this Court's entry of the Order, Plaintiff filed four motions, replies,

and memoranda of law in support of his position that the Court should not consider his mortgage in considering the Converted Motion, and that the Defendants' 12(b)(6) motion should therefore be converted into a Rule 56 motion for summary judgment. *See* DE 63, DE 67, DE 68, and DE 70. Plaintiff's latest filing, titled "Plaintiff's Pro Se Rule 56(f) Motion and Alternatively Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment" (the "Motion")  is not only diametrically opposed to his  previous position, but it is also in direct contravention with the Order.

The Order required plaintiff to file the following items with the Court by September 12, 2014: (1) a memorandum of law in opposition to Defendants' converted motion for summary judgment; (2) sworn affidavits and other material in opposition to Defendants' motion for summary judgment; and (3) a concise statement of material fact which contends there is a genuine issue to be tried. The Order further provides: "[i]f Plaintiff fails to submit the necessary sworn affidavits or the concise statement of material fact, this Court will accept all material facts set forth in the Motion as true in accordance with Local Rule 56.1(b)." September 12, 2014 has since passed, and Plaintiff, as of the date of filing this response, has neglected to provide the Court with any of the items listed above, instead seeking to file the Motion.

The Motion fails to demonstrate any entitlement to the saving provisions set forth in Rule 56(d) or any entitlement to an enlargement of time to comply with the order. The Motion is not supported by an affidavit or declaration. More importantly, Plaintiff does not set forth the facts he would discover that would create a genuine issue of material fact precluding the entry of summary judgment. It is clear by the substance (rather, lack of substance) of the Motion and by the timing of its filing (on the deadline to comply with the Order) that Plaintiff merely seeks to delay resolution of this case.

2

**ARGUMENT**

### 1. Relevant Issues

The Court is well aware of the procedural history of this case so a recitation of the facts is unwarranted, but there are a few facts worth highlighting.  Plaintiff commenced this action more than a year ago on July 26, 2013, and on April 22, 2014, Plaintiff filed the operative Second Amended Complaint [DE 52].  Defendants responded by filing the Converted MSJ.  The Converted MSJ addresses the substantive deficiencies of the Second Amended Complaint, provides the case law setting forth the elements of claims for violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), and explains how the complaint fails to meet these standards.  Simply, the well-pleaded facts alleged in the Second Amended Complaint fail to state a cause of action under either consumer protection statute and Plaintiff has not identified any fact that he expects to discover that would change this result.

### 2. Rule 56(d) Standard

As a threshold matter, Defendants are operating under the assumption that Plaintiff has mistakenly designated his Motion as a Rule 56(f) motion instead of what should be a Rule 56(d) motion. In 2010, the Federal Rules of Civil Procedure were amended where Rule 56(d) incorporated, without substantial change, the provisions of former Rule 56(f). Fed. R. Civ. P. 56(d) advisory committee's notes (2010). Rule 56(d) provides in pertinent part: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1)  defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). However, Rule 56(f), titled "Judgment Independent of the Motion"

provides the means with which the Court may grant or consider motions for summary judgment. Fed. R. Civ. P. 56(f).

In order "to obtain a Rule 56(d) continuance, the party must 'set forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment.'" *See Cordero v. Readiness Mgmt. Support, L.C.*, 2012 WL 3744513, *3 (M.D. Fla. Aug. 29, 2012). "A party may not simply 'rely on vague assertions that additional discovery will produce needed, but unspecified facts;' rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* "Because the burden on a party resisting summary judgment is not a heavy one, one must <u>conclusively justify the entitlement to the shelter of [Rule 56(d)]</u> by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e)." *Id.* (emphasis added).

Thus, Plaintiff must explain *what* discoverable material he believes exists and *why* additional time is needed, and how the discovery will reasonably create a genuine dispute of material fact to defeat summary judgment. *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) (emphasis added); *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) ("[t]he district court also properly refused to allow plaintiff further discovery to search for evidence it thought 'may exist.'"); *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 798 (8th Cir. 1996). To present a plausible basis for a belief that additional discoverable material exists, the party must present reasons that rise above mere speculation. *Resolution Trust Corp. v. N. Bridge Associates, Inc.*, 22 F.3d 1198, 1206 (1st Cir. 1994); *California v. Campbell*, 138 F.3d

4

772, 779-80 (9th Cir. 1998) ("'denial of a Rule 56(f) [now 56(d)] application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.'").

The saving provisions of Rule 56(d) are easily subject to abuse by those seeking to avoid summary judgment. A mere reference to Rule 56(d) and a corresponding memorandum of law, is not an adequate substitute for a Rule 56(d) affidavit. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (affirming denial of Rule 56(d) motion for continuance based on nonmoving parties failure to file an affidavit and only protesting the need for additional discovery in its brief); *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004) ("[t]o prevail under this Rule [FRCP 56(d)], parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'. . . 'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'").

While the Eleventh Circuit has said that "a party opposing a motion for summary judgment need not file an affidavit pursuant to [Rule 56(f)], to obtain relief under the rule (e.g. a deferral of consideration of the MSJ), the "party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery." *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988).  Additionally, as to timing, as a general rule, the motion for continuance and affidavit or declaration should be filed before the deadline to file the response to the motion for summary judgment, or at the latest, they should accompany the response. *See McKissick v. Yuen*, 618 F.3d 1177, 1190 (10th Cir. 2010).

**3. Plaintiff has Failed to Demonstrate that Discovery Would or Could Show a Disputed Issue of Material Fact**

The Motion is an untimely application which fails to specifically identify the relevant information that Plaintiff seeks to obtain through discovery that would defeat the MSJ. Plaintiff alleges that he can "identify numerous examples of necessary discovery" that remain to be taken before he can adequately respond to Defendants' MSJ. *See* Motion, ¶ 12. However, he identifies only two examples where he believes discovery is necessary to respond with respect to the FDCPA claim, in both of which he fails to state with any particularity the facts he expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. Plaintiff fails to identify any discovery that is needed to controvert Defendants' MSJ as to Plaintiff's FCCPA claim.

First, Plaintiff states that "Defendants have failed to identify exactly the name of the 'public security' the loan was sold into" which is "a failure to comply with the FDCPA." *See* Motion, ¶ 12. However, Plaintiff has not set forth how discovery of the name of the public security would create a genuine issue of material fact, and a review of the law reveals that it would not. As set forth in the Converted MSJ, Plaintiff has failed to set forth factual allegations that meet the elements of an FDCPA claim: (1) that Plaintiff has been the object of collection activity arising from a consumer debt; (2) that Defendants qualify as "debt collectors" under the FDCPA, and (3) that Defendants have engaged in prohibited acts or have failed to perform a requirement imposed by the FDCPA. *Converted MSJ, Pg. 6.* The identity of the public security in no way changes this result, and accordingly, Plaintiff's request for discovery is an inadequate basis for relief under Rule 56(d).

Second, Plaintiff provides that he disputes the authenticity of the mortgage cited and attached to Defendants' MSJ, despite the fact that Defendants filed a certified copy of the

mortgage on July 21, 2014 [DE 64]. *See* Motion, ¶ 13. This request for discovery to determine the authenticity of the certified mortgage filed by Defendants is inadequate, and a wholly insufficient basis to warrant this Court's grant of a continuance. Plaintiff states in a conclusory fashion that he disputes the authenticity of the document. *See* Motion, ¶ 13. However, he fails to set forth with particularity what facts he expects to discover, the basis for his dispute, and how the lack of authenticity of the certified mortgage would create a genuine issue of material fact precluding summary judgment.

A plaintiff must "conclusively justify the entitlement to the shelter of Rule 56(d) by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e)." *See Cordero*, 2012 WL 3744513 at *3. Here, Plaintiff has not presented a plausible basis for a continuance to seek discovery where he has not set forth any facts that create an issue for summary judgment, and his dispute as to the authenticity of the certified mortgage is based on mere speculation. *California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) ("'denial of a Rule 56(f) [now 56(d)] application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation.'").

### 4. Conclusion

Plaintiff has failed to comply with the Order.  He has further failed to meet his burden under Rule 56(d) of demonstrating, beyond mere speculation, any need for additional discovery, and he has not demonstrated how discovery will produce evidence sufficient to raise an issue of material fact defeating the Converted MSJ.  For these reasons, Defendants request that the Court deny the Motion, and consider the Converted MSJ on the schedule as set forth in the Order.

Dated: September 19, 2014.

**GRAYROBINSON, P.A.**
401 E. Las Olas Blvd., Suite 1850
Fort Lauderdale, FL  33301
Telephone:    (954) 761-8111
Facsimile:     (954) 761-8112
*Counsel for Defendants*

s/Michael D. Lessne
Thomas H. Loffredo
Fla. Bar No. 870323
Michael D. Lessne
Fla. Bar No. 73881
michael.lessne@gray-robinson.com
Camilla J. Cohen
Fla. Bar No. 106811
camilla.cohen@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served on this 19th day of

September, 2014, (a) electronically upon all parties that have registered for the CM/ECF service

list and (b) by first class mail and email to:

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

s/Michael D. Lessne
Michael D. Lessne

# 3179157 v2