# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

CASE NO.    9:13-cv-80720-KAM

John Pinson,

       Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

          Defendants.     /



FILED by _____ D.C.

SEP 2 4 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF'S REPLY TO
## DEFENDANTS' RESPONSE [DE 73] TO PLAINTIFF'S MOTION [DE 72]

COMES NOW, Plaintiff, John Pinson, pro se, who submits his reply to Defendants' Response to and Memorandum of Law in Opposition [DE 72] to Plaintiff's Rule 56(f) Motion and Alternatively Plaintiff's Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment [DE 72]. For the reasons set forth below, Plaintiff hereby request pursuant to Rule 56(f) of the Federal Rules of Civil Procedure that Defendants' (converted) Motion for Summary Judgment [D.E. 58] be denied without prejudice as the same was filed prematurely. Alternatively, the Plaintiff requests an enlargement of time to respond in opposition to the Motion for Summary Judgment up to and including fourteen (14) days after the Court has ruled on the instant Motion.

1.  As an initial matter, Defendants complain that the pro se "Plaintiff has mistakenly designated his Motion as a Rule 56(f) motion instead of what should be a Rule 56(d)."[DE 73 pg.3 ¶2] In 2010, significant amendments were made to the Federal Rules of Civil Procedure, including renumbering Rule 56(f) as Rule 56(d). However, the language of subsection (d) has not been substantially altered, and the prior case law addressing Rule 56(f) applies with equal force to the current Rule 56(d). *Jones v. Second*, 684 F.3d 1, 5 n. 2 (1st Cir.2012); *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 n. 7 (9th Cir.2012); *Hendricks v. Rambosk*, No. 2:10–cv–526–FtM–29DNF, 2011 WL 1429646, at *5 n. 1 (M.D.Fla. Apr.14, 2011).

2. "Defendants have moved for summary judgment before any aspect of discovery has even commenced."[1] "As of today, no depositions have been taken, defendants have not propounded any discovery, and **plaintiff has been offered no opportunity for discovery**, in fact, no scheduling order has been issued by this court and the parties have not agreed upon a scheduling report instead each filing unilateral reports."[2]

3. Plaintiff asks the Court to deny Defendants' Motion for Summary Judgment without prejudice so that he may conduct discovery sufficient to properly respond to the Motion upon its re-filing. "Plaintiff states that he cannot reasonably be expected to argue what facts are and are not genuinely disputed in good faith without the benefit of discovery."[3]

4. Defendants opposition brief cites many cases where parties sought "additional" discovery, and in those the parties moved under Rule 56(f) because of need of '"additional" discovery. *See generally* DE 73, and specifically: "additional discovery"[DE 73 pg.4 ¶1], "additional time"[DE 73 pg.4 ¶2], "further discovery"[ DE 73 pg.4 ¶2], additional discoverable"[DE 73 pg.4 ¶2], "additional discovery"[DE 73 pg.5 ¶1], "seeking additional discovery"[DE 3 pg.5 ¶1]. For example in a case Defendant relies on heavily, the Court found "(2) Plaintiff has been free to commence discovery since October 2011; (3) Defendant made initial disclosures of witnesses in November 2011; and (4) there is 'no showing that Plaintiff was prevented from serving Notices or subpoenas with regard to depositions, as contemplated by the Federal Rules.'" See *Cordero v. Readiness Mgmt. Support, L.C.*, 2012 WL 3744513, *2 (M.D. Fla. Aug. 29, 2012) This is not analogous this case, where "**Plaintiff has been offered no opportunity for any discovery, and is not seeking additional discovery now**."[4]

5. While Rule 56(c) allows a party to move for summary judgment "at any time until 30 days after the close of all discovery," in general, "[s]ummary judgment should not . . . ordinarily be granted before discovery has been completed." See *Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979)[5]; *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the

---

[1] *See* Exhibit A, Affidavit of John Pinson ¶1.
[2] *See* Exhibit A, Affidavit of John Pinson ¶2.
[3] *See* Exhibit A, Affidavit of John Pinson ¶3.
[4] *See* Exhibit A, Affidavit of John Pinson ¶4.
[5] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

motion has had an adequate opportunity for discovery"); *WSB_TV v. Lee*, 842 F.2d 1266,
1269 (11th Cir. 1988)(**it was error for the trial court to consider defendant's motion for
summary judgment where the plaintiff "had been afforded no opportunity for
discovery."**)(emphasis added); *Metropolitan Life Ins. Co. v. Bancorp Services, LLC*, 527
F.3d 1330, 1336-37, and n.3 (Fed. Cir. 2008) (noting that it is "the prevailing rule in all
circuits" that **"the parties must be afforded adequate time for general discovery before
being required to respond to a motion for summary judgment"**); *Thomas v. Maui
Tacos/Tiki Takiz, LLC*, No. 05-CV-169, 2005 WL 2002079 (M.D. Ala. Aug. 17,
2005)(granting Rule 56(f) relief where no discovery had been conducted).

6.  "Plaintiff cannot make a substantive response as required by Rule 56(e) without receiving
    Defendants' responses to discovery requests and having taken necessary deposition
    testimony."[6] Postponement of a ruling on the motion will enable Plaintiff, by discovery or
    other means, to rebut Defendants' claimed showing of the absence of a genuine issue of
    material fact. *Wingster v. Head*, 318 Fed.Appx. 809, 813-14 (11th Cir. 2009).

7.  If a party opposing [a summary judgment] motion shows by affidavit[7] that, for specified
    reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the
    motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken,
    or other discovery to be undertaken; or (3) issue any other just order.

8.  "Due to an inadvertent error by the pro se Plaintiff, an affidavit was not attached to his 56(f)
    Motion"[8],[9] but an affidavit in support of his 56(f) motion is attached to this reply.  "The
    Federal Rules reject the approach that pleading is a game of skill in which one misstep …
    may be decisive to the outcome and accept the principle that the purpose of pleading is to
    facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99,
    103, 2 L.Ed.2d 80 (1957).

9.  This excusable neglect is because a member of the pro se's immediate family, who depends
    upon Plaintiff for assistance and emotional support, recently had surgery and is undergoing

---

[6] See Exhibit A, Affidavit of John Pinson ¶5.
[7] While Rule 56(f) specifically calls for an affidavit, "a party opposing a motion for summary judgment need not file
an affidavit pursuant to Rule 56(f) in order to invoke the protection of that Rule. *Allen v. U.S. EEOC office*, No. 09-
14640, 2010 WL 653329, *2 (11th Cir. Feb. 24, 2010) (*quoting Snook*, 859 F.2d at 871). Instead, "written
representation by [the movant] … [are] in the spirit of Rule 56(f)..." *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146
(5th Cir. 1973).
[8] *id*
[9] *See* Exhibit A, Affidavit of John Pinson ¶6.

treatment, and this has added a time burden upon Plaintiff and also taken a heavy emotional toll, causing Plaintiff to be tired, lack focus, loose sleep, and a experience a general loss of available time. **It is also for this reason that the pro se did request an enlargement of time to answer the summary judgment in the alternative.**

10. Summary judgment cannot be granted on the basis of statements of fact in the moving party's brief even though they are uncontroverted by an opponent. _Trinsey v. Pagliaro_, 229 F. Supp. 647 (E.D.Pa. 1964); Wright & Miller, Federal Practice and Procedure, Vol. 10, Sec. 2723, p. 489. Similarly, the court may not take cognizance of positions regarding the facts based upon exhibits that are merely parts of the briefs and have not been otherwise verified or supported. _Goldman v. Summerfield_, 94 U.S.App.D.C. 209, 214 F.2d 858 (1954). Here, Defendants have filed no affidavits and rely on statements of counsel, mere hearsay.

11. Rule 56(d) provides in pertinent part that if a party opposing summary judgment shows "that, for specified reasons, it cannot present facts essential to justify its opposition," the court may grant appropriate relief. In short, Rule 56(d) affords a safety net for parties that need to gather facts essential to resist a motion for summary judgment. _Celotex Corp. v. Catrett_, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that "[a]ny potential problem with [a] premature [motion for summary judgment] can be adequately dealt with under [this rule]"); _Rivera-Torres v. Rey- Hernández_, 502 F.3d 7, 10 (1st Cir.2007) (similar). **This safeguard, when properly invoked, serves as a way of ensuring that judges will not "swing[] the summary judgment axe too hastily."** _Rivera-Torres_, 502 F.3d at 10 (_quoting Resolution Trust Corp. v. N. Bridge Assocs., Inc._, 22 F.3d 1198, 1203 (1st Cir.1994) (internal quotation marks omitted))(emphasis added). The reason why Plaintiff cannot present essential facts here is because plaintiff has been offered no opportunity for discovery.

12. The "Plaintiff filed his Rule 56(f) motion because the Rule places that responsibility squarely on the shoulders of the party opposing the motion."[10] _See Mir-Yépez v. Banco Popular de P.R._, 560 F.3d 14, 15-16 (1st Cir.2009); _N. Bridge Assocs., Inc._, 22 F.3d at 1203.

13. To create a genuine issue of material fact, "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial." _Mack v. Great Atl. & Pac. Tea Co._, 871 F.2d 179, 181 (1st Cir.1989). "Statements of counsel in their

---

[10] _See_ Exhibit A, Affidavit of John Pinson ¶7.

briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey*, 229 F. Supp. at 649.

14. Defendants have asserted in their reply that Plaintiff is not entitled to discovery under Rule 56(f) because Plaintiff "fails to specifically identify the relevant information that Plaintiff seeks to obtain through discovery that would defeat the MSJ" [DE 73 pg.6 ¶1]. Plaintiff gave two examples of needed discovery in his 56(f) Motion [DE 72] that defendants complain are insufficient, therefore Plaintiff will clarify and go further.

15. In the first instance, Defendants argue Plaintiff has no need for the name of the public security that the loan was sold to. Plaintiff contends this is not so. Plaintiff contends that it is only the owner of the loan, the public security, that can testify to who the investors in the security are; "no owner of the loan security has identified specifically who the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to the same."[11] It is only the owner of the loan, the public security, that can testify to the contractual delegation of its management; "Defendants have failed to show agreements authorizing CPCC to manage the unknown security that owns the loan and have produced no affidavit by a competent person duly authorized and attesting to the same."[12] It is only the owner of the loan, the public security, that can testify to the contractual delegation of servicing to Chase from CPCC; "Defendants have failed to show any agreement authorizing Chase to act on behalf of CPCC and have produced no affidavit by a competent person duly authorized and attesting to the same."[13] Here Defendants rely only on statements of council, mere hearsay and conjecture, and it is problematic that Defendants have provided no affidavits supporting their position and no competent evidence is found in the record supporting their position. Defendants refusal to identify the public security obfuscates the facts and hides the securitization mechanism behind a curtain. Thus, genuine dispute of material fact exists and discovery is warranted.

16. In the second instance, Defendants argue Plaintiff has no need of discovery into the exhibit and documents filed by Defendants and disputed by Plaintiff. Plaintiff contends this is not so. "Defendants have produced no affidavit, sworn and attested to by a responsible party legally

---

[11] *See* Exhibit A, Affidavit of John Pinson ¶8
[12] *See* Exhibit A, Affidavit of John Pinson ¶9.
[13] *See* Exhibit A, Affidavit of John Pinson ¶10.

authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss."[14] "Plaintiff objects to the exhibit and document as hearsay."[15] Arguendo if it is the original document, then Plaintiff states that changes, additions or modifications were made to the document after execution and before recordation, and thus these improper changes could render the document void. Specifically the "Plaintiff states he did not sign any document with this mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document:



this number on the left side "4261886+1" is unknown to Plaintiff."[16] It is generally known that private label registration systems similar to MERS exist and that a fact question remains as to what this mark is and is it a registration system mark. Arguendo if the mark was affixed to the document after execution then the document has been altered, and further, if the mark was affixed to the document after execution and before recordation the inference arises that the loan was securitized and since this document appears executed on December 23, 2005, and recorded on January 10, 2006, the events that transpired in the time in-between warrant discovery as the inference is that the loan was securitized and funded by the unknown investors in the unknown security that owns the loan. This goes back to need for discovery, best addressed to the public security, to determine when the loan was placed into the security and the timeline of events that transpired. There is a genuine dispute of material fact.

17. In a third instance, Defendants contend that Chase was the original creditor, but Plaintiff asserts, based on the above arguendo, that if the loan was securitized and funded by the investors in the security, then Chase was never the original creditor and as such Chase would not be excluded as a debt collector under §1692(a)(6)(f) or it's subdivisions. Moreover, arguendo if Defendants rely upon the exhibit and document Defendants filed into this action,

---

[14] *See* Exhibit A, Affidavit of John Pinson ¶11.
[15] *See* Exhibit A, Affidavit of John Pinson ¶12.
[16] *See* Exhibit A, Affidavit of John Pinson ¶13.

which warranted the conversion of the 12(b)(6) motion into a summary judgment motion, then the Defendants are attempting to rely on a "security instrument" and §1692(a)(6) states in part that "for the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" and thus Defendants would be considered debt collectors under the FDCPA. As a side note, the FCCPA applies to both original creditors and third parties.

18. In a fourth instance. In a conversation at the time of application for loan modification, "Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization."[17] Thus indicating Chase was not the original creditor or originator and contrary to Defendants position. This evidences a genuine dispute of material fact and warrants discovery.

19. In a fifth instance, Defendants have asserted that JPMorgan Chase Bank NA was the original servicer and "Plaintiff states that Chase Home Finance LLC was the servicer."[18] This fact is in dispute. To support his contention Plaintiff appends communications received from Chase Home Finance LLC evidencing his contention. see Exhibit "B" & "C". "Plaintiff received no notice of transfer of servicer."[19] A genuine issue of material fact exists and discovery is warranted into what transpired and when.

20. In a sixth instance, the Appendix to His SAC Plaintiff included the Qualified Written Request ("QWR") [DE 54 app A] he sent to Chase. The in the QWR he indicated that "Plaintiff was told he needed to become delinquent in order to apply for any loan modification."[20] The appended statements noted above from Chase Home Finance LLC indicate arrearages. The appended letter from Watson dated June 24, 2011, which is an attempt to collect, indicated Watson "represents BANK ONE FINANCIAL SERVICES, INC, CHASE HOME FINANCE, the holder of the mortgage" and the file number is "11-13285". *see* Exhibit "D". The number "11-13285" is hand written at the bottom right of the first page of Defendants Exhibit to its Motion to Dismiss. *See* DE 58-1. This indicated Chase

---

[17] *See* Exhibit A, Affidavit of John Pinson ¶14.
[18] *See* Exhibit A, Affidavit of John Pinson ¶15.
[19] *See* Exhibit A, Affidavit of John Pinson ¶16.
[20] *See* Exhibit A, Affidavit of John Pinson ¶17.

Home Finance LLC was servicer, and if arguendo JPMorgan Chase Bank NA became servicer at later date they were a subsequent servicer, notwithstanding the fact that "Plaintiff never received any transfer of servicer notice"[21], and this warrants discovery to determine facts. It is unknown what role Bank One played and this warrants discovery also. Regardless, Defendants have made representations to the court which are contrary to these exhibits provided by Plaintiff which creating a genuine issue of material fact and warrants discovery.

21. Plaintiff has met the three elements of pleading an FDCPA claim in his verified SAC:

22. First, "The Plaintiff ... is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7)"[SAC ¶11] and "[t]he communications in question here are all related to the collection of a consumer debt"[SAC ¶27] and "[a]t all times material to the allegations of this Complaint, Defendants were acting as debt collectors with respect to collection of Plaintiff's alleged debt"[SAC ¶22] and "Defendants continue to attempt to enforce and collect an alleged non-existent debt with Defendants"[SAC ¶57].

23. Second, As previously noted Defendants are "debt collectors". "Chase would not be excluded as a debt collector under §1692(a)(6)(f) or it's subdivision"¶17 and "the Defendants are attempting to rely on a "security instrument" and §1692(a)(6) states in part that "for the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" and thus Defendants would be considered debt collectors under the FDCPA."¶17 Additionally, "Defendants erroneously argue that Res Judicata applies; Plaintiff contends it does not as Defendants fail to present any valid argument of issue preclusion or claims preclusion." See DE 62 ¶73.

24. Third, any "[a]lleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempts to collect the alleged debt, violated rights of the Plaintiff"[DE 52 ¶25] and "Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:"[DE 52 ¶61] *See* SAC ¶58, 62-74 generally.

25. Having met the elements of an FDCPA claim, and similarly an FCCPA claim, and having demonstrated genuine disputes of material fact, discovery is proper and warranted to properly

---

[21] *See* Exhibit A, Affidavit of John Pinson ¶18.

answer Defendants' premature summary judgment motion. "Plaintiff merely seeks sufficient information to make proper factual representations to the Court."[22]

26. "[I]t is the duty of all courts of justice to take care, for the general good of the community, that hard cases do not make bad law." *United States v. Clark*, 96 U.S. 37, 49, 24 L.Ed. 696 (1877) (Harlan, J., dissenting) (*quoting Lord Campbell in East India Co. v. Paul*, 13 Eng. Rep. 811, 821 (P.C. 1849)) (internal quotation marks omitted).

27. Based on the evident genuine disputes of material fact, the Plaintiff's motion should be granted and Plaintiff should be afforded discovery. "Plaintiff seeks nothing more than a fair hearing and justice."[23]

**WHEREFORE**, Plaintiff pro se, John Pinson, respectfully requests that the Honorable Court deny Defendants' opposition and deny Defendants' Motion for Summary Judgment without prejudice to allow the Plaintiff sufficient opportunity to conduct discovery and to prepare a response in opposition to the Motion upon re-filing. Specifically, Plaintiff asks that the Defendants' Motion for Summary Judgment be denied and that the Court instruct the parties not to file any other Motions for Summary Judgment until at least the close of discovery.

Dated: September 24, 2014          Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

---

[22] *See* Exhibit A, Affidavit of John Pinson ¶21.
[23] *See* Exhibit A, Affidavit of John Pinson ¶22.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 24, 2014

John Pinson

## Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
JPMorgan Chase & Co.

Patrick S. Scott, Esq.
patrick.scott@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Ft. Lauderdale, FL 33131
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendant:*
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust

# Exhibit "A"

1/13

13 PGS TOTAL

## AFFIDAVIT OF JOHN PINSON

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21 years, competent to testify and has not been convicted of a felony or misdemeanor of moral turpitude or any felony criminal offense and declares as follows under penalty of perjury regarding Case No.: 9:13-cv-80720-KAM; John Pinson v. JPMorgan Chase Bank NA et al.:

1. Defendants have moved for summary judgment before any aspect of discovery has even commenced.

2. As of today, no depositions have been taken, defendants have not propounded any discovery, and plaintiff has been offered no opportunity for discovery, in fact, no scheduling order has been issued by this court and the parties have not agreed upon a scheduling report instead each filing unilateral reports.

3. Plaintiff states that he cannot reasonably be expected to argue what facts are and are not genuinely disputed in good faith without the benefit of discovery.

4. Plaintiff has been offered no opportunity for any discovery, and is not seeking additional discovery now.

5. Plaintiff cannot make a substantive response as required by Rule 56(e) without receiving Defendants' responses to discovery requests and having taken necessary deposition testimony.

6. Due to an inadvertent error by the pro se Plaintiff, an affidavit was not attached to his 56(f) Motion.

7. Plaintiff filed his Rule 56(f) motion because the Rule places that responsibility squarely on the shoulders of the party opposing the motion.

8. no owner of the loan security has identified specifically who the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to the same.

9. Defendants have failed to show agreements authorizing CPCC to manage the unknown security that owns the loan and have produced no affidavit by a competent person duly authorized and attesting to the same.



10. Defendants have failed to show any agreement authorizing Chase to act on behalf of CPCC and have produced no affidavit by a competent person duly authorized and attesting to the same.

11. Defendants have produced no affidavit, sworn and attested to by a responsible party legally authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss.

12. Plaintiff objects to the exhibit and document as hearsay.

13. Plaintiff states he did not sign any document with this mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document: Plaintiff states he did not sign any document with this mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document:



this number on the left side "4261886+1" is unknown to Plaintiff.

14. Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization.

15. Plaintiff states that Chase Home Finance LLC was the servicer.

16. Plaintiff received no notice of transfer of servicer.

17. Plaintiff was told he needed to become delinquent in order to apply for any loan modification.

18. Plaintiff never received any transfer of servicer notice.

19. Defendants have not filed and answer to complaint or affirmative defenses. Defendants have not provided initial disclosures.

20. Defendants have not filed any affidavits.

21. Plaintiff merely seeks sufficient information to make proper factual representations to the Court.

22. Plaintiff seeks nothing more than a fair hearing and justice.



## NOTARY'S VERIFICATION

STATE OF FLORIDA                    §

COUNTY OF PALM BEACH          §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence.

## AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct, and the basis of these beliefs is my own direct personal knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Palm Beach County, Florida

September 24, 2014

_____
John Pinson

Name of Notary _____

Signature of Notary _____          seal

KAREN A. GUZZO
Notary Public - State of Florida
My Comm. Expires Sep 16, 2016
Commission # EE 829638
Bonded Through National Notary Assn.

4/13

# Exhibit "B"





**Chase Home Finance LLC (AZ1-2516)**
1820 East Sky Harbor Circle South
Phoenix, AZ 85034-4810

IdulIıılIıılIıIlıIIıııılIlılıIıılIıılıIıılI
866 CMS 842 001 2010319 - NNNNNNNNNNNN
JOHN D PINSON
PO BOX 3386
PALM BEACH, FL 33480-1586

November 15, 2010



**Your Account Requires Your Immediate Attention**
Account: 100-900-496490010759
Property Address:    526 WESTWOOD ROAD
                     WEST PALM BEACH, FL 33401

Dear John D Pinson:

Chase Home Finance LLC ("Chase") has not yet received your overdue payment(s) on the above-referenced account. It is important that you bring your account current or contact us immediately at (800) 219-6659 to discuss options for resolving your delinquency. If payment has already been made, please disregard this notice.

Please remit $2,595.08 immediately to the address provided below.

Overnight Mail:   Chase Home Finance LLC        Regular Mail:   Chase Home Finance LLC
                  Attention Box 78035                           Attention Chase Payment Processing
                  Mail Code AZ1-2516                            Mail Code AZ1-2516
                  1820 East Sky Harbor Circle South             PO BOX 78035
                  Phoenix, AZ 85034-4810                        Phoenix, AZ 85062-8035

Funds may also be sent using Western Union Quick Collect. Please use the following information and remember to include your account number.

        Code City: CAM                          Code State: WI

After the transaction is complete, please contact us with the 10-digit Money Transfer Control Number (MTCN). Note that Western Union charges a fee for their services.

If you are unable to make a payment at this time, please contact us immediately. While alternatives may still be available, we need to hear from you to determine which option may best fit your needs.

We look forward to working with you and, while no guarantees can be made, we believe it would be beneficial for all parties to attempt to work out a resolution.

If you have any questions, please contact us at (800) 219-6659. We have experienced professionals who are available to help you. At Chase, we value you as a customer and want to ensure your continued satisfaction.

Sincerely,
Collections Department
Chase Home Finance LLC
(800) 219-6659
(800) 582-0542 TDD / Text Telephone



866 CMS 842 001 2010319 - NNNNNNNNNNNN

**Chase is a debt collector.**

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

CL708

7/13

# Exhibit "C"

8/13

**Chase Home Finance LLC (AZ1-2516)**
1820 East Sky Harbor Circle South
Phoenix, AZ 85034-4810





3939 CMS 842 001 2011097 - NNNNNNNNNNNN
JOHN D PINSON
PO BOX 3386
PALM BEACH, FL 33480-1586

April 07, 2011

**Your Account Requires Your Immediate Attention**
Account: 100-900-496490010759
Property Address:      526 WESTWOOD ROAD
                       WEST PALM BEACH, FL 33401

Dear John D Pinson:

Chase Home Finance LLC ("Chase") has made several attempts to contact you regarding your past-due payment(s) on the above-referenced account. We are concerned that we have neither received payment nor received a response from you indicating your intentions for bringing your account current.

This continued delinquency may be reported to the various consumer reporting agencies and may have an adverse effect on your credit rating. If payment has already been sent, please disregard this notice.

To resolve your delinquency, please remit $3,892.62 immediately to the address provided below.

| Overnight Mail: | Chase Home Finance LLC | Regular Mail: | Chase Home Finance LLC |
|---|---|---|---|
| | Attention Box 78035 | | Attention Chase Payment Processing |
| | Mail Code AZ1-2516 | | Mail Code AZ1-2516 |
| | 1820 East Sky Harbor Circle South | | PO BOX 78035 |
| | Phoenix, AZ 85034-4810 | | Phoenix, AZ 85062-8035 |

Funds may also be sent using Western Union Quick Collect. Please use the following information and remember to include your account number.

        Code City: CAM                    Code State: WI

After the transaction is complete, please contact us with the 10-digit Money Transfer Control Number (MTCN). Note that Western Union charges a fee for their services.

If you are unable to remit the full amount due at this time, alternatives to foreclosure may still be available. Please contact us immediately at (800) 219-6659 in order to discuss your options.

We look forward to working with you and, while no guarantees can be made, we believe it would be beneficial for all parties to attempt to work out a resolution. At Chase, we value you as a customer and want to ensure your continued satisfaction.

Sincerely,
Collections Department
Chase Home Finance LLC
(800) 219-6659
(800) 582-0542 TDD / Text Telephone



3939 CMS 842 001 2011097 · NNNNNNNNNNNN

**Chase is a debt collector.**

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

CL710



# Exhibit "D"





## LAW OFFICES
### OF MARSHALL C. WATSON, P.A.

**1800 NORTH WEST 49TH STREET, SUITE #120**
**FORT LAUDERDALE, FLORIDA 33309**
Telephone (954) 453-0365
Facsimile (954) 771-6052
Toll Free (800) 441-2438

---

June 24, 2011

**VIA EMAIL**
JOHN@PINSON.COM

PINSON, JOHN D
526 WESTWOOD ROAD, WEST PALM BEACH, FL 33401

| | | |
|---|---|---|
| RE: | Property Address: | 526 WESTWOOD ROAD WEST PALM BEACH, FL 33401 |
| | Owner: | PINSON, JOHN D |
| | Mortgagor: | JOHN D PINSON |
| | Our File #: | 11-13285      Loan #: 000000010397108 |

Dear Sir/Madam:

This firm represents BANK ONE FINANCIAL SERVICES, INC., CHASE HOME FINANCE, the holder of the mortgage on the above referenced property. We are attempting to collect the money due under that mortgage and any information obtained from you will be used for that purpose. Our client has provided us with the following information as to amounts required for reinstatement:

| | | |
|---|---|---|
| Monthly payments from February 1, 2011 through 6/24/2011 | $ | 6,487.70 |
| Property Inspection | $ | 28.00 |
| Broker's Price Opinion | $ | 162.00 |
| Previous Foreclosure Cost (File# 09-26189) | $ | 671.60 |
| Actual Foreclosure Cost | $ | 400.00 |
| Actual Foreclosure Attorney's Fee | $ | 650.00 |
| **Total** | $ | 8,399.30 |

***For information regarding a short sale, repayment plan or other loss mitigation opportunities please contact our loss mitigation department @ 1-800-441-2438.**

Upon receipt of the above sum in the form of cashier's check or certified funds and upon final verification by our client, the subject action will be dismissed. Until such receipt, the action will be prosecuted in a normal fashion, and this letter shall not be construed as an agreement on the part of the Plaintiff in any way to abate said prosecution.

11-13285

12/13

The information contained in this letter has been provided by Plaintiff or Plaintiff's servicing agent and will be valid until June 24, 2011 at 4:00 o'clock p.m EST.  *THE CORRECT AMOUNT OF FUNDS MUST BE RECEIVED IN OUR OFFICE BY JUNE 24, 2011 at 4:00 o'clock p.m. EST. ANY FUNDS RECEIVED AFTER THE DATE AND TIME INDICATED ABOVE WILL BE RETURNED.  REINSTATEMENT FUNDS MUST BE IN THE FORM OF CERTIFIED FUNDS PAYABLE TO "BANK ONE FINANCIAL SERVICES, INC.". CHECKS MADE PAYABLE TO ANY OTHER ENTITY OR IN ANY OTHER FORM WILL NOT BE ACCEPTED.*  This firm does not insure the validity or accuracy of the information contained herein.    All information and sums tendered are subject to final verification and approval of lender.   Please contact this office prior to tendering any funds to verify the total amount due.  The Foreclosure Action will continue until all funds are received and accepted by our office.  Acceptance of funds is subject to final approval and verification by our client.

Should you have any questions, or require additional information, please do not hesitate to contact this office.



Digitally signed by Mitzi Smith
DN: cn=Mitzi Smith, o=Law Offices of Marshall C.
Watson, ou=Payoff & Reinstatement Department,
email=mitzi.smith@marshallwatson.com, c=US
Date: 2011.06.24 11:30:08 -04'00'

_____

The Law Offices of Marshall C. Watson, P.A.

**IMPORTANT NOTE: FEDERAL LAW REQUIRES US TO NOTIFY YOU THAT THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT.  ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS IS NOT AN ATTEMPT TO COLLECT THE DEBT PERSONALLY, BUT TO PROVIDE OPTIONS TO AVOID FORECLOSURE.**

**IMPORTANT NOTE: CONTACTING THIS OFFICE OR THE LOAN SERVICER WILL NOT SUSPEND YOUR OBLIGATION TO MAKE YOUR MORTGAGE PAYMENTS.  THIS OFFICE WILL CONTINUE ALL COLLECTION AND FORECLOSURE ACTIVITY UNLESS AND UNTIL A WORKOUT PLAN HAS BEEN COMPLETED AND YOU WILL BE RESPONSIBLE FOR ANY AND ALL FEES AND EXPENSES INCURRED THROUGH THIS ACTION.  RESPONDING TO THIS DOES NOT TERMINATE YOUR OBLIGATION TO TIMELY RESPOND TO THE COURT IN THE PENDING FORECLOSURE ACTION. THIS FIRM REPRESENTS THE PLAINTIFF IN A FORECLOSURE ACTION THAT HAS BEEN FILED AGAINST YOU.  THEREFORE YOU SHOULD SEEK ANY AND ALL AVAILABLE REMEDIES/DEFENSES, INCLUDING RETAINING COMPETENT LEGAL COUNSEL WHO WILL ACT IN YOUR BEST INTEREST.  THIS FIRM DOES NOT REPRESENT YOU AND SHOULD NOT BE CONSTRUED AS SUCH.  ALL DECISIONS ON WHETHER OR NOT YOU QUALIFY FOR THESE LOSS MITIGATION PROGRAMS WILL BE MADE BY THE LOAN SERVICER, NOT THIS FIRM.  IF YOU ARE REPRESENTED BY COUNSEL, PLEASE FORWARD THE LETTER TO YOUR ATTORNEY.**

11-13285

