UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80720-CIV-MARRA

JOHN PINSON,

Plaintiff,

vs.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution,
CPCC DELAWARE BUSINESS TRUST,
a/k/a CPCC DELAWARE STATUTORY
TRUST, JPMORGAN CHASE & CO.,
a publicly held company,

Defendants.
_____/

**ORDER**

This cause is before the Court upon Plaintiff's Rule 56(f) Motion and Alternatively Plaintiff's Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment (DE 72).

On August 26, 2014, the Court held that Defendants' Motion to Dismiss the Second Amended Complaint (DE 58) must be converted to a motion for summary judgment based on Defendants' reliance on a certified copy of the at-issue mortgage. The Court instructed the *pro se* Plaintiff that it was converting the motion and that he could file a response to the motion for summary judgment and include evidence in support. Plaintiff has now filed a motion to conduct discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[1]

---

[1] Plaintiff filed a motion pursuant to the former Rule 56(f) but, based on the relief sought, it is clear he is seeking relief under Rule 56(d). See Cordero v. Readiness Management Support, L.C., No. 6:11–cv–1692–Orl–19DAB, 2012 WL 3744513, at * 1 n.2 (M.D. Fla. Aug. 29, 2012) (the language of subsection (d) has not been substantially altered, and the prior case law

In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). As such, a non-moving party may move pursuant to Federal Rule of Civil Procedure 56(d) for a continuance to obtain further evidence, where additional discovery would enable the non-movant to carry its burden on summary judgment. See Fed. R. Civ. P. 56(d); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 n.3 (11th Cir. 1993). Here, the Court finds that Plaintiff should be allowed to conduct adequate discovery prior to filing his response to Defendants' motion. Plaintiff's request is reasonable, given that he was not aware until the Court's order converting the motion to summary judgment that discovery may be needed.

Therefore, the Court will permit discovery into the limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants. This ruling is without prejudice to Plaintiff seeking other discoverable materials at a later time, assuming the case proceeds past the present stage. Discovery shall be conducted through November 28, 2014. Plaintiff shall file his response to Defendants' Motion to Dismiss the Second Amended Complaint (DE 58), which has been partially converted into a summary judgment motion on the issue of the certified mortgage, no later than December 12, 2014.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Rule 56(f) Motion and Alternatively Plaintiff's Motion for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment (DE 72) is **GRANTED**.

---

addressing Rule 56(f) applies with equal force to the current Rule 56(d).")

2) The above-captioned cause is **REFERRED** to United States Magistrate Judge William Matthewman for appropriate disposition and/or report or recommendation of all discovery matters.

3) Discovery, as described herein, shall be conducted through November 28, 2014.

4) Plaintiff shall file his response to Defendants' Motion to Dismiss the Second Amended Complaint (DE 58), no later than December 12, 2014.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of October, 2014.

_____
KENNETH A. MARRA
United States District Judge