UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 13-80720-CIV-MARRA/MATTHEWMAN

JOHN PINSON,

    Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution, et al.,

    Defendants.
_____/



## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DE 77]

THIS CAUSE is before the Court upon Defendants, JPMorgan Chase Bank, National Association, CPCC Delaware Business Trust, and JPMorgan Chase & Co.'s (collectively, "Defendants") Motion for Protective Order ("Motion") [DE 77].  This matter was referred to the undersigned by United States District Judge Kenneth A. Marra.  *See* DE 75.  Plaintiff, John Pinson, has filed a response to the Motion [DE 81].

### BACKGROUND

On October 2, 2014, the District Judge entered an Order permitting Plaintiff to conduct discovery into the "limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants."  [DE 75].  The District Judge further explained that the ruling regarding discovery was "without prejudice to Plaintiff seeking other discoverable materials at a later time, assuming the case proceeds past the present stage."  *Id.*

1

In Defendants' Motion, they argue that Plaintiff has propounded discovery requests that "far exceed the scope" of the two issues listed in the Court's October 2nd Order. [DE 77]. They also assert that the discovery sought by Plaintiff is irrelevant, burdensome, and oppressive. *Id.* Defendants CPCC Delaware Business Trust and JPMorgan Chase & Co. seek a protective order protecting them from having to respond to any of the discovery requests directed to them as they are not alleged to have done anything wrong directly to Plaintiff in the Complaint, and Plaintiff solely seeks to hold them liable as a result of their relationships with Chase. *Id.* Defendants explain that CPCC Delaware Business Trust and JPMorgan Chase & Co. have no discoverable information even concerning the authenticity of the mortgage and whether Chase was the original lender. *Id.*

Defendant JPMorgan Chase Bank ("Chase") seeks to not have to respond to any of the written discovery requests except for Interrogatory #1, the first sentence of Interrogatory #9, and Interrogatory #14, as it argues that all other requests for admissions and interrogatories exceed the scope of permitted discovery. [DE 77]. Defendant Chase also argues that it should only be required to produce the original note and mortgage in response to Requests for Production #2 and 5. *Id.* Finally, all Defendants argue that they have established good cause for a protective order that will protect them from annoyance, oppression, undue burden and expense and that they will suffer harm by "having to respond to requests that exceed the scope of available discovery" since the Court's October 2nd Order already appropriately limited the scope of discovery at this stage in the litigation. *Id.*

In response, Plaintiff argues that Defendants have failed to establish good cause for the entry of a protective order. [DE 81]. He contends that he is seeking relevant information pertaining to the issues of the authenticity of the mortgage and whether Chase was the original

lender. *Id.* Plaintiff explains that the information sought is "within the scope ordered and therefore the protective order should be denied." *Id.* He also asserts that Defendants failed to confer with him in good faith before filing their motion for protective order. *Id.* Finally, Plaintiff requests a discovery hearing if the Court is inclined to grant the relief sought by Defendants. *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Pursuant to the rule, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* While the scope of discovery is broad, it is not without limits. *Washington v. Brown & Williamson Tobacco*, 959 F.2d 1566, 1570 (11th Cir. 1992).

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A) and 26(c)(1)(D). The Eleventh Circuit has created a four factor test to determine if good cause exists. *See In re Alexander Grant & Co. Litigation*, 820 F. 2d 352 (11th Cir. 1987). The four factors include the following: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.* at 356. Additionally, the Eleventh Circuit has "superimposed a 'balancing of interests' approach to Rule 26(c)." *Id.* (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F. 2d 1545, 1547 (11th Cir. 1985)). The burden of persuasion is on

3

the party moving for a protective order. *See U.S. v. Garrett*, 571 F. 2d 1323, 1326 n. 3 (5th Cir. 1978).[1]

In the case at hand, the Court in its October 2nd Order explicitly limited the scope of the discovery at this stage in the proceedings to the "issue of the authenticity of the mortgage and whether Chase was the original lender." *See* DE 75. Therefore, any discovery requested by Plaintiff that is beyond the scope of the Court's Order is inherently annoying, embarrassing, oppressing, and unduly burdening to Defendants. Defendants have sufficiently established good cause.[2]

The Court has independently reviewed the discovery requests and finds that the following discovery requests directed to Defendant Chase are appropriate: Interrogatory #1, the first sentence of Interrogatory #9, Interrogatory #14, and Requests for Production #2 and 5 solely to the extent that they require production of the original note and mortgage. The Court finds that a protective order should be granted as to all other discovery propounded upon Defendant Chase by Plaintiff. Additionally, the Court finds that none of the discovery propounded upon Defendants CPCC Delaware Business Trust and JPMorgan Chase & Co. by Plaintiff is relevant to the limited issue of the authenticity of the mortgage and whether Chase was the original lender. Therefore, a protective order should be entered as to all discovery propounded upon Defendants CPCC Delaware Business Trust and JPMorgan Chase & Co.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Protective Order [DE 77] is **GRANTED**.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions issued by the Fifth Circuit prior to October 1, 1981.

[2] The Court notes that while Plaintiff has requested a hearing in this case, the Court finds that a discovery hearing is unnecessary given the clear-cut facts before it and that a hearing would only waste judicial resources.

2. Defendant Chase shall have **ten (10) days** from the date of this Order to respond to Interrogatory #1, the first sentence of Interrogatory #9, Interrogatory #14, and Requests for Production #2 and 5 solely to the extent that they require production of the original note and mortgage.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of November, 2014.

WILLIAM MATTHEWMAN
United States Magistrate Judge

cc: John Pinson, pro se
526 Westwood Road
West Palm Beach, FL 33401