UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:13-cv-80720-KAM

FILED BY _____ D.C.

NOV 26 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

John Pinson, *pro se*

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

## PLAINTIFF *PRO SE'S* PATRILLY UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO COMPLETE ORDERED DISCOVERY AND RESPOND TO DEFENDANT'S CONVERTED MOTION TO DISMISS

COMES NOW, the Plaintiff *pro se*, John Pinson, who hereby respectfully requests that the Honorable Court grant him an Enlargement of Time sufficient to complete Ordered [DE 75] discovery, plus 14 days to prepare and submit his response to the Defendant's, JPMorgan Chase Bank, N.A. ("Chase"), CPCC Delaware Business Trust ("CPCC"), and JPMorgan Chase & Co. ("JPMC") (together, the "Defendants"), Converted Motion to Dismiss Second Amended Verified Complaint With Prejudice, and in support thereof the Plaintiff *pro se* states:

### PRELIMINARY STATEMENT

1. On April 22, 2014, Plaintiff *pro se* filed his Second Amended Verified Complaint [DE 52].
2. On May 20, 2014, the Defendants filed their Motion to Dismiss Second Amended Verified Complaint with Prejudice and Memorandum of Law [DE 58], which included one Exhibit.
3. On June 25, 2014, in response, Plaintiff filed his opposition [DE 62] to Defendants' motion, and asserting that if the exhibit was considered by the Court then the motion should be converted to a motion for summary judgment, and by separate motion did properly move to strike [DE 63] the Exhibit. Moreover, in his opposition brief, Plaintiff repeatedly indicated his need for discovery. See DE 62 ¶¶ 35, 39, 40, 41, 82, 150.

4. On July 21, 2014, Defendants filed a certified copy [DE 64] of a document, from the Palm Beach County public record, purported to be a mortgage between Plaintiff and Chase. In response, Plaintiff did Move to Strike [DE 68] the filed document, and therein disputing the document. See DE 68 ¶¶ 8a, 12.

5. On August 26, 2014, the Court issued an Order "to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure." [DE 71 ¶ 2]. As noted by the Court in its Order, Rule 12(d) provides:

> **Result of Presenting Matters Outside the Pleadings.** If, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

6. Since the Plaintiff could not reasonably be expected to say what facts are and are not genuinely disputed in good faith without the benefit of discovery, or even an Answer to the Complaint, on September, 12, 2014, he moved, pursuant to Rule 56(f)[1], for discovery to afford him an opportunity to conduct discovery sufficient to properly respond. See DE 72.

7. On October 2, 2014, the motion was granted, stating "Plaintiff should be allowed to conduct adequate discovery prior to filing his response to Defendants' motion." "Plaintiff's request is reasonable, given that he was not aware until the Court's order converting the motion to summary judgment that discovery may be needed." "Therefore, the Court will permit discovery into the limited issue of the authenticity of the mortgage and whether Chase was the original lender" and the "ruling is without prejudice to Plaintiff seeking other discoverable materials at a later time". See DE 75 pg.2.

8. Thereafter, Plaintiff suffered an accident requiring an MRI and medical treatment

9. On October 21, 2014, the pro se propounded discovery on defendants by hand delivery to the offices of opposing counsel and well within compliance with Local Rule 26.1(f).

10. Discovery responded were due November 20, 2014; the Defendants failed to answer any discovery request or object to any discovery request or assert and claims of privilege.

---

[1] See DE 75 fn.1 "Plaintiff filed a motion pursuant to the former Rule 56(f) but, based on the relief sought, it is clear he is seeking relief under Rule 56(d). See *Cordero v. Readiness Management Support*, L.C., No. 6:11–cv–1692–Orl–19DAB, 2012 WL 3744513, at * 1 n.2 (M.D. Fla. Aug. 29, 2012) (the language of subsection (d) has not been substantially altered, and the prior case law".

11. On November 11, 2014, Defendants filed a Motion for Protective Order [DE 77], and Plaintiff filed his response in opposition on November 21, 2014.

12. On November 20, 2014, Defendants filed a Motion for Enlargement of Time to Respond to Discovery [DE 79], the same day discovery was due. The Court granted the motion in part, staying discovery. Plaintiff is opposed to this motion and intends to file an opposition brief.

13. Plaintiff has filed a Request for Hearing on these discovery matters.

14. Plaintiff has filed a Notice of Dispute on these discovery matters.

15. In their motion, the Defendants seek 15 days after the Court rules on the Motion for Protective Order to respond to discovery. Additionally, in the motion they indicate they may move for further time to respond to discovery. Plaintiff opposes any enlargement of time and intends to file a response in opposition to the motion.

## Memorandum of Law

16. A court may grant a request to extend time for good cause. Fed. R. Civ. P. 6(b)(1)(A); see Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996).

17. Due to Defendants motion for protective order and the courts stay on discovery, Plaintiff seeks an enlargement of time to complete discovery and to answer Defendants converted motion to dismiss. This Court's October 2, 2014, ) Order [DE 75] provided for Discovery to be completed by November 28, 2014 and for Plaintiff to respond to the converted motion to dismiss by December 12, 2014. After the Court rules on Defendants motion for protective order, the pro se Plaintiff will need sufficient time to complete discovery including attempts to settle any discovery disputes directly between the parties and if necessary by motion with the Courts intervention. Additionally, Plaintiff requests at least 14 days after close of discovery to prepare and file his opposition to the converted motion to dismiss.

18. Plaintiff has conferred with Defendants counsel [Exhibit A] on this motion for enlargement of time. Defendants are Unopposed to an enlargement of 14 days after the close of discovery to answer the converted motion to dismiss. Defendants oppose any enlargement of time to complete discovery after the Court's ruling on the protective order.

19. Plaintiff estimates, to allow two weeks to settle any discovery disputes directly between the parties and an additional two weeks to file any motions to compel and requests for hearings, that an enlargement of 30 days, should be sufficient, after either the Court rules on the motion for protective order or after any additional time the Court gives Defendants to respond to discovery.

20. Plaintiff is *pro se* and does not have a support staff, and the Defendant has filed a lengthy, twenty (20) page, motion to dismiss. Because of Defendants discovery motions, the Plaintiff *pro se* needs additional time to compel any of the discovery responses he is entitled to and to research and respond properly to the Defendants' converted motion to dismiss.

21. This request for enlargement of time is made in good faith, not for the purpose of undue delay, burden or prejudice. No party to the action will be prejudiced by the relief requested.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), the Plaintiff *pro se* hereby certifies that he conferred with counsel for the Defendant by electronic mail, and that November 25, 2014, counsel for the Defendant stated they are unopposed partially to the relief requested (see attached Exhibit A).

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting this partially unopposed motion allowing Plaintiff an enlargement of time sufficient to complete the Court Ordered [DE 75] discovery, plus at least 14 days to prepare and submit his response to the Defendants , Chase, CPCC, and JPMC's, Motion to Dismiss; and, any other relief as deemed equitable and just.

Dated: November 26, 2014                    Respectfully Submitted,

_____
John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed November 26, 2014

_____
John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendants:
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

Michael D. Lessne, Esq.
Michael.lessne@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendants:
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

# Exhibit "A"

John Pinson v. JPMorgan Chase Bank, N.A., et al. - CASE NO.: 9:13-cv-80720-KAM



# John D Pinson

| | |
|---|---|
| **From:** | Michael D. Lessne, CPA <Michael.Lessne@gray-robinson.com> |
| **Sent:** | Wednesday, November 26, 2014 8:25 AM |
| **To:** | John D Pinson |
| **Cc:** | Jackie Johnson |
| **Subject:** | RE: Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM |

Dear Mr. Pinson:

My clients agree that the discovery cutoff deadline should be extended until any deadline set by the court for the defendants to respond to discovery. Additionally, my clients do not oppose any extension for you to respond to the motion to dismiss for up to two weeks after that deadline. If you require additional time after the deadlines are set, please let me know and my clients will consider your request at that time.

Thank you.


**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, November 25, 2014 3:20 PM
**To:** Michael D. Lessne, CPA
**Cc:** Jackie Johnson
**Subject:** RE: Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM
**Importance:** High

Mr. Lessne,

The court has stayed the time for your responses.

The court has not addressed extending the discovery deadline for the case. Therefore, I intend to request an enlargement of time for discovery deadline sufficient for you to answer discovery after the court has ruled on the protective order and any other motions that may arise.

2/5

1

I think 45 days after the court has ruled on your motion for protective order should suffice and that is what I intend to request from the court. Additionally, I intend to request the date for response to Defendants' Motion to Dismiss the Second Amended Complaint (DE 58) be extended to 14 days after the new discovery deadline.

Please respond with your concurrence or objection by Wednesday at 2:00 PM so I may file my request for relief from the court.

Thank you for your kind consideration.

Have a Happy Thanksgiving!

Sincerely,

John Pinson
561-329-2524
john@pinson.com

---

**From:** Michael D. Lessne, CPA [mailto:Michael.Lessne@gray-robinson.com]
**Sent:** Tuesday, November 25, 2014 12:51 PM
**To:** John D Pinson
**Cc:** Jackie Johnson
**Subject:** RE: Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM

Dear Mr. Pinson:

The Court entered the attached Order staying the deadline for the defendants' discovery responses until it has ruled upon the motion for protective order and advising that it will set a new deadline by separate order if it denies the motion in part or entirely. Accordingly, no discovery responses are yet due, and the defendants oppose any effort to compel responses before the responses become due. I believe this addresses your question, but if not, please let me know.

Sincerely,



**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
T: 954-761-8111 | F: 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.



2

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, November 24, 2014 4:00 PM
**To:** Michael D. Lessne, CPA
**Cc:** Jackie Johnson; Mary H. Burkett
**Subject:** Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM
**Importance:** High

Dear Mr. Lessne,

As you know, discovery was hand delivered to your office on October 21, 2014, and the discovery responses were due November 20, 2014. It is now November 24, 2014 and I have not received any responses. Based on your motion received in the mail today, it is apparent you have not answered within the 30 days to respond.

The time allowed for discovery expires November 28, 2014, so I will need an enlargement of time to compel answers. Therefore, I intend to request an enlargement of time for discovery sufficient to compel answers.

Please respond with your concurrence or objection by end of business Tuesday so I may file my request for relief from the court.

Thank you for your kind consideration.

Have a Happy Thanksgiving!

Sincerely,

John Pinson
561-329-2524
john@pinson.com


## Michael D. Lessne, CPA
Senior Associate
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
P.O. Box 2328 (33303-9998)
Fort Lauderdale, FL 33301
Main: 954-761-8111 | Fax: 954-761-8112
Direct: 954-761-7501 |
Email: michael.lessne@gray-robinson.com
### GRAY | ROBINSON
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.



**Michael D. Lessne, CPA**

3

Senior Associate
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
P.O. Box 2328 (33303-9998)
Fort Lauderdale, FL 33301
Main: 954-761-8111 | Fax: 954-761-8112
Direct: 954-761-7501 |
Email: michael.lessne@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.



4