# Exhibit "A"



**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

*Via Hand Delivery by John Pinson*

October 21, 2014

Michael Lessne, Esq.
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33131

Re:   Pinson v. JPMorgan Chase et al.
      Case No.: 9:13-cv-80720-KAM

Dear Mr. Lessne,

Regarding the above captioned, attached you will find the following discovery sets:

- Interrogatories, Productions and Admissions for JPMorgan Chase Bank NA.

- Interrogatories, Productions and Admissions for JPMorgan Chase & Co.

- Interrogatories, Productions and Admissions for CPCC Delaware Business Trust, a/k/a CPCC Delaware Statutory Trust.

I have hand delivered these to your offices today, October 21, 2014, and left them with the responsible party at the front desk. I will also e-mail you a courtesy copy.

Thanking you for your attention in this matter, I am

Yours Sincerely,

John Pinson

JP:
Enc #9

Received By: _J. Johnson_____

Print Name: _Jackie Johnson_____   Title: _secretary_____

Date: _10/21/14_

# Exhibit "B"



# John D Pinson

| | |
|---|---|
| **From:** | Michael D. Lessne, CPA <Michael.Lessne@gray-robinson.com> |
| **Sent:** | Thursday, November 06, 2014 9:43 AM |
| **To:** | John D Pinson |
| **Cc:** | Jackie Johnson |
| **Subject:** | Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Protective Order |

Dear Mr. Pinson:

I write to you in good faith to avoid having to seek a protective order from the court to limit your discovery requests to what is permissible under the Court's October 2 Order [DE 75]. In the Order, the Court limited discovery to: "the limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants." *See* DE 75, Pg. 2.

The discovery you propounded on October 21 far exceed the scope of permissible discovery under the Court's Order. Your requests against the JPMorgan Chase & Co. and CPCC Delaware Statutory Trust are improper because they are not alleged to and cannot have any information regarding the two issues. How could they? Neither entity had any alleged involvement with the origination of the loan. In addition, your requests against JPMorgan Chase Bank, N.A. are objectionable as they request documents and information that far exceed the two permissible issues of the authenticity of the mortgage and whether JPMorgan Chase Bank, N.A. was the original lender.

Accordingly, to resolve this without withdraw your discovery requests, my clients request that you (a) withdraw your discovery requests against JPMorgan Chase & Co and CPCC Delaware Statutory Trust and (b) agree to limit your discovery requests against JPMorgan Chase Bank, N.A. to the two issues for which discovery was permitted. If I do not hear from you by Monday, November 10, at 11:00 a.m., my clients will be forced to seek protection pursuant to Federal Rule 26(c)(1). Note that Federal Rule 37(a)(5) applies to the award of expenses, pursuant to Federal Rule 26(c)(3), so you may be liable for attorney's fees and costs for having to seek protection from the court.

Please govern yourself accordingly.

Sincerely,

**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

## Facebook | LinkedIn | Twitter

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**Michael D. Lessne, CPA | Senior Associate**
G R A Y | R O B I N S O N

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, October 21, 2014 10:30 PM
**To:** Michael D. Lessne, CPA
**Cc:** Mary H. Burkett
**Subject:** Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Discovery requests courtesy copy for you.
**Importance:** High

Mr. Lessne,

Please see attached courtesy copy of correspondence and discovery requests.

The original hard copies were hand delivered this afternoon (Oct. 21, 2014) to your office and left with your secretary Jackie Johnson – see attached receipt.

Sincerely,

John

John Pinson
561-329-2524
john@pinson.com


**Michael D. Lessne, CPA**
Senior Associate
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
P.O. Box 2328 (33303-9998)
Fort Lauderdale, FL 33301
Main: 954-761-8111 | Fax: 954-761-8112
Direct: 954-761-7501 |
Email: michael.lessne@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18

5/20

U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.



3

# Exhibit "C"

# John Pinson
526 Westwood Road
West Palm Beach, Florida 33401

### *Via U.S. First Class Mail, e-Mail, and Facsimile*

November 9, 2014

Michael Lessne, Esq.
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33131
Fax: (954)-761-8112

     **Re:**    Pinson v. JPMorgan Chase et al.
             <u>Case No.: 9:13-cv-80720-KAM</u>

Dear Mr. Lessne,

Regarding the above captioned, this letter is in response to your e-mail dated November 6, 2014 (a copy of which is attached), where you complain about the limited discovery I propounded on your clients, which was hand delivered to your offices on October 21, 2014, nearly three weeks ago.

Though your e-mail stated that this is a "good faith" effort, you have failed to object with specificity, and thus your communication is found to be incomplete and inconclusive. In order to confer, it would have been more appropriate to have a telephone conference rather than sending a short e-mail. Barring a telephone conference, a letter detailing with specificity might suffice. Going to the court after such a week attempt to resolve the matter directly between the parties is not the proper way to attempt a resolution and not in the spirit of behavior that the court expects of the respective parties.

As of today I have not received any answer or affirmative defenses. You filed evidence in with a motion to dismiss and the court converted it into a motion for summary judgment according to the rules. Because it is a motion for summary judgment, the opposing party is entitled to discovery. The court ordered limited discovery, and I have propounded limited discovery relevant to the issues. I do not agree with your e-mail's assertions for the following reasons:

You have only provided vague blanket objections regarding the discovery requests aimed at JPMorgan Chase & Co. and CPCC Delaware Statutory Trust. Your objections are not specific as to the discovery requests you object to and the basis for your objection. Nowhere in the order is discovery limited to some defendants and not to others. Your statement that JPMorgan Chase & Co. and CPCC Delaware Statutory Trust "cannot have any information regarding the two issues" is unfounded, the line of

*8/20*

inquiry relevant to the issues at hand and is necessary as any timeline of events is unknown, and there has been no answer or affirmative defenses filed by any defendant.

As to discovery requests aimed at JPMorgan Chase Bank, N.A, you have stated the defendant wants me to "limit [my] discovery requests" yet you have failed to specifically identify what types of discovery requests are objectionable, which specific discovery requests are objectionable, and the basis for any objections to each specific discovery request objected to. Again, this is a vague blanket objection.

You have stated that you will "seek protection pursuant to Federal Rule 26(c)(1)", yet that rule has eight subdivisions and you have not indicated which of the eight you would move under, nor the basis for the motion; again vague.

You mention "Federal Rule 37(a)(5) applies to the award of expenses, pursuant to Federal Rule 26(c)(3)", which it does, yet, it would be equally applicable to 26(c)(2), which states "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery".

Though I am pro se where receiving expense awards is rare, sanctions against a party putting forward frivolous discovery dispute motions, and wasting the courts valuable time and limited resources, may well be appropriate, and there is a long list of appropriate sanctions other than costs to the opposing party, that would be appropriate and applicable against both defendants and their counsel. See, *The Security National Bank of Sioux City, Iowa v. Abbott Laboratories*, 2014 WL 3704277 (N.D. Iowa), which opens with "Something is rotten, but contrary to Marcellus's suggestion to Horatio, it's not in Denmark. Rather, it's in discovery in modern federal civil litigation right here in the United States."

As I understand it, the current proposed changes to the Federal Rules of Civil Procedures will address many discovery related issues. The new Rule 1 stresses the cooperation of adverse parties in discovery; the new Rule 26 ensures that that discovery is proportional to the case; and, the new Rule 37(e) allows for court sanctions when ESI is not preserved. Specifically, the new Rule 1 ensures that both courts and parties are now explicitly responsible for just, speedy and inexpensive litigation. This means no room for hiding the ball or burying your opponent in documents.

In December of 2013, I attempted in good faith to jointly develop a discovery plan and I proposed a draft protective order (one to which defendant Marshall Watson agreed with), but you chose to file unilaterally. You have consistently endeavored to avoid discovery or any answer. If you move forward with a discovery dispute, I will be forced to seek an appropriate enlargement of time to complete discovery and a stay on responding to the motion for summary judgment until the discovery is properly and completely responded to.

This dispute you now raise appears to be merely yet another dilatory tactic.

In a good faith effort to resolve this matter and to conserve judicial resources, please respond clearly and with specificity as to the basis for each objection you raise and specifically identify each discovery request objected by each defendant, no later than noon on November 17, 2014.

As always, I will entertain an amicable settlement at any time the Defendants are willing to come to the table and discuss the same.

      Thanking you for your attention in this matter, I am

                  Yours Sincerely,



                  John Pinson

JP:

10/20

## John D Pinson

| | |
|---|---|
| **From:** | Michael D. Lessne, CPA <Michael.Lessne@gray-robinson.com> |
| **Sent:** | Thursday, November 06, 2014 9:43 AM |
| **To:** | John D Pinson |
| **Cc:** | Jackie Johnson |
| **Subject:** | Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Protective Order |

Dear Mr. Pinson:

I write to you in good faith to avoid having to seek a protective order from the court to limit your discovery requests to what is permissible under the Court's October 2 Order [DE 75]. In the Order, the Court limited discovery to: "the limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants." *See* DE 75, Pg. 2.

The discovery you propounded on October 21 far exceed the scope of permissible discovery under the Court's Order. Your requests against the JPMorgan Chase & Co. and CPCC Delaware Statutory Trust are improper because they are not alleged to and cannot have any information regarding the two issues. How could they? Neither entity had any alleged involvement with the origination of the loan. In addition, your requests against JPMorgan Chase Bank, N.A. are objectionable as they request documents and information that far exceed the two permissible issues of the authenticity of the mortgage and whether JPMorgan Chase Bank, N.A. was the original lender.

Accordingly, to resolve this without withdraw your discovery requests, my clients request that you (a) withdraw your discovery requests against JPMorgan Chase & Co and CPCC Delaware Statutory Trust and (b) agree to limit your discovery requests against JPMorgan Chase Bank, N.A. to the two issues for which discovery was permitted. If I do not hear from you by Monday, November 10, at 11:00 a.m., my clients will be forced to seek protection pursuant to Federal Rule 26(c)(1). Note that Federal Rule 37(a)(5) applies to the award of expenses, pursuant to Federal Rule 26(c)(3), so you may be liable for attorney's fees and costs for having to seek protection from the court.

Please govern yourself accordingly.

Sincerely,


**Michael D. Lessne, CPA | Senior Associate**
G R A Y | R O B I N S O N

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
T: 954-761-8111 | F: 954-761-8112
E-mail | Website | Bio | vCard

## Facebook | LinkedIn | Twitter

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

1

**Michael D. Lessne, CPA | Senior Associate**
G R A Y | R O B I N S O N

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
T: 954-761-8111 | F: 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, October 21, 2014 10:30 PM
**To:** Michael D. Lessne, CPA
**Cc:** Mary H. Burkett
**Subject:** Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Discovery requests courtesy copy for you.
**Importance:** High

Mr. Lessne,

Please see attached courtesy copy of correspondence and discovery requests.

The original hard copies were hand delivered this afternoon (Oct. 21, 2014) to your office and left with your secretary Jackie Johnson – see attached receipt.

Sincerely,

John

John Pinson
561-329-2524
john@pinson.com

**Michael D. Lessne, CPA**
Senior Associate
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
P.O. Box 2328 (33303-9998)
Fort Lauderdale, FL 33301
Main: 954-761-8111 | Fax: 954-761-8112
Direct: 954-761-7501 |
Email: michael.lessne@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18

2

U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.



# Exhibit "D"

**John D Pinson**

| | |
|---|---|
| **From:** | Michael D. Lessne, CPA <Michael.Lessne@gray-robinson.com> |
| **Sent:** | Monday, November 10, 2014 5:15 PM |
| **To:** | John D Pinson |
| **Cc:** | Jackie Johnson |
| **Subject:** | RE: Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Protective Order |
| **Attachments:** | Pinson - Motion for Protective Order (3).docx |

Dear Mr. Pinson:

I believe that my November 6 email to you was clear that the scope of your discovery requests exceeds the discovery allowed by the Court in its October 2 Order.  Once again, I am requesting that you withdraw your discovery requests propounded against  CPCC Delaware Business Trust and JPMorgan Chase & Co. and that you limit your discovery requests against JPMorgan Chase Bank, N.A. ("Chase") to the two issues for which discovery was permitted.  The only requests properly limited in scope against Chase are Interrogatory No. 1, all but the first sentence of Interrogatory No. 9, Interrogatory No. 14, and the production of the original note and original mortgage in response to Request for Production Nos. 2 and 5.  With the hope of resolving this without Court interference, I have attached a **draft** of a motion for protective order which sets forth my clients' positions, and I have been authorized to file the motion if you do not agree to these limitations by <u>tomorrow at 11:00 a.m.</u>

As to the other issues raised in your response, I am happy to discuss them separately with you, including with respect to settlement.

Sincerely,

**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
<u>E-mail</u> | <u>Website</u> | <u>Bio</u> | <u>vCard</u>

**Facebook** | **LinkedIn** | **Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, November 10, 2014 12:19 AM
**To:** Michael D. Lessne, CPA
**Cc:** Jackie Johnson; Mary H. Burkett
**Subject:** RE: Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Protective Order
**Importance:** High

(14/20)

Mr. Lessne,

Please see attached correspondence dated November 9, 2014.

Sincerely,

John

John Pinson
561-329-2524
john@pinson.com

---

**From:** Michael D. Lessne, CPA [mailto:Michael.Lessne@gray-robinson.com]
**Sent:** Thursday, November 06, 2014 9:43 AM
**To:** John D Pinson
**Cc:** Jackie Johnson
**Subject:** Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Protective Order

Dear Mr. Pinson:

I write to you in good faith to avoid having to seek a protective order from the court to limit your discovery requests to what is permissible under the Court's October 2 Order [DE 75]. In the Order, the Court limited discovery to: "the limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants." *See* DE 75, Pg. 2.

The discovery you propounded on October 21 far exceed the scope of permissible discovery under the Court's Order. Your requests against the JPMorgan Chase & Co. and CPCC Delaware Statutory Trust are improper because they are not alleged to and cannot have any information regarding the two issues. How could they? Neither entity had any alleged involvement with the origination of the loan. In addition, your requests against JPMorgan Chase Bank, N.A. are objectionable as they request documents and information that far exceed the two permissible issues of the authenticity of the mortgage and whether JPMorgan Chase Bank, N.A. was the original lender.

Accordingly, to resolve this without withdraw your discovery requests, my clients request that you (a) withdraw your discovery requests against JPMorgan Chase & Co and CPCC Delaware Statutory Trust and (b) agree to limit your discovery requests against JPMorgan Chase Bank, N.A. to the two issues for which discovery was permitted. If I do not hear from you by Monday, November 10, at 11:00 a.m., my clients will be forced to seek protection pursuant to Federal Rule 26(c)(1). Note that Federal Rule 37(a)(5) applies to the award of expenses, pursuant to Federal Rule 26(c)(3), so you may be liable for attorney's fees and costs for having to seek protection from the court.

Please govern yourself accordingly.

Sincerely,

**Michael D. Lessne, CPA | Senior Associate**
G R A Y | R O B I N S O N

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

**Facebook** | **LinkedIn** | **Twitter**

2

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

**Facebook** | **LinkedIn** | **Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, October 21, 2014 10:30 PM
**To:** Michael D. Lessne, CPA
**Cc:** Mary H. Burkett
**Subject:** Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Discovery requests courtesy copy for you.
**Importance:** High

Mr. Lessne,

Please see attached courtesy copy of correspondence and discovery requests.

The original hard copies were hand delivered this afternoon (Oct. 21, 2014) to your office and left with your secretary Jackie Johnson — see attached receipt.

Sincerely,

John

John Pinson
561-329-2524
john@pinson.com

**Michael D. Lessne, CPA**
Senior Associate
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
P.O. Box 2328 (33303-9998)
Fort Lauderdale, FL 33301
Main: 954-761-8111 | Fax: 954-761-8112
Direct: 954-761-7501 |



Email: michael.lessne@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**Michael D. Lessne, CPA**
Senior Associate
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
P.O. Box 2328 (33303-9998)
Fort Lauderdale, FL 33301
Main: 954-761-8111 | Fax: 954-761-8112
Direct: 954-761-7501 |
Email: michael.lessne@gray-robinson.com
**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.



# Exhibit "E"



**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

<u>*Via U.S. First Class Mail, e-Mail, and Facsimile*</u>

November 11, 2014

Michael Lessne, Esq.
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33131
Fax: (954)-761-8112

      **Re:**    Pinson v. JPMorgan Chase et al.
              <u>Case No.: 9:13-cv-80720-KAM</u>

Dear Mr. Lessne,

Regarding the above captioned, this letter is in response to your e-mail dated November 10 2014 (a copy of which is attached), that was sent in reply to my November 9, 2014 letter responding to your e-mail about the limited discovery that I have propounded .

Again, I have reached out to you in a good faith effort to resolve matters, requesting that you "respond clearly and with specificity as to the basis for each objection you raise and specifically identify each discovery request objected by each defendant, no later than noon on November 17, 2014", yet you have responded merely indicating which requests you believe are permissible. I again renew this offer.

I did try to contact you at your office to conference properly, and apparently you are away. I sent you a detailed letter, yet only received a one paragraph e-mail reply. This is not a substantive discussion, but rather evasive as to the questions raised.

To the extent CPCC Delaware Statutory Trust was in any way involved with any alleged loan, establishing a timeline is essential as it has yet to be established  when any alleged transfer occurred and is therefore relevant. To the extent JPMorgan Chase & Co was involved, through its various subsidiaries, in any securitization schemes, discovery into the events that transpired are relevant. Further, as to JPMorgan Chase Bank, N.A, you have not set forth and identified each specific item of discovery, the type of protection requested, and the reasons supporting the protection requested. As I mentioned previously "you have failed to object with specificity, and thus your communication is found to be incomplete and inconclusive", and having no specific basis to consider, I remain in quandary, and kindly request you clarify.

*19/20*

For all intents and purposes, you appear set upon filing your motion without any substantive discussion; allowing less than 24 hours for a reply and on a Federal holiday. If you file your motion, I intend to respond and call for hearing on the matter.

In a good faith effort to resolve this matter, please respond clearly and with specificity as to the basis for each objection you raise and specifically identify each discovery request objected by each defendant, no later than noon on November 17, 2014.

Thanking you for your continued attention in this matter, I am

Yours Sincerely,

John Pinson

JP:

---

**John D Pinson**

| | |
|---|---|
| **From:** | Michael D. Lessne, CPA <Michael.Lessne@gray-robinson.com> |
| **Sent:** | Monday, November 10, 2014 5:15 PM |
| **To:** | John D Pinson |
| **Cc:** | Jackie Johnson |
| **Subject:** | RE: Pinson v. Chase et. al.; Case No. 2013-civ-80720-KAM; Protective Order |
| **Attachments:** | Pinson - Motion for Protective Order (3).docx |

Dear Mr. Pinson:

I believe that my November 6 email to you was clear that the scope of your discovery requests exceeds the discovery allowed by the Court in its October 2 Order. Once again, I am requesting that you withdraw your discovery requests propounded against CPCC Delaware Business Trust and JPMorgan Chase & Co. and that you limit your discovery requests against JPMorgan Chase Bank, N.A. ("Chase") to the two issues for which discovery was permitted. The only requests properly limited in scope against Chase are Interrogatory No. 1, all but the first sentence of Interrogatory No. 9, Interrogatory No. 14, and the production of the original note and original mortgage in response to Request for Production Nos. 2 and 5. With the hope of resolving this without Court interference, I have attached a **draft** of a motion for protective order which sets forth my clients' positions, and I have been authorized to file the motion if you do not agree to these limitations by <u>tomorrow at 11:00 a.m.</u>

As to the other issues raised in your response, I am happy to discuss them separately with you, including with respect to settlement.

Sincerely,

**Michael D. Lessne, CPA | Senior Associate**
G R A Y | R O B I N S O N

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
T: 954-761-8111 | F: 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

