# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
#### CASE NO.: 9:13-cv-80720-KAM

FILED BY _____ D.C.

DEC 17 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**John Pinson,** *pro se*

    Plaintiff

vs

**JPMORGAN CHASE BANK, N.A., et. al.**

    Defendants/

## PLAINTIFF'S MOTION FOR CONTINUANCE

Plaintiff moves this Honorable Court to continue the submission of Defendants converted motion for summary judgment and to allow the Plaintiff pro se additional time to conduct discovery, as authorized by Federal Rule of Civil Procedure 56(d)(2).

### Introduction

1.  On April 22, 2014, Plaintiff pro se filed his Second Amended Verified Complaint [DE 52] for violations of FDCPA and FCCPA by the Defendants.

2.  Defendants second motion to dismiss that was converted by this Court to a motion for summary judgment [DE 71] on August 26.  Thereafter the Court ordered for Plaintiff's limited discovery [DE 75] on October 2. Plaintiff served discovery by hand delivery to opposing counsel on October 21 with responses due November 20. Defendants moved for protective order [DE 77] on November 11 and Plaintiff opposed requesting a hearing; the clerks office twice filed erroneous exhibits attached to the opposition without Plaintiff's knowledge. The Magistrate Judge denied the hearing and granted the protective order [DE 83] on November 26 with deadline requiring responses to remaining discovery on December 6, based on erroneous exhibits. On November 26, Plaintiff moved for an enlargement of time to complete discovery and respond to the converted motion. Plaintiff received the responses in mail December 11 and the earliest he was allowed to view produced documents was the afternoon of December 12 in Ft Lauderdale.

3.  Plaintiff asked Defendants to agree to additional discovery and continuance for the reasons stated in this motion, but Defendants refused.

4.  Plaintiff now asks this Honorable Court for additional time to conduct discovery because Plaintiff is unable to respond to Defendant's converted motion for summary judgment.

## Argument

5. A court may allow additional time for a party to obtain affidavits or declarations or to conduct discovery. Fed. R. Civ. P. 56(d)(2). Motions for continuance are broadly favored and should be liberally granted. *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

6. A court may allow additional time for a party to obtain affidavits or declarations or to conduct discovery if the motion for continuance is made within a reasonable time after receiving the motion for summary judgment and before the deadline for filing a response. *See* Fed. R. Civ. P. 56(d)(2); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 44 (1st Cir. 1998).

7. Here Defendants moved for protective order, to which Plaintiff opposed and requested a hearing. Further, prior to receiving any response to requested discovery, Plaintiff moved for an enlargement of time to complete discovery and respond to the converted motion. The Magistrate Judge denied Plaintiff's request for hearing and granted the protective order with Defendants responses due by December 6, 2014, but only received in mail on December 11. Additionally, the earliest Defendants would agree for Plaintiff to view produced documents was December 12 at 1 PM and the appointment was delayed to 3 PM in Ft Lauderdale. On first impression, those documents produced and viewed in person were substantially different than those mailed to Plaintiff in response to the request for production.

8. Plaintiff cannot adequately respond to Defendants' motion for summary judgment presently because: Plaintiff needs to depose a specific witness, compel better answers to discovery or an in-camera review, and either motion to reconsider the opposition to protective order or file an interlocutory appeal on those orders restricting Plaintiff's discovery requests. Fed. R. Civ. P. 56(d)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). The very discovery Plaintiff was granted by ordered was blocked with the protective order. The remaining discovery responses contained unfounded blanket objections and blanket claims of privilege where no privilege log exists.

9. Plaintiff will suffer actual and substantial prejudice if he is not permitted to depose a specific witness, compel better answers to discovery or an in-camera review, and either

motion to reconsider his opposition to protective order or file an interlocutory appeal. Additionally, both the FDCPA and FCCPA are consumer protection statutes. The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006)."Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002).

10. This request for continuance is made in good faith, not for the purpose of undue delay or burden. No party to the action will be prejudiced by the relief requested.

11. This request is made so that substantial justice may be done.

12. Therefore, Plaintiff asks the Court to allow him sixty (60) days additional time through and including February 14, 2015 to conduct discovery.

### Refusal to Timely Respond to Discovery

13. Plaintiff needs additional time to secure responses to interrogatories and requests for production. This discovery is relevant and material to this case because Defendant argues certain protections as original creditor which Plaintiff disputes, and Plaintiff conducted discovery to identify a timeline for any chain of custody which Defendants have failed to answer with blanket objections and unfounded claims of privilege. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999). Plaintiff attaches a copy of Chase's response to interrogatories to this motion an example. *See* "Exhibit A".

14. Although Plaintiff diligently used the discovery process (while receiving medical treatment), he was unable to secure the discovery earlier, and the witness he needs to depose was unknown at that time. *See Glen Eden Hosp., Inc. v. Blue Cross & Blue Shield of Mich., Inc.*, 740 F.2d 423, 428 (6th Cir. 1984). Plaintiff hand delivered discovery to opposing counsel on October 21, which included interrogatories, production requests and admissions aimed at the Defendants.

15. Plaintiff was unable to secure the discovery earlier because nearly at their time to respond, the Defendants moved for protective order which Plaintiff opposed. Moreover, the clerk's office inadvertently attached document that have nothing to do with this Plaintiff or his case, to his opposition, not just once but twice!, and the Magistrate Judge ruled with only this erroneous information on the record. Only after ruling did Plaintiff discover the error

and request the clerk to correct its mistake. Those erroneous documents appear to use administrative process and this Plaintiff has nothing to do with any administrative process and understands it is distasteful to the Court. Plaintiff believes this erroneous information tainted his opposition and prejudiced him resulting in the denial of the discovery hearing he requested and an adverse order.

16. Further, Plaintiff attempted to confer with Defendants prior to the filing the filing of their motion for protective order; Plaintiff even telephoned to opposing counsel who ultimately refused to discuss the matter, contrary to the Local Rules. Moreover, the Order denied Plaintiff the very discovery permitted by this Court's Order granting limited discovery. Even if part of Plaintiff's discovery overreached, Plaintiff did make several attempts to confer and compromise on the matter, but was ultimately refused any discussion or hearing, and thus was denied due process for substantial justice.

17. Plaintiff cannot obtain this information from any other source. Because Chase has indicated CPCC managed a public security that was sold the loan, only CPCC and maybe Chase or JPMC could identify who owned the loan and produce documents to reasonably establish a timeline and chain of custody. Plaintiff requested just this ownership information under RESPA and TILA as shown in exhibits to his complaint. Plaintiff is entitled to know this information under the Helping Family's Save Their Home Act (2009)[1] including the identity, address, telephone number of the new creditor and the date of transfer. Defendants continue to avoid any cooperation in discovery, just as they avoid requirements of RESPA, TILA and public law 111-22, and act contrary to public policy.

### Witness Previously Unidentified and Unavailable

18. Plaintiff needs additional time to depose Joseph G. Devine, Jr., who resides at an address that was withheld from Plaintiff [*see* Exhibit A], but which may be in New York State or New Jersey. This witness's testimony is relevant and material to this case because he is the person identified by Defendant in answering Plaintiff's interrogatories. These responses were merely general and unfounded objections, and blanket claims of privilege where no privilege log was provided upon Plaintiff's request. The answers prepared by counsel for Defendant in order to avoid answering permitted discovery. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999). The responses appear to be nothing more than a

---

[1] *See*: http://www.gpo.gov/fdsys/pkg/PLAW-111publ22/pdf/PLAW-111publ22.pdf

robosigned document. Mr. Devine's Linkedin page shows he works for Tower Legal Solutions[2], an employee staffing firm; his office in Islen, NJ. *See* "Exhibit B". From this a valid question arises, how can Devine be an officer of Chase if he is employed by Tower?

19. Plaintiff expects the witness to provide the following testimony: to establish whether he is a contract attorney employed by Tower Legal Solutions or if he works for Chase; what resolution by Chase made him an officer; what information he provided in answering the interrogatories and what part was merely prepared for him by counsel; his knowledge of the business records and internal procedures of the Defendant he answered for; His knowledge of the timeline and chain of custody of any loan or documents.

20. Although Plaintiff diligently used the discovery process, he was unable to obtain the testimony earlier. *See Glen Eden Hosp., Inc. v. Blue Cross & Blue Shield of Mich., Inc.*, 740 F.2d 423, 428 (6th Cir. 1984). Because Defendants have not filed any answer or affirmative defenses or made any initial disclosures, the earliest Plaintiff knew of Mr. Devine was in the answer to interrogatories just received.

21. Though requested, Plaintiff has yet to be provided the address for Mr. Devine in order to schedule a deposition; the response says merely to go through Counsel.

22. Joseph G. Devine, Jr. should now be available if either his address is provided to Plaintiff through motion to compel or if counsel for Defendants cooperates in scheduling.

23. Plaintiff cannot obtain this information from any other source. No other individual person has been identified by Defendants whom Plaintiff may depose.

24. Plaintiff has sent a notice of intent to take the deposition of Joseph G. Devine, Jr. in an December 9, e-mail communication which is attached as "Exhibit C".

**Documents Unavailable or Withheld**

25. Plaintiff needs additional time to secure the documents necessary to establish a timeline and chain of custody of loan or documents. These documents are relevant and material to this case because Chase did state the loan was sold to a public security managed by CPCC. Without this information it is unknown who owns the loan and when the loan was acquired and on what basis. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999).

26. Although Plaintiff diligently used the discovery process, he was unable to obtain the documents earlier due to obstructionists conduct and dilatory practices of Defendants. *See*

---

[2] http://www.towerls.com/about-us/

*Glen Eden Hosp., Inc. v. Blue Cross & Blue Shield of Mich., Inc.*, 740 F.2d 423, 428 (6th Cir. 1984). As mentioned *supra* at ¶16, Defendants refused to confer in good faith with Plaintiff and filed for protective order to avoid answering discovery. Then the responses provided were merely unfounded blanket objections and blanket claims of privilege where no privilege log exists.

27. Plaintiff cannot obtain this information from any other source. Based on that which is known at this stage of the proceedings, Defendants would be the only entities that would have this information.

**Other Discovery**

28. Plaintiff needs additional time to secure information by interrogatories, requests for production and requests for admissions previously propounded but denied by Magistrate Judge. This information is relevant and material to this case because Chase did state the loan was sold into a public security managed by CPCC. Without this information it is unknown who owns the loan and when the loan was acquired and on what basis. *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999). Limited discovery was Ordered by this Court and Plaintiff was denied just this very discovery when the Magistrate Judge granted Defendants protective order without any hearing as requested by the Plaintiff.

29. Although Plaintiff diligently used the discovery process, he was unable to secure the discovery earlier. *See Glen Eden Hosp., Inc. v. Blue Cross & Blue Shield of Mich., Inc.*, 740 F.2d 423, 428 (6th Cir. 1984). Plaintiff served Interrogatories, production requests and admissions by hand delivery to the Defendants counsel on October 21, 2014 (all while he continued undergoing medical treatment).

30. Plaintiff was unable to secure the discovery earlier because near the end of time to respond Defendants moved for protective order after refusing to confer in good faith with the Plaintiff. Because of erroneous and distasteful materials being inadvertently filed in with Plaintiffs opposition, the Magistrate denied Plaintiff's request for hearing and granted the protective order, which denied Plaintiff the discovery he was entitled to under the Courts order for limited discovery. Effectively denying the pro se due process.

31. Plaintiff cannot obtain this information from any other source. Based on what is known at this stage of the proceedings, Defendants would be the only entities that would have this information.

**Conclusion**

32. As detailed *supra*, Defendants have utilize obstructionists conduct and dilatory practices to avoid answering discovery, like ebola. Additionally, it appears Orders were made based on erroneous information that prejudiced Plaintiff. Moreover, the individual person answering interrogatories on behalf of Chase does appear to not even be employed by Chase; Defendant has claimed privilege yet no privilege log exists; Defendant moved for protective order and then answered discovery with unfounded blanket objections; the Produced documents viewed in person were substantially different than produced documents mailed to Plaintiff; and, Defendant did not confer in good faith with Plaintiff. The Defendants actions appear contrary to the Rules and Local Rules of this Court. The Plaintiff pro se merely seeks substantial justice be done.

33. For these reasons and in the interest of substantial justice, Plaintiff asks for a continuance to respond to the converted motion for summary judgment, and to allow sufficient time to: depose Mr. Joseph G. Devine, Jr.; to compel better answers to discovery or an in-camera review; and to either motion to reconsider the opposition to protective order or file an interlocutory appeal. For these reasons, and in the interest of substantial justice, Plaintiff asks the Court to continue the deadline for Defendant's motion for summary judgment and to allow Plaintiff sufficient time to conduct discovery.

## <u>CERTIFICATE OF GOOD FAITH</u>

Pursuant to Local Rule 7.1(a)(3), Plaintiff pro se hereby certifies that he conferred with counsel for the Defendant by electronic mail, and that December 10, 2014, counsel for the Defendant stated he is opposed to the relief requested by the pro se. *See* "Exhibit D".

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting his motion for continuance and allowing Plaintiff sixty (60) days additional time through and including February 14, 2015 to conduct discovery, plus sufficient time after to prepare and submit his response to the Defendants , Chase, CPCC, and JPMC's, converted motion for summary judgment; and, any further relief as deemed equitable and just.

Dated: December 16, 2014

Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed December 16, 2014

John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendants:
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

Michael D. Lessne, Esq.
Michael.lessne@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendants:
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

*Exhibits Attached "A"-"D"*
*18 pages total*

# Exhibit "A"

Pages 1-6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

                Plaintiff,                    Case No. 9:13-cv-80720-KAM

_____/

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution;
CPCC DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity; and JPMORGAN CHASE
& CO., a publicly held company,

                Defendants.

_____/

## DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, JPMorgan Chase Bank, National Association ("Chase"), answers Plaintiff's First Set of Interrogatories propounded on October 21, 2014, as follows:

### General Objections

1.      Chase objects to Plaintiff's First Set of Interrogatories to the extent that it requires Chase to respond beyond the scope of permissible discovery. The Court's October 2, 2014 Order restricted discovery to "the limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants." *See* DE 75, Pg. 2. On November 26, 2014, the Court entered an Order Granting Defendants' Motion for Protective Order [DE 77], providing that Chase has 10 days from the entry of the Order (through December 8 as a result of December

1

6 being a Saturday) to respond to Interrogatory #1, the first sentence of Interrogatory #9, and Interrogatory #14.

    2.    Chase objects to the extent that Plaintiff's Interrogatories seek the disclosure of attorney-client privileged communications, privileged work product or any other information or documents which are irrelevant, confidential, privileged or beyond the scope of information or documents reasonably calculated to lead to the discovery of admissible evidence.

    3.    The answers to interrogatories set forth herein are based upon information known or believed by Chase at the time it prepared these responses.  Chase reserves the right to amend its answers set forth herein as discovery proceeds in this matter.

    4.    Chase specifically reserves the right to challenge the competency, relevancy, materiality, and admissibility of, or to object on any ground to the use of, information or identification of documents set forth herein in any subsequent proceeding, trial, or any other action.

## Specific Objections and Responses

**Interrogatory No. 1**: Please identify and state the full name, present address, employer, title, and occupation of all persons providing information and documents responsive to these discovery requests.

    **Answer:**  Chase responds that the individual responding to these interrogatories is Joseph G. Devine, Jr., Title:  Legal Specialist Officer, JPMorgan Chase Bank, National Association, with the assistance of counsel.  Mr. Devine may only be contacted through counsel of record.

**Interrogatory No. 9**: Identify all entities that have held any type of ownership interest in the loan, note and/or mortgage since its origination; the date of assignment to each such entity;

2

the prices paid for each assignment, and the documents that evidence the entity's legal title to the loan, note, and/or mortgage. State whether any entity identified in response to interrogatory number <<previous>> "pre-approved" the subject mortgage loan before it closed, and describe any such pre-approval process.

**Answer:** Chase objects to this interrogatory as it is outside of the scope of permissible discovery, irrelevant to the limited issue of the authenticity of the mortgage and whether Chase was the original lender, vague, ambiguous, overbroad, and unduly burdensome. Subject to these objections and the general objections, the only portion of this interrogatory that falls within the scope of permissible discovery is the identification of the original owner of the Note—Chase. The documents that identify Chase as the original lender are the Note dated December 23, 2005, and the Mortgage dated December 23, 2005, which secured the Note. Subject to these objections and the general objections, Chase will make the original Note and original Mortgage available to view at the offices of Chase's counsel at a mutually agreeable date and time.

**Interrogatory No. 14**: Identify the mark which may be found on the first page upper left of both on the Docket Entry 58-1 Exhibit A and Docket Entry 64 (reproduced below), and describe completely what it is, what both the barcode and the number stands for, when exactly it was affixed to the document, and identify what documents, files or databases it connects to or points to, their locations and who controls and has access to them.



4261886+1          00496490010759
PINSON, JOHN
DEED OF TRUST / MORTGAGE

3

**Answer:** Chase objects to this interrogatory as it is outside of the scope of permissible discovery, appears to seek confidential and proprietary information, and is irrelevant. The identified mark is wholly irrelevant to the authenticity of the Mortgage or whether Chase was the original lender. Additionally, the request is vague, ambiguous, overbroad, unduly burdensome, and seeks the disclosure of confidential, privileged, and proprietary information. Subject to these objections and the general objections, the Mortgage, dated December 23, 2005, is executed by Plaintiff in favor of Chase, and the mark is contained on a sticker that was placed on the original Mortgage. Chase will make the original Mortgage available to view at the offices of Chase's counsel at a mutually agreeable date and time.

## VERIFICATION

Based on my personal knowledge and/or the corporate sources of information available to me, I hereby swear and believe the facts set forth in the foregoing document are true to the best of my knowledge.

JPMorgan Chase Bank, National Association

Joseph G. Devine, Jr.
Title: Legal Specialist Officer
Date: December 5, 2014

STATE OF NEW YORK)
                    ss.
COUNTY OF KINGS)

SWORN TO and SUBSCRIBED before me by Joseph G. Devine Jr. on this 5th day of December, 2014.

Notary Public

My Commission Expires: 6/4/2015

ELIZABETH MARIE DREW
Notary Public, State of New York
No. 02DR6167863
Qualified in New York County
Commission Expires June 4, 2015

Personally Known ✓
OR Produced Identification ___
Type of Identification Produced ___

4

Dated: December 8ᵗʰ, 2014.

GRAYROBINSON, P.A.
401 E. Las Olas Blvd., Suite 1850
Fort Lauderdale, FL 33301
Telephone:    (954) 761-8111
Facsimile:    (954) 761-8112
*Counsel for Defendants*

_____
Thomas H. Loffredo
Fla. Bar No. 870323
Michael D. Lessne
Fla. Bar No. 73881
michael.lessne@gray-robinson.com
Camilla J. Cohen
Fla. Bar No. 106811
camilla.cohen@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of Defendant JPMorgan Chase Bank, National Association's Answer to Plaintiff's First Set of Interrogatories was served by first class mail and email this 8th day of December, 2014 to:

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

_____
/s/ Michael D. Lessnee
Michael D. Lessne

\823538\5200 - # 3289019 v3

# Exhibit "B"

Pages 7-9



# Joseph Devine

Legal Specialist Officer, Discovery Response Team,
Mortgage Banking Law, JPMorgan Chase Bank, N.A.
Staten Island, New York  |  Law Practice

| | |
|---|---|
| Current | JPMorgan Chase, Tower Legal Solutions--JPMorgan Chase |
| Previous | Self-employed, The Hideout POA, Penn State University |
| Education | Pennsylvania State University, The Dickinson School of Law |

**Connect**  **Send Joseph InMail** ▼     **92**
connections

www.linkedin.com/pub/joseph-devine/62/394/3b0

**Background**

 **Experience**

**Legal Specialist Officer**
JPMorgan Chase
September 2013 – Present (1 year 4 months)  |  Iselin, New Jersey

**Contract Attorney**
Tower Legal Solutions--JPMorgan Chase
July 2013 – Present (1 year 6 months)  |  Iselin, NJ     

**Attorney**
Self-employed
October 2011 – July 2013 (1 year 10 months)  |  Lake Ariel, PA

-Independent legal contractor, mostly for Wayne County, PA attorneys.
-Worked in several areas of law, including: legal research, personal injury, landlord-tenant, land contract, family law, incapacity, and criminal defense.
-Licensed in Pennsylvania and New Jersey.
-Passed February 2013 New York Bar Exam.

**Assistant Aquatics Coordinator, Head Lifeguard, Lifeguard**
The Hideout POA
May 2002 – September 2011 (9 years 5 months)  |  Lake Ariel, PA

-Supervised approximately 25 lifeguards as Assistant Aquatics Coordinator.
-Ensured safety through training of lifeguards, enforcement of rules, and effective scanning.
-Lifeguard of the Month: August 2002, July 2005, August 2008.

**Auxiliary Police Officer**
Penn State University                                    PENN STATE
December 2007 – May 2011 (3 years 6 months)  |  University Park, PA

-Monitored campus residence halls to ensure security.
-Dispatched other auxiliary officers to unsecure locations.
-Worked with Penn State and State College police departments as additional monitor.
-Employee of the Month: April 2010.

**Legal Intern**
Wayne County District Attorney's Office
June 2009 – August 2010 (1 year 3 months)  |  Honesdale, PA

-Legal intern at the Wayne County District Attorney's Office during Summer 2009, Winter 2009-10, and Summer 2010.
-Researched and prepared visuals for trials with the District Attorney and 3 Assistant District Attorneys.

**People Similar to Joseph**



JPMorgan Chase & Co

**What Makes JPMorgan Chase Unique?**
Get the scoop directly from our employees.




**Learn More**       **in** Career Pages
Follow JPMorgan Chase on LinkedIn

**People Also Viewed**

 **Mike Zeiler**
Legal Specialist at JPMorgan Chase

 **Erica L. Zong Evenson**
Associate at Morgan, Lewis & Bockius LLP

**Leidy Maldonado**
Legal Specialist Officer at JPMorgan Chase

 **Allurie Kephart**
Attorney at Richards, Layton & Finger

 **Maria Miglino**
Legal Specialist Officer at JPMorgan Chase

 **Tal Brannan**
Procurement Manager at Parsons Corporation

 **David Cramer**
Associate Attorney at Martin Bischoff

 **Bianca Yip**
Deputy District Attorney at Stanislaus County District Attorney

**Geralyn Boccher**
Vice President, Assistant General Counsel at JPMorgan Chase Bank, N.A.

**Daniel de Vries**
wantrepreneur

-Drafted and filed legal briefs with the Pennsylvania Court of Common Pleas and Superior Court.
-Performed legal research and drafted memoranda for a variety of criminal law and probation/parole
issues.
Observed court proceedings, including a capital murder trial in 2010.

Ŗ   Skills

Top Skills

1    Legal Research

1    Courts

1    Trials

1    Civil Litigation

Criminal Law

Joseph also knows about...

Family Law    Personal Injury    Criminal Defense    Real Estate    Westlaw    Police

Help Center    About    Press    Blog    Careers    Advertising    Talent Solutions    Small Business    Mobile    Developers    Language    Upgrade Your Account
LinkedIn Corporation © 2014    User Agreement    Privacy Policy    Community Guidelines    Cookie Policy    Copyright Policy    Send Feedback

>>Plaintiff's Exhibits to Motion for Continuance - Page 9 of 18<<

https://www.linkedin.com/pub/joseph-devine/62/394/3b0                                              12/5/2014

# Exhibit "C"

Pages 10-13

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, December 09, 2014 11:55 AM |
| **To:** | 'Michael D. Lessne, CPA' |
| **Cc:** | 'Tom Loffredo'; 'Jackie Johnson' |
| **Subject:** | RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Scheduling to View Original Note and Original Mortgage |
| | |
| **Importance:** | High |

Mr. Lessne,

Yes, you must be busy, but I need to move this case forward.

Discovery was over December 6, but because it was a Saturday, as you say, it extended to Monday December 8, 2014. I expected to be able to view whatever documents you have for me to view when the Discovery was due, or the day after, which is Today, not next week. It was due then, you should have it now. You have a large firm, someone should have been available to show it to me yesterday when it was due, or today.

The responses contain blanket, non-specific objections which are contrary to Local Rule 26.1(g)(3)(A).

Part of what you attached to the Production responses appears to be the same as that which you filed with the Motion to Dismiss [DE 58-1], which I have already disputed and moved to strike. If you have other documents, please scan them and send as a pdf today or otherwise I will have to assume that you have nothing in hand today.

Further, as you have claimed privilege on all the requests for production and all of the interrogatories answered, please provide me with  copy of your privilege log today per Local Rule 26.1(g)(3)(B).

Please understand that if you can not comply with these specific request I will be forced to file a motion to compel or in-camera review.

Additionally, I will be at your office on Friday, December 12 in the afternoon at 1:30 p.m., as you have offered.

Finally, since do I intend to depose Mr. Joseph G. Devine, Jr., the respondent to the interrogatories,  I intend to file an enlargement of time for discovery. I note that you failed to provide an address for him as requested in Interrogatory #1.

Sincerely,

John Pinson
561-329-2524
john@pinson.com

---

**From:** Michael D. Lessne, CPA [mailto:Michael.Lessne@gray-robinson.com]
**Sent:** Monday, December 08, 2014 12:03 PM
**To:** John D Pinson
**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Scheduling to View Original Note and Original Mortgage

1

Mr. Pinson, I acknowledge your emails.  The dates you have proposed do not work for my schedule.  I will make myself available for you to view the original note and original mortgage in my office on Friday, December 12 in the afternoon after 1 p.m.; on Monday, December 15 in the morning between 8 a.m.- 11 a.m.; and Tuesday, December 16, in the afternoon after 1 p.m.  Please let me know which date is best or if you need me to propose additional dates for later on next week.

Thank you.


**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard


**Facebook | LinkedIn | Twitter**
**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, December 08, 2014 11:26 AM
**To:** Michael D. Lessne, CPA
**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Responses to Discovery Requests
**Importance:** High


2nd. Request!

Please advise!


**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Sunday, December 07, 2014 11:44 PM
**To:** 'Michael D. Lessne, CPA'
**Cc:** 'Tom Loffredo'; 'Jackie Johnson'
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Responses to Discovery Requests
**Importance:** High

Mr. Lessne,

Based on your communication, I want to view whatever documents that you have to show me.

I may be able to come to your office in Ft. Lauderdale tomorrow, Monday, between 2 and 3:30 PM, but I would prefer to come on Tuesday, December 9, 2014, and should be available between 10 AM and 3:30 PM.

Please advise!

Sincerely,

John Pinson
561-329-2524
john@pinson.com


**From:** Michael D. Lessne, CPA [mailto:Michael.Lessne@gray-robinson.com]
**Sent:** Friday, December 05, 2014 3:17 PM
**To:** John D Pinson

2

**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Responses to Discovery Requests
**Importance:** High

Dear Mr. Pinson,

Attached please find copies of (a) JPMorgan Chase Bank, N.A.'s response to your Request for Production (limited to the responses required by the Court's Order Granting Defendants' Motion for Protective Order [DE 83]) and the responsive documents and (b) JPMorgan Chase Bank, N.A.'s answer to your interrogatories (as limited by DE 83).  The answer to interrogatories are being shipped overnight to my office, and I will send you the original answer when I receive it on Monday.

Thank you.

Sincerely,

**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

# Exhibit "D"

PAges 14-18

**John D Pinson**

| | |
|---|---|
| **From:** | Michael D. Lessne, CPA <Michael.Lessne@gray-robinson.com> |
| **Sent:** | Wednesday, December 10, 2014 10:50 AM |
| **To:** | John D Pinson |
| **Cc:** | Tom Loffredo; Jackie Johnson |
| **Subject:** | RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Scheduling to View Original Note and Original Mortgage |

Mr. Pinson:

You are confirmed to come to my office on <u>Friday, December 12 @ 1:30 p.m.</u> to view the original note and mortgage. Copies of the original note and mortgage were previously provided to you as an attachment to my email of Friday, December 5. As the original note and mortgage are the only non- objectionable responsive documents and they are not being withheld on the basis of privilege, there is no privilege log. With respect to your intention to seek an enlargement of time for discovery, please note in any motion to the court that Chase opposes your request and any further discovery. The court permitted discovery limited to the issue of the authenticity of the mortgage and whether Chase was the original lender and you have received copies of the original note and mortgage and will have the opportunity to view them on Friday.

Thank you.

Sincerely,


**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
<u>E-mail</u> | <u>Website</u> | <u>Bio</u> | <u>vCard</u>

**Facebook | LinkedIn | Twitter**
**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, December 09, 2014 11:55 AM
**To:** Michael D. Lessne, CPA
**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Scheduling to View Original Note and Original Mortgage
**Importance:** High

Mr. Lessne,

Yes, you must be busy, but I need to move this case forward.

Discovery was over December 6, but because it was a Saturday, as you say, it extended to Monday December 8, 2014. I expected to be able to view whatever documents you have for me to view when the Discovery was due, or the day after, which is Today, not next week. It was due then, you should have it now. You have a large firm, someone should have been available to show it to me yesterday when it was due, or today.

1

The responses contain blanket, non-specific objections which are contrary to Local Rule 26.1(g)(3)(A).

Part of what you attached to the Production responses appears to be the same as that which you filed with the Motion to Dismiss [DE 58-1], which I have already disputed and moved to strike. If you have other documents, please scan them and send as a pdf today or otherwise I will have to assume that you have nothing in hand today.

Further, as you have claimed privilege on all the requests for production and all of the interrogatories answered, please provide me with  copy of your privilege log today per Local Rule 26.1(g)(3)(B).

Please understand that if you can not comply with these specific request I will be forced to file a motion to compel or in-camera review.

Additionally, I will be at your office on Friday, December 12 in the afternoon at 1:30 p.m., as you have offered.

Finally, since do I intend to depose Mr. Joseph G. Devine, Jr., the respondent to the interrogatories,  I intend to file an enlargement of time for discovery. I note that you failed to provide an address for him as requested in Interrogatory #1.

Sincerely,

John Pinson
561-329-2524
john@pinson.com


**From:** Michael D. Lessne, CPA [mailto:Michael.Lessne@gray-robinson.com]
**Sent:** Monday, December 08, 2014 12:03 PM
**To:** John D Pinson
**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Scheduling to View Original Note and Original Mortgage

Mr. Pinson, I acknowledge your emails.  The dates you have proposed do not work for my schedule.  I will make myself available for you to view the original note and original mortgage in my office on Friday, December 12 in the afternoon after 1 p.m.; on Monday, December 15 in the morning between 8 a.m.- 11 a.m.; and Tuesday, December 16, in the afternoon after 1 p.m.  Please let me know which date is best or if you need me to propose additional dates for later on next week.

Thank you.


**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard


**Facebook | LinkedIn | Twitter**
**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Monday, December 08, 2014 11:26 AM
**To:** Michael D. Lessne, CPA
**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Responses to Discovery Requests
**Importance:** High

2nd. Request!

Please advise!

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Sunday, December 07, 2014 11:44 PM
**To:** 'Michael D. Lessne, CPA'
**Cc:** 'Tom Loffredo'; 'Jackie Johnson'
**Subject:** RE: Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Responses to Discovery Requests
**Importance:** High

Mr. Lessne,

Based on your communication, I want to view whatever documents that you have to show me.

I may be able to come to your office in Ft. Lauderdale tomorrow, Monday, between 2 and 3:30 PM, but I would prefer to come on Tuesday, December 9, 2014, and should be available between 10 AM and 3:30 PM.

Please advise!

Sincerely,

John Pinson
561-329-2524
john@pinson.com

**From:** Michael D. Lessne, CPA [mailto:Michael.Lessne@gray-robinson.com]
**Sent:** Friday, December 05, 2014 3:17 PM
**To:** John D Pinson
**Cc:** Tom Loffredo; Jackie Johnson
**Subject:** Pinson v. JP Morgan Chase Bank, NA - Case 9:13-cv-80720-KAM - Responses to Discovery Requests
**Importance:** High

Dear Mr. Pinson,

Attached please find copies of (a) JPMorgan Chase Bank, N.A.'s response to your Request for Production (limited to the responses required by the Court's Order Granting Defendants' Motion for Protective Order [DE 83]) and the responsive documents and (b) JPMorgan Chase Bank, N.A.'s answer to your interrogatories (as limited by DE 83). The answer to interrogatories are being shipped overnight to my office, and I will send you the original answer when I receive it on Monday.

Thank you.

Sincerely,

**Michael D. Lessne, CPA | Senior Associate**
**G R A Y | R O B I N S O N**

401 East Las Olas Blvd., Suite 1000 | Fort Lauderdale, Florida 33301
**T:** 954-761-8111 | **F:** 954-761-8112
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

3

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

4