UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

        Plaintiff,                           Case No. 9:13-cv-80720-KAM

_____/

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution;
CPCC DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity; and JPMORGAN CHASE
& CO., a publicly held company,

        Defendants.
_____/

**DEFENDANTS' RESPONSE MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CONTINUANCE**

        Defendants, JPMorgan Chase Bank, National Association ("Chase"), CPCC Delaware Business Trust, and JPMorgan Chase & Co., submit this response in opposition to Plaintiff's Motion for Continuance [DE 93]. For the reasons set forth below, Defendants oppose (a) Plaintiff's request to conduct any additional discovery and (b) any enlargement of time for Plaintiff to respond to Defendants' converted Motion to Dismiss Second Amended Verified Complaint with Prejudice [DE 58] in the manner ordered by the Court in DE 71.

**Summary**

        The deadlines having passed for Plaintiff to conduct limited discovery and to respond to Defendants' motion to dismiss, and Plaintiff having received from Chase responses to the discovery permitted by the Court in its Protective Order [DE 83] and having reviewed the

original note and original mortgage, Plaintiff seeks permission to conduct additional discovery before responding to the converted motion to dismiss.

Defendants oppose this request, as any additional discovery requested by Plaintiff exceeds the scope of the discovery permitted by the Court at this stage in the proceedings and is wholly irrelevant to the issues raised by the submission of a certified copy of the mortgage in support of the motion to dismiss.

## Background

Plaintiff's overreaching efforts to obtain discovery is an issue with which the Court is very familiar.  On October 2, the Court entered an Order [DE 75] permitting Plaintiff to conduct limited discovery into the two issues raised by the submission of the certified copy of the mortgage by Defendants as part of their motion to dismiss—the authenticity of the mortgage and whether Chase was the original lender.  Plaintiff then propounded discovery requests which far exceeded the scope of these issues and Defendants moved for a protective order [DE 77]. After consideration of Plaintiff's response [DE 81], the Court entered an Order [DE 83] granting the motion and requiring Chase to respond within ten days to certain of the interrogatories and certain of the requests for protection solely to the extent that they require production of the original note and mortgage.  The Order specifically provided that "any discovery requested by Plaintiff that is beyond the scope of the Court's Order [DE 75] is inherently annoying, embarrassing, oppressing, and unduly burdening to Defendants." DE 83, Pg. 4.

Chase has complied with its obligations under the protective order, timely responding to the outstanding discovery [*see* DE 91], producing copies of the original note and mortgage, and then making available the original note and mortgage for Mr. Pinson to review.  The undersigned counsel arranged for Mr. Pinson to come to his office view the original note and mortgage on

December 12 at 1:30 p.m., and Mr. Pinson inspected the original documents when he arrived at 3:00 p.m. and then asked for and received a color copy of both, front and back.

## Discussion

Plaintiff relies on Federal Rule 56(d) in support of its request for additional discovery. Federal Rule 56 provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). While as a general rule, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion," *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997), a plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Hendricks v. Rambosk*, 2011 WL 1429646, at *5 (M.D. Fla. 2011) (*quoting Wallace v. Brownell Pontiac-GMC Co.,* 703 F.2d 525, 527 (11th Cir. 1983) (internal citations omitted)).

Here, there is no basis for Plaintiff to obtain any additional discovery. Now that he has seen the original note and mortgage, Plaintiff has not (by affidavit, declaration, or otherwise), and cannot, show any reason why he is unable present facts to oppose the authenticity of the mortgage or whether Chase was the original lender. The facts are all available to Plaintiff to respond to the converted motion to dismiss. There is no additional information to be obtained that is relevant to the issues of whether the certified copy of the mortgage is authentic (Plaintiff has seen and has a copy of the original) or whether Chase is the original lender (Plaintiff has seen

and has a copy of the original note and mortgage and can identify Chase as the lender on both). The efforts of Plaintiff to seek additional discovery only serve to delay resolution of the motion to dismiss[1].

The Court required Plaintiff to file his response to Defendants' Motion to Dismiss the Second Amended Complaint [DE 58] no later than December 12, 2014. *See* DE 75. This deadline extended the time for the plaintiff to file (1) a memorandum of law in opposition to the motion, (2) necessary sworn affidavits and other material in opposition to the motion, and (3) a concise statement of material fact which contents there is a genuine issue to be tried. *See* DE 71. Plaintiff did not receive any extension to the December 12 response deadline, and did not seek one prior to the deadline.

Defendants desire to move this matter to resolution as soon as possible, but, as undersigned counsel has previously informed Plaintiff, they will not oppose an extension for Plaintiff to respond to the motion to dismiss for up to two weeks after the discovery response deadline. *See* November 26, 2014 email, attached as Exhibit A. Because Plaintiff viewed the original note and mortgage on December 12, Defendants will not oppose an extension of Plaintiff's response deadline through December 26, 2015.

**WHEREFORE**, Defendants seek the entry of an Order denying Plaintiff's Motion for Continuance; denying Plaintiff any additional time to conduct discovery; requiring Plaintiff to respond to Defendants' motion to dismiss by filing (1) a memorandum of law in opposition to the motion, (2) necessary sworn affidavits and other material in opposition to the motion, and (3)

---

[1] In addition, Plaintiff provides no explanation why he did not seek to depose a corporate representative of Chase prior to the Chase discovery cut-off. While Chase may have opposed the request as part of the motion for protective order, the issue would have been resolved by now. As noted in the case cited by Plaintiff, *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, "[t]o savor the balm of Rule 56(f) [the predecessor of Rule 56(d)], a party must act in a timely fashion." 142 F.3d 26, 44 (1st Cir. 1998). Plaintiff's actions here show only an intent to further delay these proceedings.

a concise statement of material fact which contends there is a genuine issue to be tried to the motion—**no later than December 26, 2014**, and providing that if Plaintiff fails to submit the necessary sworn affidavits or the concise statement of material fact, the Court will accept all material facts set forth in the motion as true in accordance with Local Rule 56.1(b), as previously set forth in DE 71; and for such other relief as is just and proper.

Dated: December 18, 2014.

**GRAYROBINSON, P.A.**
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Telephone:     (954) 761-8111
Facsimile:     (954) 761-8112
*Counsel for Defendants*

s/Michael D. Lessne
Thomas H. Loffredo
Fla. Bar No. 870323
Michael D. Lessne
Fla. Bar No. 73881
michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December, 2014, a true copy of the foregoing was served (a) electronically upon all parties that have registered for the CM/ECF service list and (b) by first class mail and email to:

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

s/Michael D. Lessne
Michael D. Lessne

\823538\5200 - # 3329792 v1