UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:13-cv-80720-KAM

John Pinson, *pro se*

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

FILED BY ___ D.C.
DEC 29 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF'S REPLY
## TO DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR CONTINUANCE

1. The Court is well apprised of this case. Plaintiff did file his motion to continue [DE 93] and Defendants have responded [DE 94] clearly missing the points raised by Plaintiff in his motion. Plaintiff seeks the continuance because of Defendants' continued resistance to discovery and obstructionist and dilatory practices. Plaintiff seeks necessary relevant discovery he is entitled to under Order [DE75].

2. Prior to this motion and contemporaneously with this Court's order granting Defendant's protective order [DE 83], "[o]n November 26, Plaintiff moved for a Motion for Enlargement of time to complete discovery and respond to the converted motion" [DE 87 ¶3], to which Defendants did not respond and the motion is still pending before this Court. Thus contrary to Defendants' assertion that Plaintiff "did not seek [extension] prior to the deadline" [DE 94 ¶2], Plaintiff in fact did request an extension and the Court has yet to rule on it.

3. In further efforts to move discovery forward, Plaintiff has now filed his: Notice of Appeal on the protective order [DE 83], order [DE 89], and order denying hearing [DE 90]; Motion to Compel Better Answers to Interrogatories, Production of Documents or, in the alternative, for an In Camera Inspection of Documents; and, having previously informed Chase's counsel of his intent to depose Mr. Devine, has contacted counsel for available dates for deposition. It should be noted, because Mr. Devine's address was withheld, Plaintiff is unsure if he resides in New York or New Jersey and thus at present cannot properly draft the Notice of Deposition.

4. Attached is Plaintiff's affidavit submitted in support of his Motion for Continuance. *See* attached "Exhibit A".

5. At this stage, the continuance should be granted because "the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988), and the Order for limited discovery "is without prejudice to Plaintiff seeking other discoverable materials at a later time".[DE 75 pg. 2] As such, a non-moving party may move pursuant to Federal Rule of Civil Procedure 56(d) for a continuance to obtain further evidence, where additional discovery would enable the non-movant to carry its burden on summary judgment. See Fed. R. Civ. P. 56(d); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 n.3 (11th Cir. 1993). Plaintiff asserts the record is inadequate for the following reasons.

6. Plaintiff is sure "Defendants desire to move this matter to resolution as soon as possible" [De 94 ¶ ] because they are clearly resisting to provide the necessary, relevant, and material responses to Plaintiff's discovery requests and to force a premature response to the converted motion for summary judgment. Defendant substantially blocked Plaintiff's discovery with the request for protective order. Then Defendant answered those requests that it chose to use with General objections, unfounded objections, and claims of privilege where no privilege log exists. Defendant claims information to be confidential and proprietary, though early on in this case Plaintiff offered a draft joint stipulated protective order for situations like this but Defendant would not discuss the order. Plaintiff would still entertain a joint stipulated protective order to gain access to the withheld materials. Because of Defendant's resistance to discovery, Plaintiff files his Motion to Compel.

**Appeal**

7. It was ordered "the Court will permit discovery into the limited issue of the authenticity of the mortgage and whether Chase was the original lender" [DE 75 pg. 2]. By granting Defendant's protective order Plaintiff was denied access into the issues the Court previously granted to Plaintiff under his Rule 56(d) Motion. In an effort to gain this information Plaintiff has filed Notice of (interlocutory) Appeal on the protective order [DE 83], order [DE 89], and order denying hearing [DE 90].

8. The Plaintiff filed his opposition to the Motion for protective order, but the clerk's office filed in erroneous materials as exhibits [DE 81]. It was unknown to Plaintiff that the clerk's

office made this inadvertent error, and the clerk's office attempted to correct the error itself but for a second time filed in the same erroneous materials [DE 83]. The Magistrate Judge then granted the protective order with only these erroneous materials on the record. Only after the Court's ruling did Plaintiff discover the error and request the clerk to correct its mistake. Those erroneous documents appear to use administrative process and <u>this Plaintiff has nothing to do with any administrative process</u> and understands it is distasteful to the Court. Plaintiff believes this erroneous information tainted his opposition and prejudiced him resulting in the denial of the discovery hearing he requested and resulted in an adverse order. Because of these reasons and others, and the additional discovery limitations imposed by the protective order, Plaintiff files his appeal.

**Motion to Compel**

9. In an effort to gain the information anticipated from the discovery allowed in the protective order, Plaintiff has filed his Motion to Compel Better Answers to Interrogatories, Production of Documents or, in the Alternative, for an In Camera Inspection of Documents. Defendant was fully apprised as to why Plaintiff was requesting discovery. There are three attorneys that work on behalf of the Defendants. The disturbing part is that in both the Interrogatories and the Request for Production, the Defendant moved for the protective order to answer specific discovery requests, and then after receiving the order it desired, Defendant avoids substantive answers and proceeds to answer with unfounded objections, general objections and claims of privilege instead of providing the ordered answers to the discovery.

10. Moreover, if Defendants sought to only be required to produce the alleged note and mortgage, then why did they not select requests for productions numbers: 12 "Make available for viewing the original of the loan document (i.e. Note) executed by the plaintiff together with any endorsements and/or allonges" and 13 "Make available for viewing the original of the security instrument (i.e. Mortgage) executed by the plaintiff together with any endorsements and/or allonges". Instead they selected numbers 2 "Any and all documents, not covered by another section of this request, that were purportedly signed by John Pinson which otherwise relate or refer to the transactions between the CHASE and Plaintiff" and number 5 "Any agreement(s) that concerned, related to, encompassed, referred to or included the Plaintiff's loan, note and/or mortgage, including but not limited to any warehouse lines of credit, any bulk sales, any repurchase agreements, any investment agreements, any

securitization agreements, any credit agreements, and/or any loan sale agreements", yet only produce a spoiled and whiteout laden alleged note and mortgage and claim privilege and objections. Defendant did not produce any other documents in the two requests.

11. If the Court intended to only have Defendants produce the alleged note and mortgage, then why did it not say so in its Order [DE 75]? Instead the order states "the Court will permit discovery into the limited issue of the authenticity of the mortgage and whether Chase was the original lender" [DE 75 pg. 2]. The order clearly states "into the limited **issue**" indicating other relevant information; information Defendants have either failed to produce, have claimed privilege on, or do not have. Plaintiff's requests are for relevant information which could lead to the discovery of admissible evidence material to the issues in this case.

12. Defendants assert only conclusory statements of counsel which refer to facts not in evidence and should be disregarded. No affidavits have been filed to support assertions as to any alleged original documents. The individual answering interrogatories appears to not be an employee of Chase. It is undisputed "[y]our loan was sold into a public security" [DE 52 ¶28, appx. B] yet no alonge appears on or is attached to any alleged documents. No affidavit or testimony is in evidence from any owner of the loan showing the chain of ownership. Since it is undisputed the loan was sold, where did the alleged original documents come from?

13. On December 12, 2014, at 3 PM, Plaintiff viewed alleged original documents at Chase counsel's office. The only documents produced were an alleged mortgage and note; no other documents. The alleged original documents presented appeared distinctly different and included whiteout tape on each page covering portions of the documents and hand written notations that appear nowhere on any other alleged documents presented. Particularly, the mark Plaintiff questioned in the Court ordered interrogatory number 14 was covered up with whiteout tape and loan numbers were covered up, with no explanations why. No explanation was offered to these questions of fact of these alleged documents being different, altered, and/or spoiled.

14. In no way could the documents shown to Plaintiff be the alleged original note and mortgage as Plaintiff plainly observed multiple locations on the documents presented that were covered up with whiteout tape. For defendant to state to this Court or any other person that it provided the original note for viewing to the Plaintiff is almost laughable. Plaintiff dictated extensive notes immediately upon leaving the viewing, and before leaving the building, regarding the

alleged original note and mortgage so as to capture in great detail his observations having just viewed the documents.

15. By filing his Motion to Compel, Plaintiff seeks relevant answers to his discovery requests as ordered by the Court in the protective order [DE 83]:

    - interrogatory no. 1, Please identify and state the full name, present address, employer, title, and occupation of all persons providing information and documents responsive to these discovery requests;
    - interrogatory no. 9, Identify all entities that have held any type of ownership interest in the loan, note and/or mortgage since its origination; the date of assignment to each such entity; the prices paid for each assignment, and the documents that evidence the entity's legal title to the loan, note, and/or mortgage;
    - interrogatory no. 14, Identify the mark which may be found on the first page upper left of both on the Docket Entry 58-1 Exhibit A and Docket Entry 64, and describe completely what it is, what both the barcode and the number stands for, when exactly it was affixed to the document, and identify what documents, files or databases it connects to or points to, their locations and who controls and has access to them;
    - request for production no. 2, Any and all documents, not covered by another section of this request, that were purportedly signed by John Pinson which otherwise relate or refer to the transactions between the CHASE and Plaintiff; and,
    - request for production no. 5, Any agreement(s) that concerned, related to, encompassed, referred to or included the Plaintiffs loan, note and/or mortgage, including but not limited to any warehouse lines of credit, any bulk sales, any repurchase agreements, any investment agreements, any securitization agreements, any credit agreements, and/or any loan sale agreements.

**Deposition**

16. In an effort to gain clarification to the discovery responses received so far, Plaintiff seeks to depose Mr. Joseph G. Devine, Jr. the individual answering interrogatories for Chase.

17. In answering interrogatories for Defendant, Mr. Devine appears to not work for Chase but to be a leased employee employed by a third party company, Tower Legal Solutions. This renders any interrogatory responses invalid and worthless. Mr. Devine did not answer who he

is employed by and does not show that he was appointed an officer of Defendant Chase by resolution of its Board of Directors.

18. The Federal Rules state in: FRCP Rule 33:

> 33(b) ANSWERS AND OBJECTIONS. Responding Party. The interrogatories must be answered: (B) if that party is a public or private corporation ... by any officer or agent, who must furnish the information available to the party.

19. Black's Law Dictionary Seventh Edition offers the following definitions:

> **Officer.** In corporate law, the term refers especially to a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as CEO, president, secretary, or treasurer.
>
> **Corporate Agent.** An agent authorized to act on behalf of a corporation; broadly, all employees and officers who have the power to bind the corporation.

20. Mr. Devine did not answer who he is employed by and does not show that he was appointed an officer of Defendant Chase by resolution of its Board of Directors or as an authorized agent of Chase. This renders any interrogatory responses invalid and worthless.

21. By deposing Mr. Devine, Plaintiff seeks to find: whether he is a contract attorney employed by Tower Legal Solutions or if he works for Chase; what resolution by Chase made him an officer; what information he provided in answering the interrogatories and what part was merely prepared for him by counsel; Why the alleged original documents have substantial amounts of whiteout covering up information on the documents, particularly the mark questioned in interrogatory no. 14, and who did this, why and when; what are the hand written notations on the alleged originals and who placed them and when; his knowledge of the business records and internal procedures of the Defendant he answered for; His knowledge of the timeline and chain of custody of any loan or documents; knowledge of who the owner of the loan may be, it's location, terms of sale, date of sale, if it was a pre-sold or table funded loan; existence of and terms of any securitization agreements or servicing agreements and location of those documents; To the extent that Chase previously alleged the

Note was lost or destroyed, to gain an accounting of how it was recovered and the circumstances surrounding this loss and recovery; and, any other relevant information.

22. Plaintiff also reserved to depose another alleged employee of Chase.

### Conclusion

23. Plaintiff cannot adequately respond to Defendants' motion for summary judgment presently because: Plaintiff needs to depose specific witness's, compel better answers to discovery or have the Court conduct an in-camera review, and pursue his interlocutory appeal on those orders restricting Plaintiff's discovery requests. Fed. R. Civ. P. 56(d)(2); see Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). The very discovery Plaintiff was granted by order [DE 75] was blocked with the protective order. The remaining discovery responses contained general objections, unfounded blanket objections and blanket claims of privilege where no privilege log exists.

24. "Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization." (affd. ¶27) Through the Court ordered discovery (DE 75) Plaintiff is trying to get all the pieces of the puzzle to substantiate statements made by Milan to him.

25. Therefore, discovery is not a wild fishing trip! Plaintiff has very reasonable cause to seek those specific answers and documents that would document everything in the statements Milan made to Plaintiff. In this instance, to determine if Chase was a facilitator of the transaction or the actual lender.

26. These questions are not something conjured up in Plaintiff's mind but something said directly to him by Chase representative Benny Milan. This is but one reason Plaintiff seeks the relevant discoverable information.

27. Plaintiff is merely attempting to determine whether Chase acted as a facilitator of transactions or was an actual lender. Without adequate discovery to determine the exact facts, surrounding these matters, which are based on the questions arising directly from statements from Chase representative Benny Milan, Plaintiff cannot reasonably be expected to argue what facts are and are not genuinely disputed in good faith. There is good reason for the Plaintiff to seek adequate discovery. Adequate discovery affords a safety net for parties that

need to gather facts essential to resist a motion for summary judgment, and the Court should not allow defendants to shroud the truth behind the curtain of securitization.

28. Plaintiff will suffer actual and substantial prejudice if he is not permitted to depose specific witness's, compel better answers to discovery, and pursue his interlocutory appeal. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (10th Cir. 2002).

29. The request for continuance is made in good faith, not for the purpose of undue delay or burden. No party to the action will be prejudiced by the relief requested. The request is made so that substantial justice may be done.

30. Therefore, Plaintiff asks the Court to allow him sixty (60) days additional time, from the entry of an order on his motion for continuance, to conduct discovery.

**WHEREFORE**, the Plaintiff pro se, John Pinson, respectfully moves this Honorable Court to issue an Order: granting his motion for continuance and allowing Plaintiff sixty (60) days additional time, from the entry of an order on his motion for continuance, to conduct discovery, plus sufficient time after to prepare and submit his response to the Defendants, Chase, CPCC, and JPMC's, converted motion for summary judgment; and, any further relief deemed equitable and just.

Dated: December 26, 2014

Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed December 26, 2014

John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendants:
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

Michael D. Lessne, Esq.
Michael.lessne@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
Attorney for Defendants:
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

*[handwritten: Attached "Exhibit A" 4 pages]*

# Exhibit "A"

John Pinson v. JPMorgan Chase Bank, N.A., et al. - CASE NO.: 9:13-cv-80720-KAM



## AFFIDAVIT OF JOHN PINSON IN SUPPORT OF CONTINUANCE

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21 years, competent to testify and has not been convicted of a felony or misdemeanor of moral turpitude or any felony criminal offense and declares as follows under penalty of perjury regarding Case No.: 9:13-cv-80720-KAM; John Pinson v. JPMorgan Chase Bank NA et al.:

1. Plaintiff's affidavit is in support of his Motion for Continuance.
2. Defendants have moved for summary judgment before any aspect of discovery has even commenced.
3. As of this date, no depositions have been taken and defendants have not propounded any discovery.
4. Plaintiff served discovery on Defendants by hand delivery to offices of Defendants counsel in Ft Lauderdale on October 21, 2014.
5. Plaintiff's discovery consisted of Interrogatories, Requests for Production and Requests for Admissions upon each Defendant in this action.
6. Defendants filed a motion for protective order on November 11, 2014.
7. Plaintiff opposed the motion for protective order and requested a hearing.
8. On November 26, 2014, the Court granted the protective order and denied Plaintiff a hearing on the matter.
9. By the protective order Plaintiff was denied discovery upon CPCC the alleged manager of the unknown security that owns the loan.
10. Plaintiff does not participate in CM/ECF and does not receive system e-mails.
11. The Clerk's office twice filed in erroneous material as exhibits to Plaintiff's opposition brief.
12. The protective order was granted with erroneous evidence in the record.
13. Plaintiff states that he cannot reasonably be expected to argue what facts are and are not genuinely disputed in good faith without the benefit of adequate discovery.
14. Plaintiff was granted limited discovery, but Defendants protective order constrained Plaintiff's ability to access necessary and relevant discovery into the issues permitted in the Order granting discovery [DE 75], and he is not seeking additional discovery now.



Affidavit of John Pinson in support of Continuance - Page 1 of 3

15. Plaintiff cannot make a substantive response as required by Rule 56(e) without receiving Defendants' adequate responses to discovery requests and having taken necessary deposition testimony.
16. No owner of the loan security has identified specifically who the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to the same.
17. Defendants have failed to show agreements authorizing CPCC to manage the unknown security that owns the loan and have produced no affidavit by a competent person duly authorized and attesting to the same.
18. Defendants have failed to show any agreement authorizing Chase to act on behalf of CPCC and have produced no affidavit by a competent person duly authorized and attesting to the same.
19. Defendants have produced no affidavit, sworn and attested to by a responsible party legally authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss.
20. Plaintiff states he did not sign any document with this mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document: Plaintiff states he did not sign any document with this mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document:



this number on the left side "4261886+1" is unknown to Plaintiff.
21. Plaintiff was shown alleged original documents that were spoiled with whiteout.
22. The barcode mentioned above at ¶ 25 was covered up with whiteout.
23. Plaintiff cannot state these are original documents.
24. Chase previously represented the Note was lost or destroyed.
25. Chase does not account for how the alleged Note was found or retrieved.
26. Chase does not account for where documents come from, who owns documents, where documents are stored, or who the custodian of documents is.

Affidavit of John Pinson in support of Continuance - Page 2 of 3



27. Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization.
28. Plaintiff states that Chase Home Finance LLC was the servicer.
29. Plaintiff received no notice of transfer of servicer.
30. Plaintiff was told he needed to become delinquent in order to apply for any loan modification.
31. Plaintiff never received any transfer of servicer notice.
32. Defendants have not filed and answer to complaint or affirmative defenses. Defendants have not provided initial disclosures.
33. Defendants have not filed any affidavits.
34. Plaintiff merely seeks sufficient information to make proper factual representations to the Court.
35. Plaintiff seeks additional discovery to carry his burden on summary judgment.

### NOTARY'S VERIFICATION

STATE OF FLORIDA          §
COUNTY OF PALM BEACH      §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct, and the basis of these beliefs is my own direct personal knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Palm Beach County, Florida

December 29, 2014

_____
John Pinson

Signature of Notary _____    seal

KAREN A. GUZZO
Notary Public - State of Florida
My Comm. Expires Sep 16, 2016
Commission # EE 829638
Bonded Through National Notary Assn.