UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80720-CIV-MARRA

JOHN PINSON,

Plaintiff,

vs.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution,
CPCC DELAWARE BUSINESS TRUST,
a/k/a CPCC DELAWARE STATUTORY
TRUST, JPMORGAN CHASE & CO.,
a publicly held company,

Defendants.
_____/

**ORDER**

This cause is before the Court upon Plaintiff's Partially Opposed Motion for Enlargement of Time to Complete Discovery and Respond to Defendants' Converted Motion to Dismiss (DE 87) and Plaintiff's Motion for Continuance (DE 93).

On October 2, 2014, the Court permitted Plaintiff to conduct discovery into the limited issue of the authenticity of the mortgage and whether Chase was the original lender. The discovery period was through November 28, 2014 and Plaintiff was given until December 12, 2014 to file his response to Defendants' converted motion for summary judgment. (DE 75.)  On November 26, 2014, Plaintiff sought an enlargement of time to complete discovery.  Specifically, with respect to the enlargement of the discovery period, Plaintiff states that he needs an enlargement of time because Defendants' filed a motion for a protective order and the Magistrate Judge's stayed the deadline for Defendants to file their discovery requests until the Magistrate

Judge ruled on Defendants' motion for protective order. (DE 80.)  Plaintiff did not state in this motion what discovery he seeks.  Due to Plaintiff's failure to identify what additional discovery he seeks, the Court does not find any grounds to allow Plaintiff additional discovery on the basis of this motion.

Plaintiff also moves for additional time to conduct discovery in his December 17, 2014 motion for continuance.  Plaintiff, however, ought to have made all of his arguments relating to a need for more discovery prior to the deadline for discovery.  Nonetheless, the Court will address Plaintiff's requested discovery.  To being, the Court does not see how taking the deposition of Mr. Devine would relate to the authenticity of the mortgage and whether Chase was the original lender.  According to Plaintiff, Mr. Devine answered the interrogatories on behalf of Chase and Plaintiff wants to establish, among other things, whether he is a contract attorney or if he works for Chase.  Plaintiff also wishes to obtain information "previously propounded but denied by [the] Magistrate Judge."[1]  In sum, the materials sought by Plaintiff either do not relate to the limited issue identified by the Court as appropriate for discovery, were sought after the deadline for discovery closed or were deemed non-discoverable by the Magistrate Judge.

The Court will, however, grant Plaintiff additional time to respond to the converted motion to dismiss.  Plaintiff shall file his response no later than January 23, 2014.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[1] The Court notes that Plaintiff has appealed the Magistrate Judge's order to the 11th Circuit Court of Appeals.  (DE 95.)  This Court believes the appeal will be dismissed in short order by the Court of Appeals since Plaintiff is seeking appellate review of a non-final order, and the Court of Appeals does not have jurisdiction.  *See* 28 U.S.C. §§ 1291, 1292.  In the event this Court is incorrect and the Court of Appeals should rule in Plaintiff's favor, the Court will reconsider Plaintiff's motion on this point.

1) Plaintiff's Partially Opposed Motion for Enlargement of Time to Complete Discovery and Respond to Defendants' Converted Motion to Dismiss (DE 87) is **GRANTED IN PART AND DENIED IN PART**.

2) Plaintiff's Motion for Continuance (DE 93) is **GRANTED IN PART AND DENIED IN PART.**

3) Plaintiff is not permitted to conduct additional discovery. Plaintiff's response to respond to the converted motion to dismiss is due **January 23, 2014.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of January, 2015.

_____
KENNETH A. MARRA
United States District Judge