UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.  9:13-cv-80720-KAM

John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Plaintiff *pro se* John Pinson submits this statement of material facts and presents genuine issues of material fact.

Local Rule 56.1(a) states "[a] motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." Further that "Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant, but need not repeat the text of the movant's paragraphs."

Here, Defendants' motion to dismiss was "partially converted into a summary judgment motion on the issue of the certified mortgage." [DE 75] Accordingly, no "Defendants' statement of material facts not in genuine dispute" is on file. Thus, no "order and with the paragraph numbering scheme" is available for Plaintiff to correspond with in his response.

The Court did "permit discovery into the limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants." [DE 75] In this the only limited issues identified are: 1) the authenticity of the mortgage and 2) whether Chase was the original lender.

### GENERAL OBJECTIONS

Plaintiff objects to Defendants' submission of unsubstantiated facts that are not supported by citation to admissible evidence, as required by Federal Rules of Civil Procedures 56(e) and Local Rule 56.1(a)(2).

Plaintiff objects to Defendants' cited exhibits to the extent that they are not complete, are not characterized as being what they purport on their face to be, and otherwise fail as to authenticity, foundation, and admissibility.

Evidence cited by Plaintiff in support of or in contradiction to a particular proposition should not be construed as the only evidence supporting or contradicting the proposition in question, and Plaintiff specifically reserves the right to provide additional evidence as is necessary and appropriate.

### A. Plaintiff responds as follows to the two limited issues noted above:

1) **The authenticity of the mortgage is Denied.** "Plaintiff states that any loan documents executed by him were initialed the on lower left side of each page not requiring a signature." (See Jan 23, 2015 affidavit of John Pinson ¶16.) "Plaintiff states he did not sign any document with barcode mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document". (See Jan 23, 2015 affidavit of John Pinson ¶15.) Because Plaintiff's initials do not appear and the barcode was added, Plaintiff states that "[t]he alleged mortgage filed with the county clerk in-accurately reflects the agreement." (See Jan 23, 2015 affidavit of John Pinson ¶17.) Plaintiff viewed alleged original documents including alleged original mortgage and states that the "[a]lleged original documents shown Plaintiff were spoiled with whiteout"; (See Jan 23, 2015 affidavit of John Pinson ¶18.) "[t]he barcode mentioned at affidavit ¶ 15 was covered up with whiteout on alleged originals"; (See Jan 23, 2015 affidavit of John Pinson ¶19.) and, the "loan numbers were covered up with whiteout on alleged originals." (See Jan 23, 2015 affidavit of John Pinson ¶20.) For these reasons "Plaintiff cannot state these are original documents." (See Jan 23, 2015 affidavit of John Pinson ¶21.) Additionally, as to alleged original documents "Chase does not account for where documents come from, who owns documents, where documents are stored, or who the custodian of documents is." (See Jan 23, 2015 affidavit of John Pinson ¶27.) "Plaintiff denies having any contractual agreement for credit, loans or services with the Defendants." (See Jan 23, 2015 affidavit of John Pinson ¶36.)     "The identity of the public security owning the loan is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶5.) "No affidavit is on record attesting to the authenticity of the alleged mortgage." (See

Jan 23, 2015 affidavit of John Pinson ¶12.) "No affidavit is on record attesting to the accuracy of the content of the alleged mortgage." (See Jan 23, 2015 affidavit of John Pinson ¶13.) "Defendants have produced no affidavit, sworn and attested to by a responsible party legally authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss." (See Jan 23, 2015 affidavit of John Pinson ¶14.)

2) **Plaintiff denies Chase was the original lender**. "Plaintiff denies having any contractual agreement for credit, loans or services with the Defendants." (See Jan 23, 2015 affidavit of John Pinson ¶36.)   "The identity of the public security owning the loan is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶5.) "Plaintiff states that any loan documents executed by him were initialed the on lower left side of each page not requiring a signature." (See Jan 23, 2015 affidavit of John Pinson ¶16.) "Plaintiff states he did not sign any document with barcode mark on it which may be found on the first page upper left of both on the Exhibit and certified copy of the document". (See Jan 23, 2015 affidavit of John Pinson ¶15.) Because Plaintiff's initials do not appear and the barcode was added, Plaintiff states that "[t]he alleged mortgage filed with the county clerk in-accurately reflects the agreement." (See Jan 23, 2015 affidavit of John Pinson ¶17.) "The record shows no loan application." (See Jan 23, 2015 affidavit of John Pinson ¶38.) "The record shows no wire transfer or check issued from Chase." (See Jan 23, 2015 affidavit of John Pinson ¶39.) "The record shows no indenture." (See Jan 23, 2015 affidavit of John Pinson ¶40.) "No affidavit is on record attesting to the authenticity of the alleged mortgage." (See Jan 23, 2015 affidavit of John Pinson ¶12.) "No affidavit is on record attesting to the accuracy of the content of the alleged mortgage." (See Jan 23, 2015 affidavit of John Pinson ¶13.) "Defendants have produced no affidavit, sworn and attested to by a responsible party legally authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss." (See Jan 23, 2015 affidavit of John Pinson ¶14.) "Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization." (See Jan 23, 2015 affidavit of John Pinson ¶28.)

### B. This record presents the following genuine issues of material fact:

3) **Ownership of the loan is in dispute**. "No owner of the loan is identified on the record." (See Jan 23, 2015 affidavit of John Pinson ¶2.) "The record does not show who the seller of the loan was." (See Jan 23, 2015 affidavit of John Pinson ¶4.) "The identity of the public security owning the loan is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶5.) "The sponsor of the public security is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶6.) "No owner of the loan security has identified specifically who all the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to facts." (See Jan 23, 2015 affidavit of John Pinson ¶7.) "No affidavit is on record attesting to ownership of the loan." (See Jan 23, 2015 affidavit of John Pinson ¶26.) "Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization." (See Jan 23, 2015 affidavit of John Pinson ¶28.)

4) **When loan was sold is in dispute**. "The record does not show when the loan was sold." (See Jan 23, 2015 affidavit of John Pinson ¶3.) "The record does not show who the seller of the loan was." (See Jan 23, 2015 affidavit of John Pinson ¶4.) "Plaintiff was told by Chase representative Benny Milan verbally that the investors in the public security were overseas in China and Europe and the loan was securitized into the public security before its closing and funding, and that Chase facilitated the securitization." (See Jan 23, 2015 affidavit of John Pinson ¶28.)

5) **Identity of Servicer is in dispute**. "Plaintiff states that Chase Home Finance LLC was the servicer." (See Jan 23, 2015 affidavit of John Pinson ¶29.) "Plaintiff received no notice of transfer of servicer." (See Jan 23, 2015 affidavit of John Pinson ¶30.) "Plaintiff never received any transfer of servicer notice." (See Jan 23, 2015 affidavit of John Pinson ¶32.) Additionally, appended Exhibits B, C, & D show Chase Home Finance LLC as servicer. (See Exhibits B, C, & D appended to Plaintiff's opposition to converted motion to dismiss.

6) **CPCC's right to manage public security is in dispute**. "No owner of the loan is identified on the record." (See Jan 23, 2015 affidavit of John Pinson ¶2.) "The identity of the public security owning the loan is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶5.) "The sponsor of the public security is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶6.) "No owner of the loan security has identified specifically who all the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to facts." (See Jan 23, 2015 affidavit of John Pinson ¶7.) "No agreement is on record showing authorization for CPCC to manage public security." (See Jan 23, 2015 affidavit of John Pinson ¶8.) "Defendants have failed to show agreements authorizing CPCC to manage the unknown security that owns the loan and have produced no affidavit by a competent person duly authorized and attesting to the same." (See Jan 23, 2015 affidavit of John Pinson ¶9.) "No affidavit is on record attesting to ownership of the loan." (See Jan 23, 2015 affidavit of John Pinson ¶26.)

7) **CPCC's right to authorize Chase to act is in dispute**. "Defendants have failed to show any agreement authorizing Chase to act on behalf of CPCC and have produced no affidavit by a competent person duly authorized and attesting to the same." (See Jan 23, 2015 affidavit of John Pinson ¶11.) "Plaintiff states that Chase Home Finance LLC was the servicer." (See Jan 23, 2015 affidavit of John Pinson ¶29.) "The identity of the public security owning the loan is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶5.) "The sponsor of the public security is unknown." (See Jan 23, 2015 affidavit of John Pinson ¶6.) "No owner of the loan security has identified specifically who all the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to facts." (See Jan 23, 2015 affidavit of John Pinson ¶7.) "No agreement is on record showing authorization for CPCC to manage public security." (See Jan 23, 2015 affidavit of John Pinson ¶8.) "Defendants have failed to show agreements authorizing CPCC to manage the unknown security that owns the loan and have produced no affidavit by a competent person duly authorized and attesting to the same." (See Jan 23, 2015 affidavit of John Pinson ¶9.)

Dated: January 23, 2015

Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed January 23, 2015

John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

Michael D. Lessne, Esq.
Michael.lessne@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.