UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

       Plaintiff,                                               Case No. 9:13-cv-80720-KAM

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution;
CPCC DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity; and JPMORGAN CHASE
& CO., a publicly held company,

       Defendants.
_____/

**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO (A) STRIKE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' CONVERTED MOTION TO SUMMARY JUDGMENT AS EXCEEDING THE RESPONSE MEMORANDUM PAGE LIMIT, AND (B) FOR <u>ENLARGEMENT OF TIME TO FILE MEMORANDUM REPLY</u>**

       Defendants, JPMorgan Chase Bank, National Association ("Chase"), CPCC Delaware Business Trust, and JPMorgan Chase & Co., pursuant to Fed. R. Civ. P. 6(b) and S.D. Fla. Local Rule 7.1, file this Motion and Incorporated Memorandum of Law to Strike Plaintiff's Response in Opposition to Defendants' Converted Motion to Summary Judgment as Exceeding the Response Memorandum Page Limit, and for Enlargement of Time to File Memorandum Reply, and in support state as follows.

       On January 5, 2015, the Court entered an Order [DE 102], denying Plaintiff an opportunity to conduct further discovery and requiring him to respond to the converted motion for summary judgment [DE 58] by January 23, 2014.  Plaintiff then filed Plaintiff filed his Response in Opposition to Defendants Partially Converted Motion to Dismiss [DE 107] and his Statement of Material Facts [DE 106].  The responsive documents were entered on the docket on

January 26, but Plaintiff's certification and the file stamp at the top of each reflect that they were filed on January 23.  The response is 42 pages, not including the service list and exhibits.

## Motion to Strike

Pursuant to S.D. Fla. Local Rule 7.1(c)(2), "absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed 20 pages." *Id.*  Local Rules are "designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).  District Court local rules have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 130 S.Ct. 705, 710, 175 L.Ed.2d 657 (U.S. 2010); *Castro v. Dir., F.D.I.C.*, 449 Fed. Appx. 786, 788 (11th Cir. 2011).

Here, Plaintiff has neither sought nor obtained permission from the Court to exceed the 20-page limit for filing a responsive memorandum, and has accordingly violated S.D. Fla. Local Rule 7.1(c)(2).  In a situation like this, it is appropriate for the Court to strike Plaintiff's response. *See Porter v. Collecto, Inc.,* 2014 WL 2612317, at *2 (S.D. Fla. 2014) (granting (a) the defendant's motion to strike the plaintiff's memorandum response to the defendant's motion to dismiss and (b) the defendant's motion to strike the plaintiff's motion for permission *nunc pro tunc* to exceed the response memorandum page limit).  Plaintiff should have asked the Court for permission to file a responsive brief that is twice the permissible page limit.

## Motion for Enlargement of Time to Respond

A reply memorandum to the response memorandum is due on either February 2 or February 9, depending on the initial date used to calculate the reply date.  Pursuant to S.D. Fla. Local Rule 7.1(c)(1), time is computed by calculating seven days beginning the day after the response was certified as having been filed via CM/ECF.  An additional three days is added where service is made electronically pursuant to Fed. R. Civ. P. 7(d), incorporating Fed. R. Civ.

P. 5(b)(2)(E). Accordingly, if the January 23 date is used, the reply is due on February 2; but if the January 26 date is used, the reply is due February 5.

Defendants requests an additional seven dates from February 5—through February 12—(or for such additional time so that the Court may first consider the motion to strike) to file their reply memorandum to Plaintiff's response and statement of facts. Defendants request this enlargement not for purposes of delay but in order to ensure that they fully address the arguments raised in Plaintiff's 42-page response (to the extent that the response is not stricken) and his statement of facts. In addition, Defendants request this additional time because Chase has also been required to respond to the Order Requiring Additional Briefing [DE 108]. For these reasons, Defendants assert good cause exists for the requested enlargement.

### Good Faith Certification

I HEREBY CERTIFY that I have made a good-faith effort to resolve the issues raised in this motion, but have been unable to do so. Mr. Pinson has advised through email correspondence that he opposes any enlargement.

**WHEREFORE**, Defendants seek the entry of an Order striking Plaintiff's response memorandum [DE 107], and providing through February 12, 2015, or for such additional time so that the Court may first resolve the motion to strike, for Defendants to file a reply memorandum to DE 107 and Plaintiff's statement of facts [DE 106].

GRAYROBINSON, P.A.
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Telephone:   (954) 761-8111
Facsimile:    (954) 761-8112
*Counsel for Defendants*

s/Michael D. Lessne
Michael D. Lessne
Fla. Bar No. 0073881
michael.lessne@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2015, a true copy of the foregoing was served (a) electronically upon all parties that have registered for the CM/ECF service list and (b) by first class mail and email to:

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com

                                                s/Michael D. Lessne
                                                Michael D. Lessne

\823538\5200 - # 3395285 v1