**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.    9:13-cv-80720-KAM**

FILED BY _____ D.C.

FEB 0 6 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**John Pinson,**

        Plaintiff

vs

**JPMORGAN CHASE BANK, N.A., et. al.**

        Defendants/

## PLAINTIFF'S MOTION TO STRIKE DE 109-1 AND MEMORANDUM OF LAW

COME NOW Plaintiff, John Pinson, pro se, who hereby files this Motion to Strike Defendants' proffered third party affidavit and attached documents [DE 109-1], and in support of his Motion, the Plaintiff state as follows:

### INTRODUCTION

Because Defendants filed in an exhibit [DE 58-1] with their motion to dismiss "MTD" [DE 58], Plaintiff moved to strike [DE 63] the exhibit and Defendant filed a certified copy [DE 64] which Plaintiff moved to strike [DE 68]. By Order [DE 71] the Court partially converted MTD to a motion for summary judgment. Upon Plaintiff's motion [DE 72] the Court Ordered [DE 75] limited discovery.

Plaintiff served discovery, and Defendants moved for protective order [DE 77] which was granted [DE 83]. Defendants also moved to enlarge time to answer [DE 79] which was granted [DE 80] in part. Defendants served their discovery responses which blanket objections and Plaintiff considered incomplete. Plaintiff also viewed alleged original Note and Mortgage and disputes their authenticity and noted they appeared distinctly different, altered or spoiled (spoliated). Plaintiff entered his notice of dispute [DE 84].

Plaintiff moved for extension of time to complete discovery [DE 87] and later for a continuance [DE 93]. Plaintiff motioned to compel better discovery answers or for in camera review [DE 100], to which Defendant responded [De 105] and therein at pg.2 ¶2 requested a second bite at the apple if the court considered their response lacking. The Court granted the second bite, Ordering additional briefing [DE 108]. The Defendants filed their additional

response [DE 109] with attached proffered third party affidavit and attached alleged original documents [DE 109-1]. Plaintiff submits this Motion to Strike [DE 109-1] contemporaneously with his reply to Defendants Memorandum Response [DE 109].

## ARGUMENT

A court can strike summary-judgment evidence when the evidence is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. See Cooper-Schut v. Visteon Auto. Sys., 361 F.3d 421, 429 (7th Cir. 2004); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996); McSpadden v. Mullins, 456 F.2d 428, 430 (8th Cir. 1972); Newport Elecs., Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001).

For the following reasons, the Court should strike the following summary-judgment evidence: Defendants' proffered third party affidavit [DE 109-1, pgs. 1-3] and the attached alleged note and mortgage [DE 109-1, pgs. 4-19] which are disputed by Plaintiff.

**Documents**. Defendants relies on documents that are not properly authenticated. As will be shown below, the documents entered with the proffered third party affidavit are hearsay, and not properly authenticated. The third party, Mr. DeL'Etoile, in a conclusory fashion asserts the documents are originals, yet they are not documents of his firm as he asserts they were received from another source, and Plaintiff asserts that this other source has made no attempt to authenticate them and no attestation is attached to them asserting their status as original, which Plaintiff disputes. Regardless the documents appear distinctly different, altered and spoiled (spoliated) to Plaintiff. Defendants produce no witness to authenticate the documents and thus they are inadmissible evidence under FRCP 56(c)(1), and the court should not rely on them. Plaintiff's motion to strike should be granted.

**Affidavit.** Defendants relies on a defective affidavit. A court can strike an affidavit if it is not based on personal knowledge, if it sets out facts that would not be admissible in evidence, or if it does not show that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). The court should strike any portions of an affidavit that do not meet the standards of Federal Rule of Civil Procedure 56(c)(4). Akin v. Q-L Invs., Inc., 959 F.2d 521, 530-31 (5th Cir. 1992). Plaintiff's motion to strike should be granted.

### I. The submission fails to meet the technical requirements for form

The specific elements a statement must satisfy in order for it to constitute an affidavit upon which courts will rely are: "(1) a written oath embodying the facts as sworn to by the

affiant; (2) the signature of the affiant; and (3) the attestation by an officer authorized to administer the oath that the affidavit was actually sworn by the affiant before the officer." 3 AM. JUR. 2D Affidavits § 8 (2008).

Here, Defendants have entered a proffered a statement from a third party that fails to meet the required elements of an affidavit and therefore is invalid, should not be considered by the court, and Plaintiff's motion to strike should be granted. The statement is not made "under penalty of perjury" and is not "attested to as true and correct". Further the statement is not signed or "subscribed" by the individual making the statement and contains no written oath

"There are two statements essential to a proper verification under § 1746:(i) an assertion that the facts are true and correct; and (ii) an averment that the first assertion is made under penalty of perjury." Williams v. AT&T, INC., Dist. Court, SD Texas 2009 quoting Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). "Unsworn affidavits not made 'under the penalty of perjury' are not competent summary judgment evidence." Marlin v. Davee, Dist. Court, ED Texas 2009 quoting Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). In Schelsteder v. Montgomery County, Tex., 2006 WL 1117883, at *3 (S.D. Tex. 2006) the court held that statements that merely bear the signature of a notary, as were proffered by the plaintiffs, constitute neither affidavits nor sworn statements appropriate for the court's consideration upon the defendant's motion for summary judgment.

Perhaps most critical to the evaluation of the sufficiency of a party's submission is the court's consideration of whether the affiant provided the statement with a true understanding of the significance of his submission. Tishcon Corp. v. Soundview Communications, Inc., 2005 WL 6038743, at *4 (N.D. Ga. 2005); United States v. Bueno-Vargas, 383 F.3d 1104, 1111 (9th Cir. 2004). In Tishcon the plaintiff submitted a statement in which he incorporated the phrase, "hereby declares under penalties of perjury the following," but neglected to declare his statement "true and correct." The Tishcon court held that of greatest importance in its evaluation of the statement is whether the person "signal[s] that he understands the legal significance of his statements and the potential for punishment if he lies."

An affidavit must be sworn and made under penalty of perjury. Pfeil v. Rogers, 757 F.3d 850,859 (7th Cir.1985); see Hayes v. Marriott, 70 F.3d 1144, 1147-48 (10th Cir.1995). Because the third party statement [DE 109-1] fails to meet the clear standards set forth for admissible affidavits and sworn statements it is invalid and Plaintiff's motion to strike should be granted.

Further, because the documents proffered are not attested to and are not properly authenticated, they are mere hearsay.

### b. Statements contain no admissible facts only hearsay

The facts stated in an affidavit must be specific and must constitute admissible evidence. FRCP 56(c)(4).; see Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990);

No other individual person is identified as acting, only a corporate entity, for example: "Albertelli Law ... received" [DE 109-1 ¶4]; "the firm applied ... and then drew" [DE 109-1 ¶5]; "Albertelli Law also hand wrote" [DE 109-1 ¶6]; and "Albertelli Law sent" [DE 109-1 ¶8]. Since when does a law firm have hands to hand write or draw something? Ridiculous assertions and no first hand fact knowledge here. A law firm does not receive, apply, draw, hand write, or send, only a person can perform a physical act. If a person did an act they should be identified as a potential witness who can be called to testify and be cross examined. See Evans, 80 F.3d at 962 (inadmissible hearsay cannot be considered). Bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient. Bellsouth Telecomms. V. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir.1996). These conclusory statements of Mr. DeL'Etoile are simply hearsay referring to facts not in evidence lacking proper evidentiary foundation. Mr. DeL'Etoile shows no admissible facts.

In ¶2 Mr. DeL'Etoile states "duly authorized to execute this affidavit on behalf of the firm" but he fails to specifically identify the person who gave him that authorization and exactly what authority did that person have to do so? Further, no evidence of the authorization was provided. See Cooper-Schut, 361 F.3d at 429 (conclusory statements unsupported by evidence of record are insufficient). Mr. DeL'Etoile shows no admissible facts.

In ¶4 Mr. DeL'Etoile asserts facts not in evidence alleging Albertelli's capacity as foreclosure counsel.

In ¶5 Mr. DeL'Etoile asserts redactions were made to documents "to prevent personal identification info from being disclosed" but fails to state disclosed to whom? And exactly how they would be disclosed? Moreover, why re redactions necessary? And when were the redactions made? And who exactly made them?

In ¶7 Mr. DeL'Etoile states speculatively in a conclusory fashion that covering up parts of documents with whiteout tape and writing on documents do not change their terms. Plaintiff alleged this is alteration and spoliation.

In ¶8 if the documents were at GrayRobinson when Plaintiff viewed them on Dec. 12, 2014, how can Mr. DeL'Etoile attest to the copies attached? Did he make them if the documents were at GrayRobinson in Ft Lauderdale? Moreover the Jurat shows Broward county and Mr. DeL'Etoile's office is over 4 hours away in St Petersburg, FL, and state records show the Notary "Holly Marcello" is in Brandon, FL. Were both Marcello and DeL'Etoile in Broward on Jan 29th when the affidavit was notarized? The affidavit was not signed by the affiant! Marcello did attest that Erik is personally known to her. A google search performed by Plaintiff shows DeL'Etoile as a potential robo-signer of documets.

Mr. DeL'Etoile states "attached to this affidavit" is "[a] copy of the original Note and original Mortgage" [DE 109-1 ¶8] yet the copies of the attached documents are not properly authenticated and Plaintiff disputes the authenticity of the documents. In a conclusory fashion, Mr. DeL'Etoile has adopted the unsubstantiated statement as a mantra: "the original Note …, and the original Mortgage" [DE 109-1 ¶4]; "the original Note and original Mortgage" [DE 109-1 ¶5]; "the original Note and original Mortgage" [DE 109-1 ¶6]; "the original Note and original Mortgage" and "original documents" [DE 109-1 ¶7]; "the original Note and original Mortgage" and "[a] copy of the original Note and original Mortgage" [DE 109-1 ¶8]. Mr. DeL'Etoile shows no admissible facts being true and correct based on personal knowledge.

TIG Ins. V. Sedgwick James, 276 F.3d 754, 759 (5th Cir.2002) (conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts showing genuine dispute of material fact).

With "direct personal knowledge", Plaintiff asserts "true and correct" specific facts in his January 23, 2015 affidavit [DE 107, Ex. "A"]: ¶12. "No affidavit is on record attesting to the authenticity of the alleged mortgage."; ¶13. "No affidavit is on record attesting to the accuracy of the content of the alleged mortgage."; ¶14. "Defendants have produced no affidavit, sworn and attested to by a responsible party legally authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss."; ¶16. "Plaintiff states that any loan documents executed by him were initialed the on lower left side of each page not requiring a signature."; ¶21. "Plaintiff cannot state these are original documents."; ¶22. "Chase previously represented in Palm Beach County Court case no. 502009ca015823 that the alleged Note was lost or destroyed."; ¶24. "No affidavit is on file

attesting to haw the alleged Note was found or retrieved."; ¶27. "Chase does not account for where documents come from, who owns documents, where documents are stored, or who the custodian of documents is."

### c. The third party affiant is not competent to testify

The affidavit must affirmatively show that the affiant is competent to testify on the matters in the affidavit. FRCP 56(c)(4). See Gell v. Town of Aulander, 252 F.R.D. 297, 304 (E.D.N.C.2008) (competence goes to the matters in affidavit, not affiant's age or recall ability). Generally, an affiant is competent to testify when his testimony is grounded in observation or other personal experience and is not based on speculation, intuition, or rumors about matters remote from that personal experience. Mr. DeL'Etoile does not state he worked for Chase, or when he worked for Chase, or his position at Chase that would give him the ability to testify with personal experience to any events at Chase or the authenticity of alleged original documents of Chase, or exactly how lost or destroyed documents were subsequently recovered. Moreover, Mr. DeL'Etoile fails to state he was the party redacting documents with whiteout tape and writing on them and thus does not possess direct first hand knowledge of events and his statements are mere hearsay. See Visser v. Packer Eng'g Assocs., 924 F.2d 655, 659 (7th Cir.1991); see, Ruffin v. Shaw Indus., 149 F.3d 294, 302 (4th Cir.1998) (without factual basis for conclusory comments, affiant would not be competent to testify about defects in carpet).

### III. The Court should strike the third party affidavit and attached documents

Defendants proffered third party affidavit is not based on personal knowledge. Fed. R. Civ. P. 56(c)(4); Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199-1200 (10th Cir. 2006); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988).

Defendants proffered third party affidavit sets out facts that would not be admissible in evidence. Fed. R. Civ. P. 56(c)(4); Sellers, 842 F.2d 639, 643 (2d Cir. 1988); see Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 682-83 (1st Cir. 1994). Affidavit contains nothing more than inadmissible hearsay, conclusory statements, speculation, and unsubstantiated assertions.

Defendants proffered third party affidavit and attached alleged original note and mortgage documents are inadmissible or incompetent evidence. See Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007). As discussed above, the statements of Mr. DeL'Etoile are

inadmissible hearsay and the attached documents are not properly authenticated and are disputed by Plaintiff. Plaintiff's motion to strike should be granted.

Defendants proffered third party affidavit are speculative or conclusory. See Cooper-Schut, 361 F.3d at 429; Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997); Evans, 80 F.3d at 962. The records attached to the affidavit are not properly authenticated and are disputed by Plaintiff, and in conclusory fashion, Mr. DeL'Etoile speculates as to their authenticity.

A court can strike summary-judgment evidence when the evidence is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. Because the third party affidavit contains only hearsay, conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation, the Court should strike the following summary-judgment evidence [DE 109-1].

## CONCLUSION

Defendants proffered third party statements fail to meet the form requirements for a valid affidavit and the alleged facts contained therein fail to meet the FRCP 56(c)(4) requirements and should not be considered by this court. Moreover, the attached documents are not properly authenticated and are disputed by Plaintiff, and should not be considered by the court. A court can strike summary-judgment evidence when the evidence is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. For these reasons, Plaintiff asks the Court to strike Defendants' objectionable summary-judgment evidence [DE 109-1].

**WHEREFORE**, Plaintiff, John Pinson, pro se, respectfully request that this Court enter an Order striking Defendants' proffered third party statements and documents [DE 109-1], and for any other relief that the Court deems appropriate.


Dated: November 26, 2014                Respectfully Submitted,


John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed November 26, 2014

_____

John Pinson

### Service List

| | |
|---|---|
| Thomas H Loffredo, Esq. | Michael D. Lessne, Esq. |
| tom.loffredo@gray-robinson.com | Michael.lessne@gray-robinson.com |
| Gray Robinson, P.A. | Gray Robinson, P.A. |
| 401 E. Las Olas Blvd., Ste. 1000 | 401 E. Las Olas Blvd., Ste. 1000 |
| Ft. Lauderdale, FL 33301 | Ft. Lauderdale, FL 33301 |
| Phone: (954) 761-8111 | Phone: (954) 761-8111 |
| Fax: (954) 761-8112 | Fax: (954) 761-8112 |
| *Attorney for Defendants:* | *Attorney for Defendants:* |
| JPMorgan Chase Bank, N.A.; | JPMorgan Chase Bank, N.A.; |
| CPCC Delaware Business Trust, | CPCC Delaware Business Trust, |
| a/k/a CPCC Delaware Statutory Trust; | a/k/a CPCC Delaware Statutory Trust; |
| JPMorgan Chase & Co. | JPMorgan Chase & Co. |