UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:13-cv-80720-KAM



John Pinson,

    Plaintiff

vs

JPMORGAN CHASE BANK, N.A., et. al.

    Defendants/

**PLAINTIFF'S REPLY
TO DEFENDANT'S MEMORANDUM RESPONSE [DE 109]
TO ORDER REQUIRING ADDITIONAL BRIEFING [DE 108]**

    Plaintiff pro se, John Pinson, hereby files his memorandum of law replying to Defendants' memorandum response [DE 109] to order requiring additional briefing [DE 108] which was filed on January 29, 2015.

    Plaintiff motioned to compel better discovery answers or for in camera review [DE 100], to which Defendant responded [De 105] and therein at pg.2 ¶2 requested a second bite at the apple if the court considered their response lacking. The Court granted the second bite, Ordering additional briefing [DE 108]. The Defendants filed their additional response [DE 109] with attached proffered third party affidavit and attached alleged original documents [DE 109-1]. Plaintiff submits this reply to Defendants Memorandum Response [DE 109] contemporaneously with his Motion to Strike [DE 109-1].

    With their additional response [DE 109] the Defendants proffer a third party affidavit [DE 109-1] of Mr. Erik DeL'Etoile of Albertelli Law, non parties to the instant matter. Attached to the third party affidavit are alleged original documents [DE 109-1] which Plaintiff objects to as being not properly authenticated and inadmissible as evidence. Plaintiff has moved to strike the third party affidavit and attached documents for the reasons detailed in his separate Motion to Strike filed today.

    Because the proffered third party affidavit is defective the court should disregard it in consideration of Defendants additional briefing response [DE 109].

Counsel for Defendants then asserts in a conclusory fashion that the unauthenticated documents are originals even though no witness with first hand fact knowledge appears on the record attesting to the documents authenticity. Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, <u>Trinsey v. Pagliaro</u>, D.C. Pa. 1964, 229 F. Supp. 647. Because counsel advances arguments that lack foundation they should not be considered by this court.

In the motion to compel [DE 100] Plaintiff does more than insinuate that the alleged original documents are altered or spoiled. Plaintiff stated "the alleged original documents presented appeared distinctly different and included whiteout tape on each page covering portions of the documents and hand written notations that appear nowhere on any other alleged documents presented." [DE 100]. The defective affidavit states whiteout was applied by Albertelly Law, but does not state exactly the individual person applying the whiteout, or exactly when the whiteout was applied; "the firm applied … and then drew" [DE 109-1 ¶5]. In ¶5 Mr. DeL'Etoile asserts redactions were made to documents "to prevent personal identification info from being disclosed" but fails to state disclosed to whom? And exactly how they would be disclosed? Moreover, why re redactions necessary? And when were the redactions made? And who exactly made them? <u>Evans v. Techs. Applications & Serv. Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996), 80 F.3d at 962 (inadmissible hearsay cannot be considered). Bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient. <u>Bellsouth Telecomms. V. W.R. Grace & Co.</u>, 77 F.3d 603, 615 (2d Cir.1996). These conclusory statements of Mr. DeL'Etoile are simply hearsay referring to facts not in evidence lacking proper evidentiary foundation.

Despite the proffered third party statements asserting Albertelli was the responsible party for altering the documents, documents that are not Albertelli records, in a conclusory fashion counsel attempts to dispose of Plaintiff's contentions by asserting "spoil" has no meaning. To the contrary, Dictionary.com defines "spoliation" as 1. the act or an instance of plundering or despoiling; 2. authorized plundering of neutrals at sea in time of war; 3. Law. the destruction or material alteration of a bill of exchange, will, or the like; 4. the act of spoiling or damaging something. The Plaintiff stated "spoiled" and as noted "the act of spoiling" or "the act or instance of… despoiling" is "spoliation". Plaintiff is pro se and tries his best with terms and spellings.

Counsel also asserts spoil (or spoliation) has no meaning in the context of enforceability of negotiable instruments, yet Under FRCP Rule 37 possible sanctions are as follows: dismissal of the wrongdoer's claim; entering judgment against the wrongdoer; excluding expert testimony; and application of adverse inference rule. American Bar Association Rule 3.4 prohibits a lawyer from destroying or assisting another in destroying evidence pertaining to a case. Likewise Title 18 of United States Code Sections 1503, 1510, 1512 and 1519 prohibits a party from destroying or assisting another in destroying evidence, and provides for criminal prosecution against the wrongdoer. Under Title 18 United States Code Section 1519, a wrongdoer can be fined in huge amounts and imprisoned up to 20 years. Additionally, FRCP Rule 37 imposes fines on the wrongdoer. Presumably Albertelli spoliated the documents on behalf of their client?

"SPOLIATION": the intentional destruction, mutilation, alteration, or concealment of evidence… If proven, spoliation may be used to establish that the evidence was <u>unfavorable to the party responsible</u>. (Black's Law Dictionary, 8th Ed.) In affidavit ¶5 Mr. DeL'Etoile asserts redactions were made to documents "to prevent personal identification info from being disclosed" and "the firm applied … and then drew". Thus it can be reasonably inferred that Albertelli altered the documents to conceal something!

The Florida Fourth District Court of Appeals affirmed the trial court's decision in <u>Martino v. Wal-Mart Stores, Inc.</u>, 835 So. 2d 1251 (Fla. 4th DCA 2003) and stated there were "any number of sanctions and negative consequences ... available against parties to litigation,"

As counsel correctly points out "The term "alteration," however, has a precise definition in its own section within Florida's version of Article 3 of the Uniform Commercial Code—Fla. Stat. § 673.4071—and if done fraudulently could discharge a party's liability under a promissory note" [DE 109 pg.2 ¶2].

Why would they alter the documents to conceal something? As stated in his motion to compel, "Courts have found that the mortgage industry actively manufactured documents to submit to courts i.e. by Lender Processing Services central to the robosigning scandal. Plaintiff's inquiry here is most certainly a legitimate request for documentation in light of the discovery of rampant manufacturing of false mortgage documentation, especially in Florida." [DE 100 ¶15]

Plaintiff disputes the authenticity of the documents. Are these original documents?

With "direct personal knowledge", Plaintiff asserts "true and correct" specific facts in his January 23, 2015 affidavit [DE 107, Ex. "A"]: ¶12. "No affidavit is on record attesting to the

authenticity of the alleged mortgage."; ¶13. "No affidavit is on record attesting to the accuracy of the content of the alleged mortgage."; ¶14. "Defendants have produced no affidavit, sworn and attested to by a responsible party legally authorized to act on behalf of the Defendants, that verifies or supports the exhibit or the document filed by Defendants in support of their motion to dismiss."; ¶16. "Plaintiff states that any loan documents executed by him were initialed the on lower left side of each page not requiring a signature."; ¶21. "Plaintiff cannot state these are original documents."; ¶22. "Chase previously represented in Palm Beach County Court case no. 502009ca015823 that the alleged Note was lost or destroyed."; ¶24. "No affidavit is on file attesting to haw the alleged Note was found or retrieved."; ¶27. "Chase does not account for where documents come from, who owns documents, where documents are stored, or who the custodian of documents is."

As to the documents, Counsel asserts facts not in evidence based on hearsay and speculation and unauthenticated evidence which is inadmissible. Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Because counsel advances arguments that lack foundation they should not be considered by this court.

The reasonable inference is that the redactions and notations are to distract from the fact that these are not original documents. Plaintiffs January 23, 2015 affidavit [DE 107, Ex. "A"]: "Chase previously represented in Palm Beach County Court case no. 502009ca015823 that the alleged Note was lost or destroyed."; ¶24. "No affidavit is on file attesting to haw the alleged Note was found or retrieved."; ¶27. "Chase does not account for where documents come from, who owns documents, where documents are stored, or who the custodian of documents is." The question remains where did these documents come from.

Defendants have thus far provided no validation on the alleged loan. Plaintiffs January 23, 2015 affidavit [DE 107, Ex. "A"]: ¶2. "No owner of the loan is identified on the record."; ¶5 "The identity of the public security owning the loan is unknown."; ¶7. "No owner of the loan security has identified specifically who all the investors are who own the unnamed public security that owns the loan, and have produced no affidavit by a competent person duly authorized by the unnamed public security and attesting to facts.". There is no evidentiary foundation for the documents Counsel attempts to assert are originals, and the court should disregard them.

Initials do not appear on the alleged documents. Plaintiffs January 23, 2015 affidavit [DE 107, Ex. "A"]: ¶16. "Plaintiff states that any loan documents executed by him were initialed the on lower left side of each page not requiring a signature."

## CONCLUSION

For these reasons, Plaintiff has raised several issues that shed doubt on the authenticity of the alleged original Mortgage and Alleged original Note. The proffered third party affidavit is invalid in form, not signed, is not based on personal knowledge, contains no admissible fact statements, and the affiant is not competent to testify to the facts. Moreover, because the documents are unauthenticated and are hearsay, and appear altered or spoiled, and they are not self-authenticating, they should not be considered by the court.

**WHEREFORE**, the Plaintiff pro se, John Pinson, respectfully moves this Honorable Court to issue an Order granting his motion to Compel [DE 100], and for any other relief that the Court deems appropriate.

Dated: February 6, 2015

Respectfully Submitted,

_____
John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed February 6, 2015

_____
John Pinson

### Service List

Thomas H Loffredo, Esq.
tom.loffredo@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.

Michael D. Lessne, Esq.
Michael.lessne@gray-robinson.com
Gray Robinson, P.A.
401 E. Las Olas Blvd., Ste. 1000
Ft. Lauderdale, FL 33301
Phone: (954) 761-8111
Fax: (954) 761-8112
*Attorney for Defendants:*
JPMorgan Chase Bank, N.A.;
CPCC Delaware Business Trust,
a/k/a CPCC Delaware Statutory Trust;
JPMorgan Chase & Co.