UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 13-80720-CIV-MARRA/MATTHEWMAN

JOHN PINSON,

    Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution, et al.,

    Defendants.

_____/



FILED by ____ D.C.

FEB 0 9 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO COMPEL [DE 100] AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL [DE 99]

THIS CAUSE is before the Court upon Plaintiff, John Pinson's ("Plaintiff") Motion to Compel Better Answers to Interrogatories, Production of Documents, or, in the Alternative, for an *In Camera* Inspection of Documents [DE 99] and Plaintiff's Amended Motion to Compel Better Answers to Interrogatories, Production of Documents, or, in the Alternative, for an *In Camera* Inspection of Documents ("Motion") [DE 100]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 75.

### BACKGROUND

On October 2, 2014, the District Judge entered an Order permitting Plaintiff to conduct discovery into the "limited issue of the authenticity of the mortgage and whether Chase was the original lender, as these are the only issues raised by the submission of the certified copy of the mortgage by Defendants." [DE 75]. The District Judge further explained that the ruling

1

regarding discovery was "without prejudice to Plaintiff seeking other discoverable materials at a later time, assuming the case proceeds past the present stage." *Id.*

On October 11, 2014, Defendants filed a Motion for Protective Order [DE 77]. They argued that Plaintiff had propounded discovery requests that "far exceed the scope" of the two issues listed in the Court's October 2nd Order. [DE 77]. On October 26, 2014, the Court entered an Order Granting Defendants' Motion for Protective Order [DE 83]. The Court noted that United States District Judge Kenneth A. Marra in his October 2nd Order had explicitly limited the scope of the discovery at this stage in the proceedings to the "issue of the authenticity of the mortgage and whether Chase was the original lender." *Id.* The Court explained that, therefore, any discovery requested by Plaintiff that is beyond the scope of the Court's Order is inherently annoying, embarrassing, oppressing, and unduly burdening to Defendants. *Id.* Ultimately, the Court granted a protective order as to all of the discovery requests except the following discovery requests directed to Defendant Chase: Interrogatory #1, the first sentence of Interrogatory #9, Interrogatory #14, and Requests for Production #2 and 5 solely to the extent that they require production of the original note and mortgage. *Id.*

On December 1, 2014, the Court entered an Order Denying Plaintiff's Request for Hearing [DE 90]. On or about December 24, 2014, Plaintiff filed a Notice of Appeal to the Eleventh Circuit as to the Order Granting Defendants' Motion for Protective Order [DE 83], Order Denying Plaintiff's Request for Hearing [DE 90], and an additional discovery order. [DE 95].

In Plaintiff's Amended Motion to Compel Better Answers to Interrogatories, Production of Documents, or, in the Alternative, for an *In Camera* Inspection of Documents [DE 100], he argues that Chase has provided insufficient responses to Interrogatories 1, 9, and 14. *Id.* He also contends that Chase failed to respond fully to Requests for Production 2 and 5. *Id.* Plaintiff

2

requests that the Court require Chase to submit a privilege log for any documents withheld on the basis of privilege, or in the alternative, require Chase to provide the withheld documents for an *in camera* review. *Id.* In response, Chase argues that it has provided sufficient discovery responses in accordance with this Court's Orders limiting the scope of discovery. [DE 105].

On January 27, 2015, the Court ordered additional briefing by the parties on Plaintiff's argument that the original mortgage and note that Plaintiff had viewed at Chase's counsel's office had been "altered" or "spoiled." [DE 108]. On January 29, 2015, Chase filed a Memorandum Response to the Court's Order [DE 109]. Chase explained that the original note and original mortgage had not been changed, altered, or spoiled in any way that affects the liability of Plaintiff. *Id.* Chase stated that foreclosure counsel from Albertelli Law had placed white-out tape on the original mortgage and note several years ago to redact the account number, the loan number, handwritten numbers, the certificate of registration number on the Florida Documentary Stamp Tax stamp, and some bar codes. *Id.* Albertelli Law had also written in pencil an internal file number on the top of the note and mortgage. *Id.*

Attached to the response is an Affidavit as to Redaction of Original Documents [DE 109-1]. Erik DeL'Etoile, an attorney at Albertelli Law, avers in the affidavit that the "tape-strips and the notations on the Original Note and original Mortgage do not change any of the terms of the documents. The tape strips can easily be peeled off of the original document without injury to the documents." *Id.* Additionally, a copy of the original note and mortgage is attached to the affidavit. *Id.*

Plaintiff filed a reply [DE 115] to Chase's response on February 6, 2015. Plaintiff states that the Court should disregard Mr. DeL'Etoile's affidavit and the attached documents as the attached documents are not "properly authenticated and inadmissible as evidence." *Id.* He

claims that he has "raised several issues that shed doubt on the authenticity of the alleged original Mortgage and Alleged [sic] original Note." *Id.* Plaintiff further contends that the "proferred third party affidavit is invalid in form, not signed, is not based on personal knowledge, contains no admissible fact statements, and the affiant is not competent to testify to the facts." *Id.*

## DISCUSSION

As this Court has explained previously, only Plaintiff's discovery requests relevant to the limited issue of the authenticity of the mortgage and whether Chase was the original lender is permissible at this time. The Court has reviewed Plaintiff's Amended Motion to Compel Better Answers to Interrogatories, Production of Documents, or, in the Alternative, for an *In Camera* Inspection of Documents [DE 100], as well as the discovery responses provided by Chase to Plaintiff. The Court first finds that Chase's responses to Interrogatories 1, 9, and 14 are legally sufficient given the limited scope of discovery permitted by the Court in this stage of the proceedings.

With regard to Requests for Production 2 and 5, the Court has reviewed the parties' arguments regarding the original note and mortgage, as well as Mr. DeL'Etoile's affidavit and the attached copy of the original note and mortgage. At this point, Chase has produced what it asserts is the original note and mortgage to Plaintiff and has allowed him to view it. Moreover, Chase has represented to the Court that the original note and mortgage have not been altered or spoiled and that the limited use of white-out tape by the foreclosure firm years ago did not affect the substance of the original note and mortgage. Chase has even gone so far as to file a copy of the original note and mortgage so that the Court could review it in its redacted form. Plaintiff's argument that the Court should find the affidavit to be invalid and ignore the affidavit and its supporting documentation in determining whether Plaintiff's motion to compel is meritorious is frivolous and

4

irrelevant to this simple discovery dispute. To the extent the Plaintiff objects to the use of the original note and mortgage in the summary judgment proceedings, the District Court may rule on that issue separately.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Motion to Compel Better Answers to Interrogatories, Production of Documents, or, in the Alternative, for an *In Camera* Inspection of Documents [DE 100] is **DENIED**.

2. Plaintiff's Motion to Compel Better Answers to Interrogatories, Production of Documents, or, in the Alternative, for an *In Camera* Inspection of Documents [DE 99] is **DENIED AS MOOT** as it was supplanted by Plaintiff's amended motion [DE 100].

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2015.

                                                   WILLIAM MATTHEWMAN
                                                   United States Magistrate Judge

cc:       John Pinson, pro se
           526 Westwood Road
           West Palm Beach, FL 33401