UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN PINSON,

       Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, a financial institution;
CPCC DELAWARE BUSINESS TRUST a/k/a
CPCC DELAWARE STATUTORY TRUST,
an unknown entity; and JPMORGAN CHASE
& CO., a publicly held company,

       Defendants.
_____/

Case No. 9:13-cv-80720-KAM

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS PARTIALLY CONVERTED MOTION TO DISMISS**

Defendants, JPMorgan Chase Bank, National Association ("Chase"), CPCC Delaware Business Trust ("CPCC"), and JPMorgan Chase & Co. ("JPM"), pursuant to this Court's Order [ECF No. 71] partially converting the Defendants Motion to Dismiss [ECF No. 58] into a motion for summary judgment, the Federal Rules of Civil Procedure, and the Rules of this Court, file this Reply Memorandum in support of the entry of judgment in their favor, and in support state as follows:

**I.**    **Argument in Reply to Pinson's Response to Defendants' Dispositive Motion**

Through the myriad of filings in this case, Plaintiff would like the Court to believe that it is presented with a complicated issue requiring significant legal analysis. However, the issue presented, and the required analysis, is actually very simple. Plaintiff, John Pinson ("Pinson"), filed a two-count Second Amended Complaint [ECF No. 52] against Chase, CPCC, and JPM, purporting to allege violations of the Fair Debt Collection Practices Act and the Florida

Consumer Collection Practices Act. His allegations are founded upon seven letters, which are attached to the complaint, and one alleged visit to his property by an employee of the Marshall Watson law firm. Additionally, the Court has been presented with a copy of the original note and a certified copy of the recorded mortgage. [ECF Nos. 58, 64, 109-1].[1]

As the Court has noted, "Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" [ECF No. 71, pg. 2 (quoting Fed. R. Civ. P. 56(a))]. "[T]o overcome a motion for summary judgment, a party must show there is a genuine issue for trial using affidavits, depositions, answers to interrogatories, and/or admissions on file." [*Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986))]. In this case, the allegations, attachments, and filings, do not support Pinson's claims, and instead show that there is <u>no</u> genuine dispute as to any material fact and require, judgment in favor of Defendants.

There is no genuine dispute about Chase's role as the original lender of the mortgage obligation that is the subject of this action, as the servicer of the obligation, and as holder of the note, and accordingly, Chase is not subject to liability under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692a(6)(F) (excluding from the definition of a "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation…[or] (ii) concerns a debt which was originated by such person.)  "Accordingly, 'creditors, mortgagors,

---

[1] The note and certified copy of the mortgage are self-authenticating documents. *See, e.g., In re Sagamore Partners, Ltd.*, 11-37867-BKC-AJC, 2012 WL 3564014, at *6, fn. 28 (Bankr. S.D. Fla. Aug. 17, 2012) ("[T]he Court takes judicial notice that promissory notes, mortgages, and other similar instruments are, as a matter of law, self-authenticating." (citing Fla. Stat. § 90.902)); *see also U.S. v. Oxarango,* No. CIV. 97–0085–S–BLW, 2008 WL 5411719, at *4 (D. Idaho Dec. 24, 2008); and *U.S. v. Parkhurst,* No. Civ.05–00276 SOM/KSC, 2006 WL 291657, at *3, n. 2 (D. Haw. Feb. 6, 2006).

and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.'" *Davis v. Wells Fargo Bank, N.A.*, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014) (quoting *Ruggia v. Washington Mut.,* 719 F.Supp.2d 642, 648 (E.D. Va. 2010) (quoting *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F.Supp.2d 709, 718 (E.D. Va. 2003), *aff'd,*67 Fed. App'x 238 (4th Cir. 2003)))); *see also* ECF No. 58, pgs. 9-12.

In this case, the record evidence establishes that Pinson obtained a loan from JPMorgan Chase Bank, N.A. on December 23, 2005. [ECF Nos. 58, 64, 109-1]. A certified copy of the recorded mortgage was filed with the Court and, as shown below, indicates that JPMorgan Chase Bank, N.A. was the original lender:

> THIS MORTGAGE dated December 23, 2005, is made and executed between JOHN D PINSON, A SINGLE MAN, whose address is 526 WESTWOOD ROAD, WEST PALM BEACH, FL  33401 (referred to below as "Grantor") and JPMorgan Chase Bank, NA, whose address is 1111 Polaris Parkway, Columbus, OH  43240 (referred to below as "Lender").

[ECF No. 58; ECF No. 64]. As set forth in the Affidavit of Eric DeL'etoile, JPMorgan Chase Bank, N.A. sent the original note to the Albertelli Law firm. [ECF No. 109-1, ¶4 ("Albertelli Law, in its capacity as foreclosure counsel, received the original Note dated December 23, 2005, between JPMorgan Chase Bank, N.A. and John D Pinson, in the principal amount of $202,000, and the original Mortgage securing the Note from JPMorgan Chase Bank, N.A. on December 4, 2014.")]. As shown below, that original note shows JPMorgan Chase Bank, N.A. as the original lender:

> **PROMISSORY NOTE** 13-115767
>
> | Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
> |---|---|---|---|---|---|---|---|
> | $202,000.00 | 12-23-2005 | 01-01-2036 | | | | ** | |
>
> References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.
>
> **Borrower:** JOHN D PINSON
> 526 WESTWOOD ROAD
> WEST PALM BEACH, FL 33401
>
> **Lender:** JPMorgan Chase Bank, NA
> Home Equity and Consumer Lending Division
> 1111 Polaris Parkway
> Columbus, OH 43240
>
> **Principal Amount:** $202,000.00    **Interest Rate:** 6.650%    **Date of Note:** December 23, 2005
>
> PROMISE TO PAY. I ("Borrower") promise to pay to JPMorgan Chase Bank, NA ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Hundred Two Thousand & 00/100 Dollars ($202,000.00), together with interest at the rate of 6.650% per annum on the unpaid principal balance from December 28, 2005, until paid in full. The interest rate on this Note will increase under the

***

> **IDENTITY OF LENDER.** Lender is JPMorgan Chase Bank, N.A., a national banking association organized and existing under the laws of the United States of America, with its main offices located in Columbus, Ohio.

***

> PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.
> I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.
>
> **BORROWER:**
> X _[signature]_
> JOHN D PINSON, Individually
>
> **Florida Documentary Stamp Tax**
> Florida documentary stamp tax in the amount required by law has been paid with respect to this Note on the Mortgage securing this Note.
>
> Florida Documentary Stamp Tax
> Required by Law in the Amount of $ 202,000
> Has Been Paid or Will Be Paid Directly to
> The Department of Revenue.
> Certificate of Registration No. _____

[ECF No. 109-1]. JPMorgan Chase Bank, N.A. was the original lender of the mortgage obligation. The note has not been endorsed and Chase remains the holder of the original note.

While Pinson blanketly denies the authenticity of the mortgage and that Chase was the original lender in his Statement of Material Facts [ECF No. 106], his affidavit does not raise any genuine issue of dispute that Chase originated the mortgage debt, is the servicer of the debt, and

4

is the holder of the debt. Pinson does not dispute in his Affidavit [ECF No. 107, pgs. 45-47] that he signed the note and the mortgage or that he borrowed $202,000 from Chase. The note and certified copy of the mortgage are self-authenticating pursuant to Fed. R. Evid. 902(4) and (9), and both have been authenticated by Mr. DeL'Etoile in his Affidavit [ECF No. 109-1] in accordance with Fed. R. Evid. 901. Pinson makes erroneous conclusions about the note and mortgage and their enforceability, but they do not raise a genuine issue of fact about Chase's status as the original mortgagee and holder of the note. His argument that the original note and mortgage have been altered or spoiled and therefore unenforceable is not only frivolous[2] but also irrelevant to the inquiry of whether Chase originated the mortgage debt.

The entirety of Pinson's "proof" is the correspondence attached to the Second Amended Complaint and the allegation of an on-site communication from Barry A. Wolf on the instruction of the Marshall Watson law firm. These communications present a similar story about Chase's status as the original lender, servicer, and holder of the mortgage debt. Exhibits A, C, D, E, and F to Pinson's Second Amended Complaint are communications *from* Pinson. [ECF No. 54].[3] Therefore, the focus turns to the communications *to* Pinson.

---

[2] As set forth in Defendant's Memorandum Response to Order Requiring Additional Briefing [ECF No. 109], the original note and mortgage have been redacted using white-out tape that can easily be peeled off the original documents without injury, and they have not been altered within the meaning of Fla. Stat. § 673.4071 and do not impact Pinson's liability under the note and mortgage. Following the filing of Defendant's response, the Magistrate entered an Order [ECF No. 116] denying Pinson's motion to compel [ECF No. 100].

[3] Pinson has also filed two letters from Chase Home Finance, LLC that predate the relevant time period in this lawsuit. Regardless, the letters do not contradict the fact that JPMorgan Chase is the servicer of the loan nor do they imply that JPMorgan Chase was not the servicer during any relevant time period. Furthermore, Chase Home Finance, LLC and JPMorgan Chase Bank, N.A. are now the same entity. *Harris v. Chase Home Fin., LLC*, 524 Fed. Appx. 590, 590-591 (11th Cir. 2013); *see also* Conditional Approval No. 996, Office of the Comptroller of the Currency, 2011 WL 10731128, at *1 (April 15, 2011) (available at http://www.occ.gov/static/interpretations-and-precedents/may11/ca996.pdf (last visited February 17, 2015)). The Court may take judicial notice of this fact. *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F. 3d 600, 607 (7th Cir. 2002) (taking judicial notice of information contained on the FDIC official web site); s*ee also*, *U.S. v. Behmanshah*, 49 Fed. Appx. 372 (3d Cir. 2002)

At Exhibit B to his Second Amended Complaint is a June 1, 2012, letter in response to an inquiry received by Chase. As shown below, the letter stated that the loan was sold into a public security managed by CPCC and that Chase is the servicer of the loan:

> I am writing in response to the inquiry Chase received about the loan referenced above.
>
> Your loan was sold into a public security managed by CPCC Delaware Business Trust and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf. Your investor contact information is:
>
> 270 Park Avenue
> New York, NY 10017

[ECF No. 52, at ¶28; ECF No. 54, at Appendix B].

Not inconsistent with the above letter, Pinson alleged that a Mr. Wolf, on the instruction of the Marshall Watson law firm came to Pinson's property "to collect consumer information" and asserted that "Chase owed the debt and that Chase had authorized Chase to collect on [its] behalf." ECF No. 52, ¶ 34.  Then, on August 9, 2012, the Marshall Watson law firm sent a letter to Pinson stating that they had confirmed the debt, stating "[p]lease allow this letter and enclosures to serve as proof of the debt," and stating that Chase was the original lender. The relevant portion of the August 9, 2012, letter is shown below:

---

(taking judicial notice of SEC filings readily available on Westlaw); *Starling v. JPMorgan Chase Bank, N.A.*, 3:13-CV-777-M-BN, 2013 WL 4494525, at *3 (N.D. Tex. Aug. 22, 2013) (taking judicial notice of the Chase Home Finance merger); *McCann v. Quality Loan Serv. Corp.*, 729 F. Supp. 2d 1238, 1241 (W.D. Wash. 2010) (taking judicial notice of a purchase and acquisition agreement and information found on the website of governmental agencies)

6

> RE: Property Address: 526 WESTWOOD ROAD WEST PALM BEACH, FL 33401
> Owner:
> Mortgagor:
> Our File #: 12-07436
>
> Dear John D. Pinson,
>
> This firm represents the Plaintiff in the above referenced case. Pursuant to your request, we have contacted the creditor in order to obtain verification of the debt. Accordingly, please allow this letter and enclosures to serve as proof of the debt claimed by my client in this action. Enclosed please find both Reinstatement and Payoff statements. The Reinstatement letter provides the amount necessary to bring the account current and the Payoff letter provides the amount necessary to pay off the loan in full. The name and address of the original creditor is as follows: JPMORGAN CHASE BANK, NA 1111 Polaris Parkway, Columbus, OH 43240.

[ECF No. 52, at ¶45; ECF No. 54, Appendix F].

Finally, on August 17, 2012, Chase sent a letter responding to Pinson, stating that Chase was the investor, and stating that "[o]ur understanding is that the loan is a valid and legally enforceable financial obligation with Chase."

> We are responding to your letter we received on August 13, 2012 about the account above. Our understanding is that this loan is a valid and legally enforceable financial obligation with Chase.

[ECF No. 52, at ¶48, ECF No. 54, Appendix G].

These facts present a consistent story, one that does not violate the laws upon which Pinson has invoked, or any other laws for that matter.

Starting with the entity that originated the loan, Chase, there is ample authority that the original creditor is exempt from liability under the FDCPA. In fact, there is no authority to the contrary. *See, e.g., Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *(*citing S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S.Code Cong. & Ad.News 1695, 1698)); *Davis v. Wells Fargo Bank, N.A.*, 2014 WL 106257, at *4 ("Accordingly, creditors, mortgagors, and mortgage

7

servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." (internal quotation omitted)); *Patrick v. PHH Mortg. Corp.*, 937 F. Supp. 2d 773, 789 (N.D. W.Va. 2013) ("Additionally, other district courts have found that [t]he FDCPA specifically excludes creditors collecting their own consumer debts ... Mortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA." (internal quotation omitted)); *Van Kirk v. Bank of Am. Corp.*, 2012 WL 3544735 at *4 ("Importantly, however, a debt collector does *not* include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." (internal quotation omitted)); *Humphrey v. Washington Mutual Bank, F.A.,* Civil Action No. 1:06-CV-1367-JOF, 2007 WL 1630639, *2 (N.D. Ga. June 1, 2007) (the FDCPA "applies only to debt collectors and not to creditors or mortgage servicers."). Chase originated the loan at issue and now has presented the original note, still bearing its name. Accordingly, Chase is exempt from liability under the FDCPA, and judgment should be entered in its favor.

With respect to CPCC and JPM, there is neither a single allegation nor any evidence that these two entities had any involvement whatsoever in the matters for which Pinson complains. Therefore, neither is a proper defendant to this action, and judgment should be entered in their favor. *See Davis v. Wells Fargo Bank, N.A.*, 2014 WL 106257 at *4 (concluding that dismissal was required because the plaintiff had failed to sufficiently allege that BWW had actually attempted to collect a debt). In addition, even if Chase was not exempt, under the facts alleged, Chase has done nothing to subject it to liability under the FDCPA.[4]

---

[4] Moreover, as addressed in the converted motion, any claim based upon the actions of Marshall Watson fail because the claims against Marshall Watson have been dismissed with prejudice and are therefore barred by the principals of res judicata. *See* ECF No. 58, pg 8 (discussion). Pinson, in his response [ECF No. 107, pg. 23-24], does not cite any case law that would bar the application of claim preclusion here.

On the evidence before the Court, even if CPCC and JPM could be found to have taken some action, it is clear that neither they nor Chase made any *material* misrepresentation. And, to be found in violation of the FDCPA, "[a]ny misrepresentation must be material, in that it would likely mislead "the least sophisticated debtor." *Van Kirk v. Bank of Am. Corp.*, Civil No. 1:11–cv–00621–BLW–REB, 2012 WL 3544735, at *5 (D. Idaho Aug. 15, 2012) (citing *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010)), report and recommendation adopted, 1:11-CV-00621-BLW-RE, 2012 WL 4524457 (D. Idaho 2012)).[5] In *Van Kirk*, the financial institutions sent multiple letters to the borrower, each identifying a different owner of the note. The court concluded that there was no material and knowing misrepresentation and, therefore, there could be no liability. There is no analysis that could lead one to conclude that Defendants made any material misrepresentation that could subject them to liability under the FDCPA.

Finally, while the Florida Consumer Collection Practices Act ("FCCPA") provide for a separate claim, it suffers the same fate and generally for the same reasons. As Judge Scriven stated,

> The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA. The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt. Fla. Stat. § 559.55(1). The second prong differs from the FDCPA in that the FCCPA prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." *See Bacelli v. MFP, Inc., et al.,* 729 F.Supp.2d 1328 (M.D. Fla. 2010). The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of § 559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action. *Reese v. JPMorgan Chase & Co.,* 686 F.Supp.2d 1291, 1309 (S.D.Fla. 2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collectors in order to state a cause of action.")(omitting internal quotations).

---

[5] Also noting that a trustee has no ownership interest and therefore is exempt from liability under the FDCPA. *Id*. at *5 (citations omitted).

*Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). In this case, and as discussed in the converted motion [ECF 58] and above, there is simply no action at all taken or alleged to have been taken by CPCC or JPM. Having taken no action, there can be no intent or knowledge on their part of any action that violated the act. Similarly, there is no allegation or evidence that Chase took any action in violation of the act. Therefore, the claims fail as to Chase in addition to the other two defendants.

## II.    Conclusion

The allegations and evidence before the Court show no wrongful actions or actions that run afoul of the FDCPA or the FCCPA. In fact, one of the three defendants originated the loan and holds the note to this day. The other two defendants have absolutely no relation to the loan at issue. They did not own the loan and they did not take any action with regard to the loan. Pinson has failed to allege causes of action for purposes of a motion to dismiss and now has failed to overcome the entry of a summary judgment. For the reasons stated herein and in the Defendants prior filings, judgment should be entered in favor of the Defendants.

**GRAYROBINSON, P.A.**
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Telephone:    (954) 761-8111
Facsimile:     (954) 761-8112
*Counsel for Defendants*

s/ Jeffrey T. Kuntz
Jeffrey T. Kuntz, Fla. Bar No. 26345
Michael D. Lessne, Fla. Bar No. 0073881
michael.lessne@gray-robinson.com
jkuntz@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of February, 2015, a true copy of the foregoing was served (a) electronically upon all parties that have registered for the CM/ECF service list and (b) by first class mail and email to:

>John Pinson
>526 Westwood Road
>West Palm Beach, FL 33401
>john@pinson.com

>**GRAYROBINSON, P.A.**
>401 E. Las Olas Blvd., Suite 1000
>Fort Lauderdale, FL  33301
>Telephone:     (954) 761-8111
>Facsimile:     (954) 761-8112
>*Counsel for Defendants*
>
>s/ Jeffrey T. Kuntz
>Jeffrey T. Kuntz, Fla. Bar No. 26345
>Michael D. Lessne, Fla. Bar No. 0073881
>michael.lessne@gray-robinson.com
>jkuntz@gray-robinson.com

\823538\5200