# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY __ABM__
Apr 26, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIA

April 26, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 15-11772-AA
Case Style: John Pinson v. JPMorgan Chase Bank, NA, et al
District Court Docket No: 9:13-cv-80720-KAM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 15-11772

_____

District Court Docket No.
9:13-cv-80720-KAM

JOHN PINSON,

            Plaintiff - Appellant,

versus

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
a financial institution,
CPCC DELAWARE BUSINESS TRUST,
An unknown entity,
a.k.a. CPCC Delaware Statutory Trust,
JPMORGAN CHASE & CO,

            Defendants - Appellees,

LAW OFFICES OF MARSHALL C. WATSON, P.A.,

            Defendant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 28, 2016
For the Court: AMY C. NERENBERG, Acting Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 04/26/2016**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11772
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80720-KAM

JOHN PINSON,

                                                                      Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
a financial institution,
CPCC DELAWARE BUSINESS TRUST,
An unknown entity,
a.k.a. CPCC Delaware Statutory Trust,
JPMORGAN CHASE & CO,

                                                             Defendants-Appellees,

LAW OFFICES OF MARSHALL C. WATSON, P.A.,

                                                                       Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This lawsuit stems from a residential mortgage John Pinson gave JPMorgan Chase Bank, NA (Chase) on December 23, 2005, to secure a debt in the sum of $202,000, and concerns seven letters sent to Pinson about the mortgage and one visit a lawyer made to his residence.[1]  On July 26, 2013, Pinson, proceeding *pro se*, brought this action against Chase, JPMorgan Chase & Co. (JPMorgan) and CPCC Delaware Business Trust (CPCC)[2] seeking damages under the Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. § 1692.  After the district court converted the defendants' motion to dismiss Pinson's second amended complaint to a motion for summary judgment, it granted the defendants summary judgment.[3]  Pinson appeals.  We affirm.

---

[1] Four of the letters were communications from Pinson and are irrelevant.
[2] Pinson also sued a law firm engaged by Chase to collect a debt he owed.  He subsequently dismissed that defendant from the case.
[3] Invoking the district court's supplemental jurisdiction under 28 U.S.C. § 1367, Pinson also sought relief under the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72.  After entering judgment against Pinson on the FCCPA claims, the court declined to exercise supplemental jurisdiction and dismissed the § 559.72 claims without prejudice.

I.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). We accept the complaint's allegations as true and construes them in the light most favorable to the plaintiff. *Id.* The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Further, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. at 1974.

To state a plausible FDCPA claim, "a plaintiff must allege, among other things, (1) that the defendant is a debt collector and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). Obligations to pay a residential mortgage qualify as "debt" for purposes of the FDCPA. *Id.* at 1216-17. When determining whether a communication is "in connection with the collection of any debt," courts look to the language of the letters in question---specifically to statements that demand payment and discuss additional fees if payment is not tendered. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014); *see also Reese*, 678 F.3d at 1217. A communication can have more than one purpose---for

3

example, providing information to a debtor as well as collecting a debt. *Reese*, 678 F.3d at 1217. A demand for payment need not be expressed. A letter may imply a demand for payment if it states the amount of the debt, describes how the debt may be paid, provides the phone number to call and address to send the payment to, and expressly states that the letter is for the purpose of collecting a debt. *Caceres*, 755 F.3d at 1303 n.2.

We conclude that Pinson's second amended complaint failed to allege that JPMorgan or CPCC attempted to collect a debt, and thus, did not sufficiently plead facts to state a FDCPA claim. *Reese*, 678 F.3d at 1216. The second amended complaint made the general statement that CPCC and JPMorgan were debt collectors for purposes of the FDCPA, and that JPMorgan directly or indirectly engaged in the collection of an alleged debt for a third party, but it did not allege any specific actions taken by either CPCC or JPMorgan. Thus, Pinson failed to allege that any "challenged conduct [was] related to debt collection" because his complaint lacked any facts about CPCC or JPMorgan's conduct as it related to him or his debt. *Id.*

II.

We review the grant of summary judgment *de novo*. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008). "Summary judgment is rendered 'if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* In making this assessment, we must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant. *Id.*

The party moving for summary judgment bears the initial burden of establishing the absence of a dispute over a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-moving party, who may not rest upon mere allegations, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

The FDCPA imposes civil liability on "debt collectors" for certain prohibited debt-collection practices. *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1299 (11th Cir. 2012). The FDCPA defines a "debt collector," in relevant part, as one who engages "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."
15 U.S.C. § 1692a(6); *Harris*, 702 F.3d at 1302. The term "debt collector" as used in the FDCPA does not include "any person collecting or attempting to collect any

5

debt owed or due or asserted to be owned or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F).

Rule 902(4) of the Federal Rules of Evidence states that "a copy of an official record—or a copy of a document that was recorded or filed in a public office as authorized by law—if the copy is certified as correct by the custodian or another person authorized to make the certification" is self-authenticating. Fed. R. Evid. 902(4).

We find no error in the district court's decision granting summary judgment on Pinson's FDCPA claim against Chase. First, Chase presented a certified copy of the mortgage, filed in Palm Beach County, Florida, showing that Pinson borrowed funds from it in December 2005. While Pinson argues that the mortgage was not authenticated, as a certified copy of a public record it is self-authenticating. Fed. R. Evid. 902(4). In short, Chase was the lender on Pinson's mortgage.

Second, because Chase was the lender, Pinson's argument that Chase was a debt collector for purposes of the FDCPA fails. Section 1692a(6)(F) exempts original creditors, such as Chase, from its definition of debt collector. 15 U.S.C. § 1692a(6)(F). Third, the district court did not improperly disregard an affidavit supplied by Pinson in opposition to summary judgment. At the summary judgment

6

hearing, the court thoroughly considered the affidavit and questioned Pinson as to its contents, giving him the opportunity to explain the affidavit and what triable issues it created. Pinson's unsupported statement that he did not believe Chase was the originator of his loan was insufficient to create a triable issue of fact.

For the foregoing reasons, the district court's summary judgment is AFFIRMED.[4]

---

[4] Pinson contends that the court abused its discretion in denying him an opportunity to amend his second amended complaint. The amendment would have been futile; hence, no abuse of discretion occurred.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 28, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-11772-AA
Case Style: John Pinson v. JPMorgan Chase Bank, NA, et al
District Court Docket No: 9:13-cv-80720-KAM

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call David L. Thomas, AA at (404) 335-6169.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs